UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC<br>d/b/a SINGOTA SOLUTIONS,<br><br>    Plaintiff,<br><br>    v.<br><br>JASPREET ATTARIWALA,<br>SIMRANJIT JOHNNY SINGH<br>  a/k/a SIMRANJIT J. ATTARIWALA<br>  a/k/a SIM J. SINGH,<br><br>    Defendants. | No. 1:19-cv-01745-SEB-TAB |

**ORDER ON DEFENDANT JASPREET ATTARIWALA'S
MOTION TO VACATE STATE COURT'S CONTEMPT ORDER
AND QUASH BENCH WARRANT**

**I.    Introduction**

This matter is before the Court on Defendant Jaspreet Attariwala's Motion to Vacate State Court's Contempt Order and Quash Bench Warrant and Brief in Support [Filing No. 48]. As explained below, Attariwala's motion is granted in part and denied in part. In relation to the bench warrant, the motion is denied as moot, because the warrant has since expired. But Attariwala's motion is granted as it relates to the state court's written contempt order, because the order was issued after removal, when the state court no longer had jurisdiction.

## II. Background

This Court summarized the procedural history of this matter in its order on August 30, 2019, requesting additional briefing [Filing No. 71]:

> This case originated in state court. While this case was pending there, Defendant Jaspreet Attariwala failed to appear for a contempt hearing. The state court ordered a bench warrant for Attariwala's arrest. At the contempt hearing, the state court found Attariwala in direct contempt and directed counsel for Plaintiff to submit a proposed order. Plaintiff allegedly submitted a proposed order on April 29, 2019. [Filing No. 59-1, at ECF p. 5.] On April 30, 2019, Attariwala filed a notice of removal in federal court. On May 1, 2019, Attariwala certified that a copy of the notice of removal was filed with the Clerk of the Monroe County Circuit Court on April 30 as well. The state court issued its written order finding Attariwala in contempt on May 6, 2019. Attariwala now asks this Court to vacate and quash the contempt order and bench warrant issued in the state court proceeding. [Filing No. 48.]

The Court sought additional briefing on the issue of whether the bench warrant had an expiration date. [Filing No. 71.] The parties responded and both acknowledged that the bench warrant, dated April 18, 2019, states on its face that it will expire after 180 days. [Filing No. 15-5.] Thus, it expired on October 15, 2019. The Court, therefore, denies Attariwala's motion to quash the bench warrant as moot.

## III. Discussion

As noted above, the bench warrant issue is now moot. However, as both sides assert, the state court's May 6 order on contempt did not contain an expiration date. Accordingly, though the Court was "reluctant to delve into the thorny state law issue that has been presented" [Filing No. 71, at ECF p. 2.], it must do so since this issue will not simply go away on its own.

Attariwala argues that the state court's contempt order should be vacated for lack of jurisdiction because it was entered after she filed her notice of removal to this Court. [Filing No. 48-1, at ECF p.4.] Plaintiff Bioconvergence, LLC, counters that the state court orally found Attariwala in contempt on April 18, 2019, twelve days before Attariwala removed the action and

when the state court still had jurisdiction. [Filing No. 59, at ECF p. 1.] Bioconvergence characterizes the state court's written order as simply a "ministerial act" memorializing its prior oral findings, which could be completed following removal. [Filing No. 59, at ECF p. 2.]

Title 28, Section 1446(d) of the United States Code states:

(d) Notice to adverse parties and State court.—Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Thus, when a case is removed from state to federal court, jurisdiction of the state court generally ceases unless and until the case is remanded. *See, e.g., Fenton v. Dudley*, 761 F.3d 770, 772 (7th Cir. 2014) ("As a preliminary matter, we note that the Cook County Circuit Court's decision to enter an injunction after the case had been removed to federal court is clearly contrary to 28 U.S.C. § 1446(d), which provides that, once a defendant has filed a notice of removal with the state court, the state court may proceed no further unless and until the case is remanded." (Internal citation, quotation marks, and emphasis omitted)).

Attariwala cites to decisions in other districts that have quashed state court entries that were made after the matter was removed to federal court. *See, e.g., Warren v. Fed. Reserve Bank of Chicago*, No. 17-CV-13256, 2018 WL 4854678, at *6 (E.D. Mich. July 18, 2018) ("Here, Defendant removed this matter from the state court to this court on October 4, 2017. The state court then entered the writ of garnishment at issue on October 20, 2017. Thus, the state court lacked jurisdiction over this matter at the time it entered the Writ of Garnishment, the Writ of Garnishment is void, and it should be vacated."), *adopted by* No. 17-13256, 2018 WL 4103365 (E.D. Mich. Aug. 28, 2018); *Vigil v. Mora Indep. Schs.*, 841 F. Supp. 2d 1238 (D. N.M. 2012) (quashing state court notice of non-jury trial entered after removal to federal court).

However, Bioconvergence relies on *Pebble Creek Homes, LLC vs. Upstream Images, LLC*, 547 F. Supp. 2d 1214 (D. Utah 2007), to counterargue that the state court's written order in this case was valid because it was nothing more than a ministerial act memorializing the court's earlier oral finding of contempt. In *Pebble Creek Homes*, a Utah district court found a written state court order entered two days after a notice of removal was one such valid ministerial act. *Id.* at 1218. The court, relying on Sixth Circuit decision *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687 (7th Cir. 1999), concluded:

> Because this final, essentially clerical task in no way affected the merits of the already-adjudicated issue disputed by the parties, . . . the state court order does not violate § 1446(d). To hold otherwise would enable defendants to effectively nullify dispositive rulings made at state court hearings by rushing to remove the case before the administrative entrance of the written version of the decision.

*Pebble Creek Homes*, 547 F. Supp. 2d at 1218-19. *See also Wright v. American National Property and Casualty Company*, No. CIV-16-149-D, 2016 WL 2622015, at *1 n.1 (W.D. Okla. May 6, 2016) ("It is generally true that removal of a state action to federal court immediately divests the state court of jurisdiction. However, despite the statute's seemingly sweeping prohibition against further state involvement, federal decisions have held state courts are not prohibited from taking ministerial steps that do not affect the adjudication of the removed action." (Internal citations omitted)); *Read v. Deutsche Bank Nat'l Tr. Co.*, No. B42319, 2013 WL 3212412, at *2 (Cal. Ct. App. June 25, 2013) ("The merits of the dispute between Read, Duetsche [sic] Bank, and OWB were resolved before removal. Judge Anderle performed a ministerial function when he signed the formal order and entered judgment.").

*Pebble Creek Homes* has been distinguished in other state and federal courts. *See, e.g., Jacobs v. Acacia Chattanooga Vehicle Auction, Inc.*, No. 10AP-1071, 2011 WL 3210061, at *3 (Ohio Ct. App. July 28, 2011) ("Contrary to Pebbly [sic] Creek Homes, this court has rejected an

4

argument that journalization of the court's entry is a mere formality. When we apply the well-established general rule that a court speaks only through its journal, plaintiff's argument fails. Because the trial court did not journalize its judgment entry until after defendants filed the notice of removal in federal court and their notice of such in the trial court, the trial court lacked jurisdiction to enter judgment for plaintiff on the cognovit note." (Internal citations, quotation marks, and brackets omitted)); *Preferred Rehabilitation, Inc. v. Allstate Ins. Co.*, No. 09-CV-11409, 2010 WL 3488673, at \*5 (E.D. Mich. Sept. 1, 2010) (post-removal order entered a year later was "not merely ministerial because the substantive rights of the parties were affected."). The Eastern District of Michigan noted as another compelling reason for concluding that the order at issue was not a mere ministerial act: "Judge Murphy's April 2, 2010, order was not merely a written embodiment of the April 2009 bench order." *Preferred Rehabilitation*, No. 09-CV-11409, 2010 WL 3488673, at \*5.

The logic behind the *Pebble Creek Homes* decision is arguably applicable here—there are facts alleged which indicate that Attariwala may have rushed to file her notice of removal to this Court after receiving the proposed written order at issue, which is the type of conduct that court sought to discourage. *See Pebble Creek Homes*, 547 F. Supp. 2d at 1219. But *Pebble Creek Homes*, a Utah district court decision, is not binding on this Court. *See, e.g., Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987) ("district judges in this circuit must not treat decisions *by other district judges,* in this and *a fortiori* in other circuits, as controlling, unless of course the doctrine of res judicata or of collateral estoppel applies. Such decisions will normally be entitled to no more weight than their intrinsic persuasiveness merits.").

Moreover, there are additional factors at play in this case that distinguish it from *Pebble Creek Homes*. The present case is further complicated by the fact that the underlying order

5

relates to a state court finding of contempt, which is governed by the Indiana Code and subject to specific procedural requirements.[1] *See generally* I.C. 34-47-2-4. The code requires that the court's order on the contempt state in writing the allegations of contempt, the defendant's response, and the court's judgment on the matter. *Id.* Here, while the show cause hearing was held prior to removal, that requisite written order was not entered by the state court until after Attariwala filed her notice of removal to federal court. Additionally, as Bioconvergence acknowledges[2], the May 6 written order addressed more than just the finding of contempt. The order added a judgment of default, an award of attorneys' fees, and a dismissal of a counterclaim with prejudice. [Filing No. 15-6.] Therefore, the order in this case—unlike *Pebble Creek Homes*—was substantive, not just ministerial. Thus, because the state court lacked jurisdiction at the time the order was entered, Attariwala's motion to vacate the state court's contempt order is granted.

---

[1] Attariwala does not specifically raise an argument about the procedural requirements until her reply brief [Filing No. 60], which is generally not allowed. *See, e.g., Commissioning Agents, Inc. v. Long*, 143 F. Supp. 3d 775 (S.D. Ind. 2015) ("Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief."). But Attariwala does cite this section of the Indiana Code in her original motion to quash when arguing that the bench warrant was legally defective because it failed to set an amount of bail. [Filing No. 48-1, at ECF p. 5.] In addition, the Court has already granted Bioconvergence's motion for leave to submit a sur-reply in order to address this very argument. [Filing No. 69.] Thus, the Court concludes that the argument is developed enough to at least briefly address it.

[2] Bioconvergence suggests in both its response and sur-reply that the Court could simply modify the trial court's order by striking the differences between the written order and the court's oral renditions. [Filing No. 59, at ECF p. 22; Filing No. 63-1, at ECF p. 5.] The Court declines to do so because of the substantive nature of the order as a whole and instead vacates the order it in its entirety.

## IV. Conclusion

In sum, Attariwala's motion to vacate the state court's contempt order and quash the state court's bench warrant [Filing No. 48] is granted in part and denied in part. The motion to quash the bench warrant is denied as moot, but the motion to vacate the state court's contempt order is granted because it was entered after the state court no longer had jurisdiction.

Date: 10/23/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email