UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BIOCONVERGENCE LLC<br>   d/b/a SINGOTA SOLUTIONS, | ) ) ) ) | |
|              Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01745-SEB-TAB |
| JASPREET ATTARIWALA,<br>SIMRANJIT JOHNNY SINGH<br>   a/k/a SIMRANJIT J. ATTARIWALA<br>   a/k/a SIM J. SINGH, | ) ) ) ) ) | |
|              Defendants. | ) ) | |
| JASPREET ATTARIWALA, | ) ) ) | |
|              Counter Claimant, | ) ) | |
| v. | ) ) | |
| BIOCONVERGENCE LLC, | ) ) | |
|              Counter Defendant. | ) | |

## **PRELIMINARY INJUNCTION**

The Court orders as follows:

### **I.    State Court's Preliminary Injunction**

The terms of the state court's preliminary injunction order are incorporated herein by reference and shall remain in full force and effect while this action is pending or until such time that the Court determines that the preliminary injunction may be lifted.

## II. Treatment of Singota's Confidential Information

Defendant Jaspreet Attariwala, and all persons in active concert or participation with her, are hereby <u>PRELIMINARILY ENJOINED</u>, until further order of this Court, from possessing, transmitting, using, copying, or disclosing to others Singota's confidential information or trade secrets. Ms. Attariwala, and all persons in active concert or participation with her, shall not hold, hide, use, or retain any of Singota's confidential information or trade secrets, nor shall they create, possess, or control any documents or other works derived from Singota's documents.

## III. Production of Accounts and Devices

No later than ten days following the entry of this Order, Ms. Attariwala, and all persons in active concert or participation with her, shall provide Rebecca Green with access to all email accounts and online storage accounts identified as outstanding in Ms. Green's December 3, 2019 report, Dkt. 111-1. Ms. Attariwala, and all persons in active concert or participation with her, shall also disclose and provide complete access to any other unidentified email and online storage accounts in her possession, custody, or control as well any accounts with which she has shared, transmitted, or copied Singota's confidential information.

At the same time that Ms. Attariwala provides access to the accounts described in the preceding paragraph, she, and all persons in active concert or participation with her, shall produce to Ms. Green all outstanding computers, tablets, mobile phones, and storage devices identified in Ms. Green's December 3, 2019 report, Dkt. 111-1. Ms. Attariwala, and all persons in active concert or participation with her, shall also disclose and produce

all other unidentified devices in her possession, custody, or control as well any devices with which she has shared, transmitted, or copied Singota's confidential information.

Ms. Green is permitted to conduct an inspection of the produced accounts and devices pursuant to the terms of the state court's Inspection Order, which is incorporated herein by reference.

If Ms. Attariwala is unable to produce any of the outstanding accounts and devices identified by Ms. Green, she shall provide evidence in a proper verifiable form that she no longer has access to or possession of the accounts or devices of which she is unable to produce, and that no third party to whom she may have distributed Singota's confidential information continues to retain the accounts or devices in derogation of her requests that they be produced to Singota. She shall also indicate whether she has ever shared, copied, or transmitted any of Singota's confidential information to any account or device that she is unable to produce, and if so, provide proper assurances that she, nor any third party to whom she may have shared Singota's confidential information, continues to possess or maintain access to such information.

### IV.  Enjoinment from Work at Emergent

Ms. Attariwala is hereby <u>PRELIMINARILY ENJOINED</u> from being employed in any capacity by or with Emergent or any other competitor of Singota until she provides evidence in a proper verifiable form: that she has surrendered to Singota all the Singota documents she wrongfully took as well as all accounts and devices to which she copied, transmitted, disclosed, or shared Singota's documents;  that she no longer has access to or

possession of Singota's confidential information and trade secrets in any form; and that no third party to whom she may have distributed these documents, or the confidential information therein, continues to retain them in derogation of her requests that they be returned to Singota.

## V.    Extension of Work Restrictions

In the event that Ms. Attariwala, upon presenting to the Court in a proper verifiable form that she has fully complied with this Order, is relieved of the restrictions in Paragraph IV of the Order, but expert analysis reveals that Ms. Attariwala, in contravention of her representations to Plaintiff and the Court, has failed to disclose or produce accounts or devices that are proven to contain Singota's confidential information, the restrictions in Paragraph IV will be reinstated and remain in effect until a proper evidentiary showing can be made that no piracy occurred, for a time period of no less than one month from the date the account or device was discovered.

## VI.    Notice to Those in Active Concert and Participation

Ms. Attariwala is ordered to disclose the terms of this Order to all those in active concert and participation with her, including but not limited to her husband, Simranjit Johnny Singh, aka Simranjit J. Attariwala, aka Sim J. Singh, and all persons holding management positions at Emergent who oversee Ms. Attariwala's employment. She is further ordered to clearly and explicitly request, direct, instruct, and take all actions within her power to cause these individuals, including those specifically identified, to comply with the terms of this Order, and any and all other such persons whose

knowledge of and compliance with these requirements and restrictions are necessary to give them full effect.

IT IS SO ORDERED.

Date: 12/18/2019

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Cynthia A. Bedrick
MCNEELY STEPHENSON (Shelbyville)
cabedrick@msth.com

Jody M. Butts
MCNEELY STEPHENSON THOPY & HARROLD
jmbutts@msth.com

Jason Donald Clark
MCNEELY STEPHENSON (Shelbyville)
jason.d.clark@msth.com

Susan H. Jackson
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
susan.jackson@ogletree.com

Paul L. Jefferson
MCNEELY STEPHENSON
Paul.L.Jefferson@msth.com

Erik Christopher Johnson
MCNEELY STEPHENSON (Indianapolis)
erik.c.johnson@msth.com

Christopher C. Murray  
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)  
christopher.murray@ogletreedeakins.com