IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:19-cv-01745-SEB-TAB |
| ) | |
| JASPREET ATTARIWALA AND ) | |
| SIMRANJIT JOHNNY SINGH a/k/a ) | |
| SIMRANJIT J. ATTARIWALA a/k/a ) | |
| SIM J. SINGH, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR ORDER DECLARING THAT BANKRUPTCY AUTOMATIC STAY DOES NOT APPLY TO MOTION FOR SUMMARY JUDGMENT ON COUNTER CLAIMANT JASPREET ATTARIWALA'S COUNTERCLAIM OR TO RELATED MOTION FOR RULE 11 SANCTIONS**

Counter Defendant BioConvergence, LLC d/b/a Singota Solutions ("Singota'), by counsel, respectfully moves the Court to enter an order declaring that the Bankruptcy Code's automatic stay does not apply to Singota's contemporaneously filed motion for summary judgment on Counter Claimant Jaspreet Attariwala's Counterclaim or to Singota's related motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").  In support of this Motion, Singota states:

**I.     Relevant Procedural History**

1.     On February 27, 2019, Singota filed a Complaint in the Monroe Circuit Court (the "State Court") alleging a number of claims against Jaspreet Attariwala ("Attariwala") related to her misappropriation of Singota's Confidential Information from its computers, servers, and email system, as well as her breach of her Employment Agreement with Singota. [Doc. #9-1]

2. On March 14, 2019, Attariwala filed her Answer to Plaintiff's Verified Complaint for Injunctive Relief and Damages, Affirmative Defenses, and Counterclaim. [Doc. #4-1, PageID#: 117] Attariwala's Counterclaim asserts three causes of actions against Singota: (1) violations of the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 et. seq.; (2) breach of contract; and (3) tortious interference with a contractual relationship.

3. On April 30, 2019, Attariwala removed this matter to Federal Court. [Doc. #1]

4. On June 18, 2019, Singota filed its First Amended Verified Complaint for Injunctive Relief and Damages. [Doc. #30]

5. On August 8, 2019, Attariwala filed her Answer to Plaintiff's First Amended Verified Complaint for Injunctive Relief and Damages, Affirmative Defenses, and Counterclaim (the "Counterclaim"), which asserted virtually identical claims and allegations against Singota as were previously asserted in the State Court. [Doc. #57]

6. On December 10, 2019, Singota sent a "Safe Harbor" letter under Rule 11 and draft motion to Attariwala and her counsel demanding that she dismiss her Counterclaim with prejudice.

7. On December 17, 2019, Attariwala filed for bankruptcy in the United States Bankruptcy Court for the District of Columbia. [Doc. #123]

8. On December 31, 2019, Attariwala's counsel sent Singota a letter claiming the bankruptcy stay barred Singota from moving for Rule 11 sanctions with respect to Attariwala's filing and pursuing the Counterclaim. A true and accurate copy of that letter is attached hereto as Exhibit 1.

9. Contemporaneous with the filing of this Motion, Singota moves for summary judgment on Attariwala's Counterclaim and for sanction under Fed. R. Civ. P. 11.

**II.     This Court has jurisdiction to determine whether the automatic stay applies.**

10.     The filing of a bankruptcy petition operates as a stay applicable to claims "against the debtor" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11. U.S.C. §§ 362(a)(1), (a)(3).

11.     "The court where the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question of whether the proceeding pending before it is subject to Bankruptcy Code's automatic stay." Exclusive or concurrent jurisdiction of bankruptcy judges—Determining applicability of stay—Bankruptcy judges' jurisdiction is not exclusive, 2B Bankr. Service L. Ed. § 19:57 (collecting cases). *See also In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir.1985) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court or court of appeals is an issue of law within the competence of both the court within which the litigation is pending ... and the bankruptcy court."); *In re Stieg*, 509 B.R. 148, 151 (Bankr. S.D. Ohio 2014) ("Non-bankruptcy courts may determine the applicability of the stay. If a non-bankruptcy court concludes that an exception applies, it may proceed with litigation."); *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803 (Bankr. N.D. Ill. 2005) ("Nonbankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed pursuant to § 362.").

**III.    Attariwala's bankruptcy petition did not stay Attariwala's Counterclaim.**

12.     As noted above, the filing of a bankruptcy petition operates as a stay applicable to claims "***against*** the debtor" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11. U.S.C. §§ 362(a)(1), (a)(3) (emphasis added).

13. It is well established that the filing of a bankruptcy petition therefore does ***not*** operate to stay a ***debtor's*** claims or counterclaims against others, and the defendant in such a suit may move to dismiss the debtor's claim without violating the automatic stay. *See e.g.*, *Martin-Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989) ("There is . . . no policy of preventing persons whom the bankrupt has sued from protecting their legal rights. . . . [T]he defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it[.]"); *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C. Cir. 1991) ("[S]omeone defending a suit brought by the debtor does *not* risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights asserted by the bankrupt.") (emphasis in original); *In re United States Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) ("[C]ounterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay. If a debtor's offensive claims are not subject to the automatic stay, a fortiori a creditor's motion to . . . seek summary judgment of such non-stayed claims is not subject to the automatic stay.").

14. Attariwala's bankruptcy petition did not stay Attariwala's Counterclaim against Singota. Therefore, this Court has authority to adjudicate Singota's concurrently filed Motion for Summary Judgment on her Counterclaim notwithstanding Attariwala's bankruptcy filing.

**IV.** **Singota's Rule 11 motion relating to Attariwala's filing and maintaining her Counterclaim is not subject to the automatic stay.**

15. In addition, proceedings to impose sanctions under Rule 11 are exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4) exempting actions brought pursuant to governmental police or regulatory powers. *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993).

16. In *Alpern*, the Seventh Circuit held that proceedings to impose sanctions under Rule 11 are exempt from the automatic stay under § 362(b)(4). *Alpern*, 11 F.3d at 690. The court reasoned that Rule 11 "directs the imposition of sanctions for unprofessional conduct in litigation,

and while the form of sanction is often . . . an order to pay attorney's fees to the opponent in the litigation, it is still a sanction." *Id*. Because the Rule 11 sanction is "meted out by a governmental unit, the court, though typically sought by a private individual," the "private enforcer . . . can be viewed as an agent of the 'governmental unit,' the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior." *Id*. The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4). *Id*. (internal citation omitted).

17.    *Alpern* remains binding precedent and is consistent with case law from around the country. *See e.g., Infante v. Portfolio Recovery Assocs., LLC*, No. 15 C 10596, 2017 U.S. Dist. LEXIS 86631, at n.1 (N.D. Ill. Jan. 25, 2017) (finding that plaintiff's bankruptcy filing "has no impact on this [Rule 11] motion . . . because motions for sanctions are exempt from the automatic stay"); *In re Betts*, 165 B.R. 233, 241 (Bankr. N.D. Ill. 1994) (finding show cause proceeding analogous to exception from automatic stay in the context of Rule 11 sanctions); *Maritan v. Todd*, 203 B.R. 740 (N.D. Okla. 1996) (holding that bankruptcy filing did not stay appeal of Rule 11 sanction); *O'Brien v. Fischel*, 74 B.R. 546, 550 (D. Haw. 1987) (holding that Rule 11 sanctions were not stayed by Chapter 13 bankruptcy filing); *Petrano v. Nationwide Mut. Fire Ins. Co.*, Case No. 1:12-cv-86-SPM-GRJ, 2013 U.S. Dist. LEXIS 29191, at *8 (N.D. Fla. Mar. 4, 2013) (relying on *Alpern* to conclude that Rule 11 sanctions issued against debtor were not subject to the automatic stay); *Keitel v. Heubel*, 103 Cal. App. 4th 324, 336 (2002) (finding that bankruptcy petition did not prevent court from imposing sanctions for frivolous appeal); *Janis v. Janis*, 684 N.Y.S. 2d 426, 433 (2002) (holding that trial court could impose sanctions for frivolous lawsuit notwithstanding bankruptcy petition).

18.    In Attariwala's December 31, 2019 letter, she argues that a motion for sanctions would violate the automatic stay. Attariwala is incorrect. The cases cited by Attariwala in support

5

of her position are inapplicable: both involved sanctions against a debtor for discovery sanctions in the context of *offensive* efforts by a creditor to collect on a judgment, as opposed to Rule 11 sanctions against a debtor for pursuing a frivolous claim. *See e.g., In re Harris*, 592 B.R. 750, 756 (Bankr. N.D. Ga. 2018) (refusing to apply the reasoning of *Alpern* in the context of a motion for discovery sanctions that was filed while pursuing collection of a judgment against the debtor); *In re Benalcazar*, Case No. 02 B 06685, 2002 Bankr. LEXIS 1240, at *50 (N.D. Ill. Aug. 15, 2002) (distinguishing *Alpern* because the contempt sanction was issued for the debtor's failure to cooperate in the discovery process in post-judgment collection proceedings).

19.     The courts in *Harris* and *Benalcazar* both stressed that their rulings could be harmonized with the ruling *Alpern*:

> [R]egardless of the impact of *Alpern* on Rule 11 proceedings, it has no application to the present case because of the second element of § 362(h). **Alpern stresses that Rule 11 sanctions are always punitive, designed primarily to punish and deter the frivolous pleadings that are subject to the rule. That goal can reasonably be seen as the pursuit of a regulatory government interest subject to the police power exception.** [Creditor's] civil contempt proceedings against [debtor], in contrast, were . . . primarily designed to compel [debtor] to provide information that would assist [creditor] in collecting a judgment—a private pecuniary goal. *Alpern* cannot be read to except from the automatic stay private judgment enforcement efforts[.]

*Benalcazar*, 2002 Bankr. LEXIS 1240, at * 49–50.

> The sanctioning of an attorney or pro se litigant by a court for filing a frivolous lawsuit or appeal under Rule 11 or similar rule is more in the nature of an exercise of its regulatory powers and, therefore, could arguably fall within the exception carved out by § 362(b)(4).

*Harris*, 592 B.R. at 756.

20.     Singota's Rule 11 motion relating to Attariwala's filing and maintaining of her Counterclaim is not barred by the automatic stay.

**WHEREFORE**, Plaintiff BioConvergence, LLC d/b/a Singota Solutions respectfully requests that this Court enter an Order declaring that the bankruptcy automatic stay does not apply

to Singota's Motion for Summary Judgment on Defendant Jaspreet Attariwala's counterclaim or Singota's related motion for Rule 11 sanctions and awarding it all other relief that the Court deems appropriate.

        Respectfully submitted

        /s/  Christopher C. Murray
        Christopher C. Murray, Atty. No. 26221-49
        Susan H. Jackson, Atty. No. 0090924 (OH)
        Justin A. Allen, Atty. No. 31204-49
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        111 Monument Circle, Suite 4600
        Indianapolis, Indiana  46204
        Telephone:  317.916.1300
        Facsimile:  317.916.9076
        *christopher.murray@ogletree.com*
        *susan.jackson@ogletree.com*
        *justin.allen@ogletree.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system.

    Paul L. Jefferson
    *Paul.L.Jefferson@msth.com*

    Erik C. Johnson
    *Erik.C.Johnson@msth.com*

    Jody M. Butts
    *Jody.M.Butts@msth.com*

    Cynthia A. Bedrick
    *Cynthia.A.Bedrick@msth.com*

    Jason D. Clark
    *Jason.d.clark@msth.com*

        /s/  Christopher C. Murray

41487336.1

# EXHIBIT A

| | |
|---|---|
| **From:** | Jason.D.Clark <Jason.D.Clark@msth.com> |
| **Sent:** | Tuesday, December 31, 2019 5:31 PM |
| **To:** | Murray, Christopher C. |
| **Cc:** | Paul.L.Jefferson; Cynthia.A.Bedrick |
| **Subject:** | Correspondence from Paul Jefferson |
| **Attachments:** | Letter to C. Murray - Rule 11 Response (00584028xC5A6D).docx |

Mr. Murray,

Please see the attached correspondence from Paul Jefferson.

Thank you,



McNeely Stephenson

www.msth.com

**Jason D. Clark**
Attorney

Direct:   317.825.5170
Office:   317.825.5110
Fax:      317.825..5109

Jason.D.Clark@msth.com

2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176

NOTICE: This electronic mail transmission is for the use of the named individual or entity to whom it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email, so that our address record can be corrected.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



PAUL L. JEFFERSON
317-828-5302
Paul.L.Jefferson@msth.com

December 31, 2019

**Via Email and U.S. Mail**

Christopher C. Murray
Ogletree Deakins Nash Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
Christopher.Murray@ogletree.com

  Re: *BioConvergence, LLC v. Jaspreet Attariwala*,
     Case No. 1:19-cv-01745-SEB-TAB
     Response to your demand for dismissal pursuant to
     Federal Rule Civil Procedure 11

Mr. Murray,

I write in response to your December 10 letter concerning Federal Rule of Civil Procedure 11. As set out more fully below, I am unable to dismiss Jaspreet Attariwala's ("Jessie") wage claim against BioConvergence, LLC ("Singota"). Generally, any motion filed against Jessie will be subject to the automatic stay. The precedent cited in support of an exemption is distinguishable and, as more recent cases indicate, likely wrongly decided. Therefore, any motion for sanctions filed against will subject Singota to sanctions for a violation of 11 U.S.C. § 362. Furthermore, Jessie's wage claim is property of the estate and no action can be taken with respect to it without the approval of the trustee. Finally, even apart from the foregoing wrinkles created by bankruptcy law, Jessie's wage claim is not frivolous or groundless as to support a motion for sanctions under Rule 11.

Specifically, in light of Jessie's recent bankruptcy filing, we believe any Rule 11 motion filed in the above-referenced case would be a violation of the automatic stay. Given that your firm filed a motion requesting relief from the automatic stay in the bankruptcy court today, it seems you likely understand the broad reach and applicability of Section 362. Asking permission to continue the litigation in the District Court contradicts your argument that no such permission is necessary to proceed with your motion.

You did state in a recent email that you believe a motion for sanctions under Rule 11 is exempt from the automatic stay entirely, pursuant to *Alpern v. Lieb*, 11 F.3d 689 (7th Cir. 1993). However, given that the bankruptcy proceeding is under the jurisdiction of the Bankruptcy Court for the District of Columbia, it is that circuit's precedent that controls. There is no precedent for your


position in that jurisdiction. *Alpern* concerned a stay of an appeal from a sanctions motion that had already been granted. 11 F.3d at 689. The court in that case had already found, pre-bankruptcy, that sanctions were warranted. *Id*. That is not the case here. A more recent (and pertinent) case suggests that a Rule 11 proceeding is not exempt from the automatic stay and, moreover, that *Alpern* was poorly reasoned and wrongly decided. *See In re Harris*, 592 B.R. 750, 756-57 (Br. N.D. Georgia 2018) (noting several problems with *Alpern*'s reasoning). The court in *In re Harris* also noted that at least one other court in the Seventh Circuit seemed to disagree with *Alpern*. *Id.* at 758 ("it is clear that at least one bankruptcy judge in the Seventh Circuit – who was bound by its precedential authority – also did not agree with the reasoning of that case") (discussing *In re Benalcazar*, 283 B.R. 514, 532 (Bankr. N.D. Ill. 2002)). Exceptions to the automatic stay should be read narrowly, and the interpretation in *Alpern* "certainly seems anything but that." *In re Harris*, 592 B.R. at 757.

Filing a motion for sanctions would violate the automatic stay and would not be subject to an exemption under applicable law. Therefore, filing any such motion will cause Jessie to seek sanctions for your violation of the automatic stay.

In addition, it is important to note that, as of the commencement of the bankruptcy case, Jessie's wage claim does not belong to her—it is property of the bankruptcy estate under the control of the trustee. *U.S. v. Inslaw, Inc.*, 932 F. 2d 1467, 1471 (D.C. Cir. 1991). Jessie cannot dismiss it *or* pursue it further without the approval of the trustee. To do otherwise would constitute an attempt to exercise control over the property of the estate, which is itself a violation of the automatic stay. *See* 11 U.S.C. § 362(a)(3).

Finally, the substantive allegations of your motion must be addressed. If you review our demand letter, you will see that Jessie's wage claim is based on representations made to her by Singota management. We even noted in that initial letter that no bonus plan was put into place for 2018. It is hard to see how Jessie saying as much in her deposition renders her claim entirely frivolous. If you believed the lack of a bonus plan to be vindicating, it is curious that you did not move to dismiss that claim at any point before seeking sanctions. Again, Jessie's wage claim is not (and indeed never has been) based on the existence of a Singota bonus plan for 2018. Instead, it is based on the fact that the company promised her she would be compensated for her work as she had been in the past. This is the factual basis for the claim.

My firm satisfied its obligation to reasonably inquire into the facts and law of Jessie's wage claim. Our client informed us that Singota management made certain promises that supported a claim for unpaid commissions. Had discovery on Jessie's wage claim been conducted, we believe supporting information would have been found. Jessie's deposition testimony does not render her claim frivolous or groundless as to warrant sanctions. If you insist on filing your proposed motion, you should anticipate a corresponding motion for sanctions for violation of the automatic stay.

                                                 Respectfully,

                                                 Paul L. Jefferson