UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BIOCONVERGENCE LLC d/b/a SINGOTA SOLUTIONS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:19-cv-01745-SEB-TAB |
| JASPREET ATTARIWALA, SIMRANJIT JOHNNY SINGH a/k/a SIMRANJIT J. ATTARIWALA a/k/a SIM J. SINGH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| JASPREET ATTARIWALA, | ) ) | |
| Counter Claimant, | ) ) | |
| v. | ) ) | |
| BIOCONVERGENCE LLC, | ) ) | |
| Counter Defendant. | ) | |

**ORDER**

This cause is before the Court on Defendant Jaspreet Attariwala's Motion for Relief, [Dkt. 125], and Motion to Stay, [Dkt. 126], and Plaintiff's Motion to Modify Deadlines [Dkt. 139]. For the reasons set forth herein, Ms. Attariwala's Motion for Relief is **denied** and her Motion to Stay is **denied as moot.** Plaintiff's Motion to Modify Deadlines is **granted.**

1

**Background & Discussion**

I.   *Preliminary Injunction Proceedings*

As previously described by the Court, the facts and procedures leading to the current posture of this case are "both prolix and labyrinthine." Fortunately, they need only a brief review here.

On February 27, 2019, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Singota") filed suit against Ms. Attariwala, its former employee, in the Monroe Circuit Court I (Indiana), claiming in part that Ms. Attariwala had violated the Indiana Uniform Trade Secrets Act. Singota alleged that Ms. Attariwala had illicitly acquired Singota's confidential and trade secret information prior to her resignation. It sought a temporary restraining order and preliminary injunction to prevent Ms. Attariwala from misappropriating its trade secrets or using them for the benefit of her new employer—a direct competitor of Singota. The state court granted Singota's request for a temporary restraining order on February 28, 2019, and entered a stipulated preliminary injunction on March 4, 2019.

On April 30, 2019, following a series of contentious contempt hearings culminating in a contempt order against her, Ms. Attariwala removed the case to federal court.[1] Following removal, Singota reportedly continued to discover evidence of Ms. Attariwala's malfeasances, prompting Singota to move for a "further preliminary injunction" on October 10, 2019. With that motion, Singota sought an order

---

[1] Our subject matter jurisdiction has been established and explicated at Dkt. 121, 12-13.

supplementing the existing preliminary injunction entered by the state court. Singota specifically requested an order enjoining Ms. Attariwala from working for her current employer and Singota's direct competitor, Emergent BioSolutions, Inc. ("Emergent") as well as any other competitor, alleging that Ms. Attariwala had violated state court orders and was continuing to misappropriate Singota's trade secrets.

We granted Singota's motion following two hearings before the Court, finding that Singota had fulfilled all the elements necessary for preliminary injunctive relief and concluding that the existing state court preliminary injunction had not resulted in Ms. Attariwala's cooperation or compliance with those orders. Accordingly, we entered a preliminary injunction that, in summary: adopted the terms of the state court's preliminary injunction; enjoined Ms. Attariwala, and all those in active concert or participation with her, from possessing, transmitting, using, copying or disclosing to others Singota's confidential information or trade secrets; and ordered Ms. Attariwala, and all those in active concert and participation with her, to produce to Singota's forensic expert all e-mail accounts, online storage accounts, and storage devices identified as outstanding. Ms. Attariwala was further enjoined from working for any competitor of Singota until she provided evidence in a proper verifiable form that she no longer possessed nor retained access to any of Singota's confidential information or trade secrets. [Dkt. 121, 122] ("Preliminary Injunction Orders").

II.     *Bankruptcy Court Proceedings*

Approximately twenty minutes following the entry of our Preliminary Injunction Orders on December 18, 2019, Ms. Attariwala filed a Notice of Bankruptcy, notifying the Court that she had filed a Voluntary Chapter 13 Bankruptcy Petition on December 17, 2019. *In re Jaspreet Attariwala*, No. 19-00828 – SMT (D.D.C.). Pursuant to 11 U.S.C. § 362, this litigation, with respect to Ms. Attariwala, was automatically stayed.

Singota promptly moved the Bankruptcy Court to lift the automatic stay in order to allow this litigation to proceed. On January 29, 2020, the Bankruptcy Court entered its Order Granting, In Part, Singota's Motion for Relief from the Automatic Stay. The Bankruptcy Court ordered the annulment of the automatic stay in order to permit enforcement of our Preliminary Injunction Orders. The Bankruptcy Court, in lifting the automatic stay, did so "to allow Singota to proceed in Indiana Federal Court to seek and enforce Injunctive Relief against Ms. Attariwala." The Bankruptcy Court's order was without prejudice to any effort by Singota to seek relief from the automatic stay to liquidate its monetary claims against Ms. Attariwala. *Id.* at Dkt. 42.

III.    *Ms. Attariwala's Pending Motions*

On December 30, 2019, Ms. Attariwala filed in this Court a Motion to Vacate our Preliminary Injunction Orders, arguing that, because the Preliminary Injunction Orders were issued after she had filed her bankruptcy petition, and the automatic stay effected thereby pursuant to 11 U.S.C. §362, these orders were "void or voidable."

Given that the Bankruptcy Court lifted the automatic stay to allow for the enforcement of our Preliminary Injunctive Orders and to permit Singota to pursue

4

injunctive relief in our Court, Ms. Attariwala's argument has now been mooted by subsequent orders. Having provided no other reason for which we should vacate our Preliminary Injunction Orders, her Motion to Vacate is **denied.**

Ms. Attariwala's Motion to Stay seeks to "stay all proceedings" in our Court pursuant to the automatic stay under 11 U.S.C. § 362(a). Ms. Attariwala's Motion to Stay is also moot. The proceedings against her in this litigation were *automatically stayed* pursuant to the *automatic stay* that went into effect when her bankruptcy petition was filed. Moreover, the Bankruptcy Court has set the boundaries for this litigation following its order lifting the automatic stay. We shall therefore proceed with this litigation in accordance with those terms imposed by the Bankruptcy Court. Accordingly, Ms. Attariwala's Motion to Stay is **denied as moot.**

*IV.    Singota's Motion to Modify Deadlines*

As directed in the Bankruptcy Court's order, Singota has moved to "modify any deadlines" in the Preliminary Injunction "as [our] Court determines to be appropriate."

Only one provision of our Preliminary Injunction established a "deadline:" Paragraph III required Ms. Attariwala, and all those in active concert or participation with her, to take certain actions with the respect to the production (and surrender) of outstanding accounts and devices within ten days following the entry of our Preliminary Injunction Orders. Given our authority to effectuate these orders, and finding there is no just reason for further delay, Ms. Attariwala, and all those persons in active concert or participation with her, is hereby directed (again) to complete the assigned duties per Paragraph III of our Preliminary Injunction no later than **ten days** following the entry of

5

this Order. Ms. Attariwala, and all persons in active concert or participation with her, shall immediately comply with all other mandates as well as outlined in our Preliminary Injunction.

## CONCLUSION

Defendant Jaspreet Attariwala's Motion to Vacate [Dkt. 125] is **denied**. Her Motion to Stay [Dkt. 126] is **denied as moot.** Plaintiff's Motion to Modify Deadlines [Dkt. 139] is **granted.**

IT IS SO ORDERED.

Date: 02/04/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Cynthia A. Bedrick
MCNEELY STEPHENSON (Shelbyville)
cabedrick@msth.com

Jody M. Butts
MCNEELY STEPHENSON THOPY & HARROLD
jmbutts@msth.com

Jason Donald Clark
MCNEELY STEPHENSON (Shelbyville)
jason.d.clark@msth.com

Susan H. Jackson
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
susan.jackson@ogletree.com

Paul L. Jefferson
MCNEELY STEPHENSON
Paul.L.Jefferson@msth.com

Erik Christopher Johnson
MCNEELY STEPHENSON (Indianapolis)
erik.c.johnson@msth.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com