UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-01745-SEB-TAB ) |
| JASPREET ATTARIWALA, SIMRANJIT JOHNNY SINGH, | ) ) ) ) |
| Defendants. | ) ) |
| JASPREET ATTARIWALA, | ) ) |
| Counter Claimant, | ) ) |
| v. | ) ) |
| BIOCONVERGENCE LLC, | ) ) |
| Counter Defendant. | ) |

**ORDER MODIFYING PRELIMINARY INJUNCTION**

This cause is before the Court on Defendant Jaspreet Attariwala's "Response to Preliminary Injunction," [Dkt. 148], in which she requests that we modify our Preliminary Injunction entered on December 18, 2019. We modify the preliminary injunction in the manner prescribed herein.

**Discussion**

On February 27, 2019, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Singota") filed suit against Ms. Attariwala, its former employee, in the Monroe Circuit Court I (Indiana), claiming in part that Ms. Attariwala had violated the Indiana Uniform

1

Trade Secrets Act and breached her employment contract. Singota alleged that Ms. Attariwala had illicitly acquired Singota's confidential and trade secret information prior to her resignation. It sought a temporary restraining order and preliminary injunction to prevent Ms. Attariwala from misappropriating its trade secrets or using them for the benefit of her new employer—a direct competitor of Singota. The state court granted Singota's request for a temporary restraining order on February 28, 2019, and entered a stipulated preliminary injunction on March 4, 2019.

On April 30, 2019, following a series of contentious contempt hearings culminating in a contempt order against her, Ms. Attariwala removed the case to federal court.[1] Following removal, Singota reportedly continued to discover evidence of Ms. Attariwala's malfeasances, prompting Singota to move for a "further preliminary injunction" on October 10, 2019. With that motion, Singota sought an order supplementing the existing preliminary injunction entered by the state court. Singota specifically requested an order enjoining Ms. Attariwala from working for her current employer and Singota's direct competitor, Emergent BioSolutions, Inc. ("Emergent") as well as any other competitor, alleging that Ms. Attariwala had violated state court orders and was continuing to misappropriate Singota's trade secrets.

We granted Singota's motion following two hearings before the Court, finding that Singota had fulfilled all the elements necessary for preliminary injunctive relief and concluding that the existing state court preliminary injunction had not resulted in Ms.

---

[1] Our subject matter jurisdiction has been established and explicated at Dkt. 121, 12-13.

Attariwala's cooperation or compliance with those orders. Accordingly, we entered a preliminary injunction that, in summary: adopted the terms of the state court's preliminary injunction; enjoined Ms. Attariwala, and all those in active concert or participation with her, from possessing, transmitting, using, copying or disclosing to others Singota's confidential information or trade secrets; and ordered Ms. Attariwala, and all those in active concert and participation with her, to produce to Singota's forensic expert all e-mail accounts, online storage accounts, and storage devices identified as outstanding. Ms. Attariwala was further enjoined from working for any competitor of Singota until she provided evidence in a proper verifiable form that she no longer possessed nor retained access to any of Singota's confidential information or trade secrets. [Dkt. 121, 122] ("Preliminary Injunction Orders").

Ms. Attariwala, currently proceeding *pro se,*[2] now represents to the Court that she has fulfilled all obligations imposed upon her by our Preliminary Injunction and requests that we release her from the work restrictions set out therein.[3] Singota filed no response or objection to Ms. Attariwala's request pursuant to Local Rule 7-1(c)(3)(A). We assume that it has no quarrel with the accuracy of Ms. Attariwala's representations and that her assurances are satisfactory at this time. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466

---

[2] On February 11, 2020, we granted Ms. Attariwala's counsel's request to withdraw from this matter. [Dkt. 147].

[3] Although Ms. Attariwala's filing was entitled a "Response to Preliminary Injunction," we construe it as a motion to modify the preliminary injunction as this was clearly her intention. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (*internal quotations omitted*).

(7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.); Local Rule 7-1(c)(5) (The court may summarily rule on a motion if an opposing party does not file a response within the deadline.").

In the absence of objections from Singota, we shall lift our prohibitions against the resumption of Ms. Attariwala's employment in the biotechnology industry generally.[4] Accordingly, the portion of our Preliminary Injunction enjoining Ms. Attariwala from working for a competitor (Paragraph IV) is hereby vacated. However, Ms. Attariwala remains bound by the restrictions set out in Paragraph V of the Preliminary Injunction, which remain in full force and effect:

> In the event that Ms. Attariwala, upon presenting to the Court in a proper verifiable form that she has fully complied with this Order, is relieved of the restrictions in Paragraph IV of the Order, but expert analysis reveals that Ms. Attariwala, in contravention of her representations to Plaintiff and the Court, has failed to disclose or produce accounts or devices that are proven to contain Singota's confidential information, the restrictions in Paragraph IV will be reinstated and remain in effect until a proper evidentiary showing can be made that no piracy occurred, for a time period of no less than one month from the date the account or device was discovered.

[Dkt. 122].

The Preliminary Injunction is modified only to the extent that the restrictions of Paragraph IV are hereby lifted. Ms. Attariwala, and all persons in active concert or participation with her, remain preliminary enjoined from "possessing, transmitting, using, copying, or disclosing to others Singota's confidential information or trade secrets."

---

[4] We also note that the restrictive covenants of Ms. Attariwala's employment contract (with the exception of the duty of confidentiality) were set to expire in December 2019. [Dkt. 92, at 2; Dkt. 95, at 11].

4

Further, Ms. Attariwala and all persons in active concert or participation with her remain enjoined from "hold[ing], hid[ing], us[ing], or retain[ing] any of Singota's confidential information or trade secrets, nor shall they create, possess, or control any documents or other works derived from Singota's documents." Ms. Attariwala, and all persons in active concert or participation with her, are obligated to disclose and produce any accounts and devices in their possession, custody, or control if they discover that they contain Singota's confidential information or trade secrets. Finally, Ms. Attariwala is not relieved from her duty to "clearly and explicitly request, direct, instruct, and take all actions within her power to cause" any individuals with whom she indirectly or directly shared Singota's trade secrets or confidential matters to comply with the production and disclosure requirements of our Preliminary Injunction.

Accordingly, the Preliminary Injunction [Dkt. 122] as set forth herein is modified.

IT IS SO ORDERED.

Date: 3/4/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPREET ATTARIWALA
1390 Kenyon Street NW Apt. 323
Washington, DC 20010

SIMRANJIT JOHNNY SINGH
1390 Kenyon Street NW Apt. 323
Washington, DC 20010

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Susan H. Jackson
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
susan.jackson@ogletree.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com