UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01745-SEB-TAB |
| ) | |
| JASPREET ATTARIWALA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| JASPREET ATTARIWALA, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| BIOCONVERGENCE LLC, ) | |
| ) | |
| Counter Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**[DKT. 165]**

The oft-recounted facts underlying this litigation do not require another telling here. We presume a similar familiarity with the record by the parties and rely on that record in making the following determination.

Before us now is Plaintiff's Motion for Reconsideration of our ruling entitled Modified Preliminary Injunction, in which we relieved Defendant Jaspreet Attariwala from certain restrictions previously imposed in our December 18, 2019 Preliminary Injunction. [Dkt. 163]. In that order, we modified the Preliminary Injunction only to the extent of vacating the prohibition on Ms. Attariwala's employment with a competitor of

1

Plaintiff. The Modified Preliminary Injunction responded to a request by Ms. Attariwala to which Plaintiff interposed no objections at the time. As we have made clear, Ms. Attariwala remains bound by all other restrictions set out in our Preliminary Injunction, particularly with respect to her document production and disclosure responsibilities.

In its most recent motion, Plaintiff seeks reconsideration of our decision to free Ms. Attariwala from the employment prohibitions previously imposed in our December 18, 2019 Preliminary Injunction. Plaintiff maintains—citing various procedural missteps by Ms. Attariwala in her *pro se* request for relief—that it reasonably believed it was not required to file a response in order to preserve its objections to Ms. Attariwala's request for modification, an interesting view and likely a "procedural misstep" of its own. Plaintiff now maintains that it does, in fact, have several objections to Ms. Attariwala's factual assertions and, further, our ruling was unjust because it constitutes a decision on the merits of the Plaintiff's underlying claims.

Even if we were to agree that our modification order improperly reflects a merits-based determination, we do not view our decision to permit her to seek employment as erroneous or a request improvidently granted by the Court. Plaintiff's request that we rescind this modification is based primarily on the fact that Ms. Attariwala has not complied with other aspects of our Preliminary Injunction, for example, her failure to produce all accounts and storage devices identified by Plaintiff's forensic expert and her failure to disclose the identities or repositories of people/places where she has stashed the wrongfully expropriated trade secrets information. Plaintiff insists that Ms. Attariwala has proven herself to be so untrustworthy and deceitful and recalcitrant that the Court

cannot reasonably rely on any of her assertions or averments, arguing that if given an inch, she will take a mile. Plaintiff contends, therefore, at this juncture when her compliance with almost every feature of the Preliminary Injunction is at best in doubt, to relieve her of one of the restrictions is unwarranted and unfair to Plaintiff.

We understand Plaintiff's frustration and concede that troublesome evidence exists that Ms. Attariwala's recalcitrance and lack of candor and cooperation in the conduct of this litigation continue to the detriment of Plaintiff. Even so, it would be factually incorrect if we were not to acknowledge that her circumstances have changed from those presented to the court in December 2019, when the Preliminary Injunction was entered. As we have previously explained,

> [Ms. Attariwala's] employment was terminated from Emergent, Plaintiff's competitor, who was her employer at the time of our December 18, 2019 Preliminary Injunction . . . [T]he fact that she is not currently employed with one of Plaintiff's competitors mitigates the risk of trade secret misappropriation, which was our basis for enjoining her from working, and the time has fully run on any non-compete restrictions in her employment contract with Plaintiff. Most importantly, Ms. Attariwala remains bound by all other aspects of the Preliminary Injunction.

[Dkt. 172, at 2].

This represents a significant change in Ms. Attariwala's employment circumstances. Our December 18, 2019 Preliminary Injunction was carefully tailored to prevent Ms. Attariwala from providing her then-employer (Emergent) with a competitive advantage through the unlawful access to and/or use of Plaintiff's trade secrets. Because Ms. Attariwala is no longer employed by Emergent, or any other entity so far as anyone

3

knows that could benefit from access to Singota's trade secrets,[1] Plaintiff cannot seriously contend that it currently faces the same risks of irreparable harm that it did in December 2019, by Ms. Attariwala using its proprietary information for her new employer's competitive gain.

Plaintiff's focus now should be on litigating its claim for legal remedies. However, obviously, if circumstances change in the future in such a way that Ms. Attariwala again poses an unlawful threat to Plaintiff through her employment with or for a competitor without adequate protections against the wrongful disclosure or use of Plaintiff's trade secrets, Plaintiff may renew its request for additional injunctive relief from this Court.

Finally, we also deny Plaintiff's alternative request for an evidentiary hearing.

For these reasons, Plaintiff's Motion for Reconsideration [Dkt. 165] is **denied.**

IT IS SO ORDERED.

Date: 4/10/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jaspreet Attariwala
1390 Kenyon St., NW Apt. 32
Washington, DC 20010

Counsel of Record via CM/ECF

---

[1] We take judicial notice of the broadscale economic disruptions caused by the COVID-19 pandemic that cast doubt on Ms. Attariwala's employment prospects, as it does for the vast majority of Americans during these challenging times.