UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC<br>    d/b/a SINGOTA SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>JASPREET ATTARIWALA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 1:19-cv-01745-SEB-TAB<br>)<br>)<br>)<br>) |

**ORDER**

Now before the Court is Plaintiff/Counter-Defendant's Motion for Order Declaring that Automatic Stay Does Not Apply to Motion for Summary Judgment on Counter-Claimant's Counterclaim or to Motion for Rule 11 Sanctions ("Motion for Declaration"), [Dkt. 131], as well as Defendant/Counter-Claimant's Motion to Stay, [Dkt. 149]. For the reasons set forth herein, Plaintiff/Counter-Defendant's Motion for Declaration is **granted.** Defendant/Counter-Plaintiff's Motion to Stay is **denied as moot.**

**Background**

The record is replete with accounts of the underlying facts of this dispute.  We will not retell them again here.  Until now, the parties' dispute has focused primarily on Defendant/Counter-Plaintiff Jaspreet Attariwala's allegedly unlawful retention of her former employer's trade secrets. We shall recount here the procedural background relevant to determining whether the automatic stay imposed on this litigation pursuant to Ms. Attariwala's bankruptcy proceedings applies to either her Counterclaim against

1

Plaintiff/Counter-Defendant, BioConvergence, LLC d/b/a Singota Solutions ("Singota") or to Singota's Motion for Sanctions against Ms. Attariwala's former counsel.[1]

On February 27, 2019, Singota filed suit against Ms. Attariwala, who was its former employee, in the Monroe Circuit Court I (Indiana), charging Ms. Attariwala with various wrongs including breach of contract, violation of the Indiana Uniform Trade Secrets Act, and computer trespass. On March 14, 2019, Ms. Attariwala filed her Answer to Singota's Complaint as well as her Counterclaim against Singota, asserting that Singota violated the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1 *et. seq.*, committed a breach of contract, and tortuously interfered with a contractual relationship. Ms. Attariwala removed this case to our court on April 30, 2019.[2]

On December 10, 2019, Singota sent a letter to Ms. Attariwala and her counsel asserting that Ms. Attariwala's Counterclaim was frivolous and demanding that it be dismissed with prejudice. Singota further stated that a failure to do so would prompt Singota to move for sanctions pursuant to Federal Rule of Civil Procedure 11. On December 17, 2019, Ms. Attariwala filed a Voluntary Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). *In re Jaspreet Attariwala*, No. 19-00828–SMT (D.D.C.).

---

[1] On February 11, 2020, we granted Ms. Attariwala's counsel's request to withdraw his appearance, though her counsel remains in this action for the limited purposes of litigating Singota's Motion for Sanctions. [Dkt. 147]. Ms. Attariwala is represented by separate counsel in her bankruptcy proceedings.

[2] Our subject matter jurisdiction has been established as explicated at Dkt. 121, 12-13.

Pursuant to 11 U.S.C. § 362(a), the filing of Ms. Attariwala's bankruptcy petition resulted in an automatic stay of the proceedings against Ms. Attariwala then pending in our Court. On December 31, 2019, in response to Singota's letter, Ms. Attariwala's counsel invoked the bankruptcy stay as a bar to Singota's motion for sanctions. Apparently confident that its threatened actions were not violative of the automatic stay, Singota pressed on by filing a Motion for Sanctions on January 29, 2020,[3] requesting an order requiring Ms. Attariwala's former counsel to reimburse Singota for the costs it had incurred in defending against Ms. Attariwala's allegedly frivolous Counterclaim. That same day, Singota moved for summary judgment on Ms. Attariwala's Counterclaim.

In its contemporaneously filed Motion for Declaration, Singota requests that we declare that the bankruptcy stay does not apply so as to interrupt the litigation relating to Ms. Attariwala's Counterclaim, specifically with respect to its Motion for Summary Judgment and Motion for Sanctions. Ms. Attariwala has moved to stay a ruling on those motions to allow the Bankruptcy Court to determine the applicability of the stay.

### Discussion

**I.    Our Court has the Authority to Determine the Applicability of the Bankruptcy Stay**

On February 11, 2019, as set out in her Motion to Stay, Ms. Attariwala also filed a Motion to Confirm Scope of Automatic Stay in the Bankruptcy Court, requesting a

---

[3] "If it was later determined that the proceeding was not excepted from the automatic stay, the entire . . . proceeding would be *void ab initio* as an act taken in violation of the stay." *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir. 1986). *See also Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082, 2001 WL 477434 (7th Cir. 2001).

declaration from the Bankruptcy Court that it has exclusive authority to determine the applicability of the stay. [*In re Jaspreet Attariwala*, No. 19-00828–SMT (D.D.C.), Dkt. 49]. The Bankruptcy Court denied her request, explaining, "Although the bankruptcy court has exclusive jurisdiction to grant relief from the automatic stay, it is well established that the bankruptcy court does not have exclusive jurisdiction to determine whether the automatic stay applies." [*Id.* at Dkt. 58].

We fully endorse the Bankruptcy Court's conclusion; federal courts around the country as well as within our circuit consistently have held that a court in which non-bankruptcy litigation is pending has jurisdiction to determine whether the litigation, or any component thereof, is stayed pursuant to section 362(a). *See generally Municipality of San Juan v. Puerto Rico*, 919 F.3d 565, 575 (1st Cir. 2019); *Chao v. Hospital Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001); *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 973 (N.D. Ill. 1992); *In re Mid-City Parking, Inc.*, 332 B.R. 798, 803 (Bankr. N.D. Ill. 2005). Courts have uniformly observed that there appears to be "no contrary authority" to the rule that the non-bankruptcy court "possesses the authority to construe § 362 and decide what effect that statute has on the . . . litigation."[4] *Matter of Mahurkar* 140 B.R. at 973. This holding

---

[4] The cases cited by Ms. Attariwala, which stand for the principle that the bankruptcy court has exclusive jurisdiction to lift or modify the automatic bankruptcy stay, are plainly inapposite here. *See Acands, Inc. v. Travelers Cas. & Sur. Co.*, 435 F.3d 252, 261 (3d Cir. 2006); *Farley v Henson*, 2 F.3d 273, 275 (8th Cir 1993); *Maritime Elec. Co. v United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir 1992); *Matter of Barbier v Shearson Lehman Hutton Inc.*, 943 F.2d 249, 250 (2nd Cir 1991); *Cathey v Johns-Manville Sales Corp.*, 711 F.2d 60, 63 (6th Cir. 1983); *In re Dominquez*, 312 B.R. 499, 505 (Bankr. S.D.N.Y 2004); *In re Siskin*, 258 B.R. 554, 561-562 (Bankr. E.D.N.Y. 2001). Singota is not seeking relief from the automatic stay; rather, it is seeking a determination as to whether the stay applies.

reflects the broader principle of law that courts have the inherent authority to determine their own jurisdiction. *See id.*; *In re Mid-City Parking*, 332 B.R. at 803.[5]

That said, the bankruptcy court does possess the final word: If the non-bankruptcy court issues a finding as to the application of the stay that the bankruptcy court deems erroneous, the bankruptcy court's resolution of this issue is determinative. *Chao*, 270 F.3d at 384; *In re Carpenter*, No. 10-00572, 2010 WL 2640604, at *3 (Bankr. D.D.C. June 29, 2010); *In re Benalcazar*, 283 B.R. 514, 527 (Bankr. N.D. Ill. 2002). We shall leave to another day whether the Bankruptcy Court ultimately endorses our ruling. We shall proceed, consistent with our well-established authority, to determine whether and to what extent section 362(a) imposes a stay on litigating Ms. Attariwala's Counterclaim against Singota.[6]

We pause to address the issue of which jurisdiction's law applies to resolving the question before us—that of the Seventh Circuit or the District of Columbia Circuit Court of Appeals, the forum in which the bankruptcy case is pending. Having found no definitive guidance on this question, we rely on logic in holding that the law of the

---

[5] In light of the Bankruptcy Court's denial of Ms. Attariwala's request to declare that it has exclusive jurisdiction to determine the application of the stay, her Motion to Stay in our Court—which requests a stay of a ruling on either of Singota's pending motions to allow the Bankruptcy Court to determine the applicability of the stay—is **denied as moot.**

[6] A more orderly process here would have been for Singota to seek guidance from the Bankruptcy Court as to how to proceed. "Centralizing construction of the automatic stay in the Bankruptcy Court would result in uniformity on issues of law," "and would assist that court's effort to assure equality of treatment among creditors." *N.L.R.B.*, 804 F.2d at 940–41. (internal quotations omitted). However, "§ 362 does not impose such a requirement[.]" *Id.*

5

District of Columbia Circuit applies since that is the jurisdiction where a review of our ruling would occur.[7]

## II. The Bankruptcy Stay Does Not Apply to Singota's Motion for Summary Judgment

As previously noted, the filing of Ms. Attariwala's bankruptcy petition triggered section 362(a) protections, automatically staying Singota's lawsuit against Ms. Attariwala pending in our Court. In resolving the issue of whether Singota may continue with its motion for summary judgment against Ms. Attariwala on her Counterclaim, we must determine whether section 362(a)(1) or (a)(3) effects a stay of Ms. Attariwala's Counterclaim. Section 362(a)(1) imposes a stay of any "action or proceeding against the debtor"; section 362(a)(3), in contrast, imposes a stay of "any action to obtain possession of property of the estate . . . or to exercise control over property of the estate[.]" We examine each of the provisions in turn below.

Section 362(a)(1) requires that we "disaggregate all of the complaints, counterclaims, cross-claims, third-party claims, and motions for Rule 11 sanctions that are part of the lawsuit." *In re Mid-City Parking, Inc.*, 332 B.R. at 807 (collecting cases). Then, as to each component, we must determine whether, "at its inception, the claim was 'against the debtor.'" *Id.*

---

[7] With respect to whether the stay applies to the Motion for Sanctions, Singota invokes Seventh Circuit precedent presumably because it definitively resolves the issue in Singota's favor, whereas the D.C. Circuit lacks any clear precedent. However, Singota fails to develop its theory of why Seventh Circuit law governs. Notwithstanding this lack of clarity on the issue, ultimately it matters not in resolving the substantive question before us, as will be more fully discussed *infra*.

According to well-established, generally applicable principles of bankruptcy law, "to the extent that the claim was not 'against' the debtor at its inception because the debtor occupied a plaintiff's position, its further prosecution is not stayed pursuant to § 362(a)(1)." *Id.* at 807-08. *See generally Checkers Drive-In Restaurants, Inc. v. Comm'r of Patents & Trademarks*, 51 F.3d 1078, 1082 (D.C. Cir. 1995) ("Thus, we have held that, although the automatic stay blocks many legal actions against the debtor, it does not similarly bar claims brought by the debtor against other parties.) *Carley Capital Grp. v. Fireman's Fund Ins. Co.,* 889 F.2d 1126, 1127 (D.C. Cir. 1989) ("We readily agree that this unambiguous provision 'by its terms only stays proceedings *against* the debtor,' and 'does not address actions brought *by* the debtor[.]") (emphasis in original); *Washington Mut., Inc. v. F.D.I.C.*, 659 F. Supp. 2d 152, 155 (D.D.C. 2009). Such claims, including Ms. Attariwala's Counterclaim in which she stands in the position of a plaintiff, are plainly not stayed. *See id.*

Where claims by the debtor are not stayed by virtue of section 362(a)(1), defendants also are not stayed from defending themselves, pursuant to section 362(a)(3), which operates as a stay of any actions to obtain possession of or control over property of the bankruptcy estate. *Washington Mut.*, 659 F. Supp. 2d at 155-56. As the D.C. Circuit explained, "[S]omeone defending a suit brought by the debtor does *not* risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his resistance may burden rights asserted by the bankrupt." *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C. Cir. 1991) (emphasis in original) (citing *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n,* 892 F.2d 575, 577 (7th Cir. 1989) (holding that defendant in debtor's state court

7

litigation need not have sought leave from the bankruptcy court to litigate his defenses and move for summary judgment)). Consistent with the language of the statute and its controlling interpretations, we conclude that section (a)(3) does not impose a stay on Singota's effort to defend itself against Ms. Attariwala's Counterclaim in the form of a motion for summary judgment on the claims she asserted against it.[8]

    Ms. Attariwala has not provided, nor has the Court been able to locate, any legal authority that contradicts or otherwise undermines Singota's argument that neither section 362(a)(1) nor (a)(3) serves to stay the litigation of Ms. Attariwala's Counterclaim.[9] To the contrary, Singota's position is bolstered by a substantial body of case law. Accordingly, we conclude with no difficulty that Singota is entitled to pursue its effort to secure a summary judgment on Ms. Attariwala's Counterclaim.

### III. Singota's Motion for Rule 11 Sanctions is Statutorily Exempt from the Bankruptcy Stay to the Extent it Applies

---

[8] Though Ms. Attariwala's authority to prosecute the Counterclaim is not directly at issue here, we note that Chapter 13 debtors retain possession of the bankruptcy estate's property and thus maintain concurrent standing with the bankruptcy trustee to prosecute their claims on behalf of the estate. *Evans v. First Mount Vernon, ILA,* 786 F. Supp. 2d 347, 353 (D.D.C. 2011). This contrasts with Chapter 7 bankruptcy proceedings, in which the bankruptcy trustee maintains exclusive authority to exercise control of the estate property. Consequently, a Chapter 7 debtor, unlike a Chapter 13 debtor, who independently prosecutes his claims exercises unlawful control of the estate's property, thereby violating section 362(a)(3). *Id. See also In re Dawson*, 411 B.R. 1, 25 (Bankr. D.D.C. 2008); *In re Bailey*, 306 B.R. 391, n. 1 (Bankr. D.D.C. 2004) ("Chapter 13 debtors may invoke 11 U.S.C. § 1306(b) to pursue and control claims that are property of the estate.").

[9] Aside from filing her Motion to Stay, Ms. Attariwala has not responded to Singota's Motion for Declaration and, more specifically, she has not responded to its arguments that neither its Motion for Summary Judgment nor its Motion for Sanctions is within the reach of section 362(a).

We next address whether a motion seeking to impose Rule 11 sanctions against Ms. Attariwala's former counsel for pursuing an allegedly frivolous Counterclaim is stayed under the bankruptcy rules and, if so, whether an exemption to the stay exists pursuant to 11 U.S.C. § 362(b)(4), which applies to proceedings to enforce the police or regulatory power of a governmental unit.  To be clear,  Singota is not seeking sanctions against Ms. Attariwala; rather, only against her counsel. [Dkt. 153, at 5]. It thus appears evident that Singota's Motion for Sanctions has not triggered the automatic stay in Section 362(a)(1) nor in Section 362(a)(3) as the motion is not framed "against" Ms. Attariwala nor is it an attempt to control or possess any property of her bankruptcy estate.

To the extent the Motion for Sanctions might be construed as targeting Ms. Attariwala or otherwise infringing upon the interests of the bankruptcy estate, we are persuaded that a motion for Rule 11 sanctions falls within a statutory exemption to the automatic bankruptcy stay.  This appears to be an issue of first impression within the D.C. Circuit.  Other circuits, however, have consistently supported Singota's position that it may seek Rule 11 sanctions without violating the automatic stay, assuming it applies.

The leading federal appellate court decision on this issue come from our own circuit. In *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993), the Seventh Circuit reasoned:

> [W]e agree with the defendants that a proceeding to impose sanctions under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4) . . . Rule 11 is not a simple fee-shifting provision, designed to reduce the net cost of litigation to the prevailing party. Compare 42 U.S.C. § 1988. It directs the imposition of sanctions for unprofessional conduct in litigation, and while the form of sanction is often and was here an order to pay attorney's fees to the opponent in the litigation, it is still a sanction . . . The Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual . . . a nongovernmental litigant, the opponent of the litigant to be

9

sanctioned. There is no anomaly, given the long history of private enforcement of penal and regulatory law. The private enforcer . . . can be viewed as an agent of the "governmental unit," the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior. The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4).

*Id.* Though our research has revealed no other Circuit to have addressed the precise question before us, all other circuits to have analyzed whether non-Rule 11 monetary sanctions imposed to deter litigation misconduct are exempt from the bankruptcy stay by section 362(b)(4) have answered in the affirmative, and have relied at least in part on the reasoning in *Alpern. See In re Leonard*, 644 Fed. Appx. 612, 616 (6th Cir. 2016) (unpublished) ("The [Rule 16(f)] monetary sanction may have been pecuniary but neither sanction was levied to protect the court's interest in Leonard's property or to benefit RDLG. Rather, the court had a public-policy goal in mind—'protect[ing] the integrity of the federal court system.'"); *United States v. Coulton*, 594 Fed. Appx. 563, 566 (11th Cir. 2014) (unpublished) ("Thus, Section 362(b)(4) applies in this action because the judiciary, acting through [defendant] as a surrogate, in effect 'brought' the contempt proceeding."); *Cooper v. Dallas Police Ass'n*, 584 Fed. Appx. 208, 209 (5th Cir. 2014) (unpublished) (affirming district court's holding that the governmental unit exception to the automatic stay applied to defendant's motion for sanctions pursuant to Federal Rule of Civil Procedure 37); *In re Berg*, 230 F.3d 1165, 1167 (9th Cir. 2000) ("[Section] 362(b)(4)'s government regulatory exemption exempts from the automatic stay an award of attorneys' fees imposed under [Federal Rule of Appellate Procedure] 38 as a sanction for unprofessional conduct in litigation . . . This is true regardless of

10

whether the sanctions are initially pursued by a private party or whether the sanctions award is ultimately payable to a private party.")

We find this unanimity among the circuits in exempting from the bankruptcy stay those proceedings pursued with the objective of securing sanctions to deter litigation abuses, such as Rule 11 motions, to be compelling. Neither Ms. Attariwala (nor her former counsel) has provided, nor has the Court located, any persuasive authorities to the contrary.[10] Accordingly, we conclude that Singota is not stayed from pursuing Rule 11 sanctions against Ms. Attariwala's former counsel.

---

[10] Though Ms. Attariwala did not file a response to Singota's Motion for Declaration, Singota did produce to the Court her former counsel's December 31, 2019 letter in which he asserts that the bankruptcy stay prohibits Singota from moving for sanctions. Ms. Attariwala's former counsel cites two cases—*In re Harris*, 592 B.R. 750, 756-57 (Bankr. N.D. Georgia 2018) and *In re Benalcazar*, 283 B.R. 514, 532 (Bankr. N.D. Ill. 2002)—as support for his argument that *Alpern* was "poorly reasoned and wrongly decided." Aside from the fact that counsel (who has a clear stake in whether sanctions can be sought against him and who has remained engaged in this matter for the sole purpose of litigating the sanctions motion) did not file a response, we are not convinced by their reasoning, respectively. While we concede that *Harris* and *Benalcazar* are critical of *Alpern*, both of those courts recognize that their facts, which do not involve a request for sanctions related to a party or counsel's abuse of the judicial process, are readily distinguishable from those in *Alpern*. Moreover, we are not inclined to credit the holding in *Harris*, a bankruptcy court decision from Georgia, particularly in light of the Eleventh Circuit's reliance upon *Alpern* in its own (albeit unpublished, and thus non-binding on the Georgia bankruptcy court) holding that section 362(b)(4) exempted from the bankruptcy stay the district court's monetary sanctions against an attorney for his professional misconduct. In addition, the dicta of a single bankruptcy court within our circuit cannot be viewed to override *Alpern*, particularly when both the Seventh Circuit and its district courts have continued to cite and apply the holding of *Alpern. See generally Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Infante v. Portfolio Recovery Associates*, LLC, No. 15 C 10596, at n.1. (N.D. Ill. Jan. 25, 2017), report and recommendation adopted, 2017 WL 2445133, at *5 (N.D. Ill. June 6, 2017); *Solis v. Caro*, 2012 WL 1230824, at *5 (N.D. Ill. Apr. 12, 2012); *In re Emerald Casino, Inc.*, 42 Bankr. Ct. Dec. 104 (N.D. Ill. Dec. 24, 2003).

## **CONCLUSION**

Plaintiff/Counter-Defendant's Motion for Declaration [Dkt. 131] is **granted.**

Defendant/Counter-Plaintiff's Motion to Stay [Dkt. 149] is **denied as moot.**

IT IS SO ORDERED.

Date:  4/20/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPREET ATTARIWALA
1390 Kenyon St. N.W. Apt 323
Washington, DC 20010

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Cynthia A. Bedrick
MCNEELY LAW LLP (Shelbyville)
CBedrick@McNeelyLaw.com

Jody M. Butts
MCNEELY LAW LLP
JButts@McNeelyLaw.com

Jason Donald Clark
MCNEELY STEPHENSON (Shelbyville)
JClark@McNeelyLaw.com

Susan H. Jackson
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
susan.jackson@ogletree.com

Paul L. Jefferson
MCNEELY STEPHENSON
PJefferson@McNeelyLaw.com

Erik Christopher Johnson
MCNEELY LAW LLP (Indianapolis)
EJohnson@McNeelyLaw.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com