UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-01745-SEB-TAB |
| | ) |
| JASPREET ATTARIWALA, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION
TO QUASH AND FOR PROTECTIVE ORDER**

**I.   Introduction**

Defendant Jaspreet Attariwala asks the Court to quash Plaintiff Bioconvergence, LLC's second set of requests for production and interrogatories and to enter a protective order. [Filing No. 198.] Plaintiff opposes the motion. [Filing No. 199.] For reasons stated below, Defendant's motion is denied.

**II.   Discussion**

On April 14, 2020, Plaintiff served its second set of requests for production and interrogatories on Defendant. [Filing No. 198-1.] Defendant now seeks to quash Plaintiff's second set of written discovery requests and for the Court to enter a protective order. [Filing No. 198.] First, Defendant claims Plaintiff violated the Case Management Plan and caused "unnecessary delay" by sending the request on April 14, when the CMP deadline for discovery on non-expert witness discovery and discovery relating to liability issues was April 17, 2020, and the CMP stated the parties may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court. [Filing No. 198, at ECF p. 1.] However, CMP

deadlines were extended on April 21, 2020, pushing the non-expert and liability discovery deadline to September 14, 2020. [Filing No. 197].  In addition, Plaintiff claims that the discovery sought is tailored to documents, accounts, devices, and information which Defendant had an obligation to produce under the preliminary injunction, not liability discovery. [Filing No. 199.]  Thus, Plaintiff argues it did not violate even the original CMP deadlines, since it was not seeking information that was subject to those deadlines. [Filing No. 199, at ECF p. 3.][1]  The Court agrees that the discovery sought is reasonably related to the preliminary injunction and that even if it were considered liability discovery, no CMP deadlines have been violated, given the recent extension that the Court granted.

Defendant also vaguely argues that the requests are lengthy and burdensome. [Filing No. 198, at ECF p. 3.]  But Plaintiff says the requests are lengthy because of their specificity and contends that it has been trying to get most of this information from Defendant for over a year. [Filing No. 199, at ECF p. 3.]  Plaintiff notes that Defendant had previously claimed broad requests for "all accounts" or "all devices" were too confusing, so Plaintiff sought to provide more details in their second written discovery requests.  Therefore, Plaintiff argues that the problem Defendant now complains of is her own making. [Filing No. 199, at ECF p. 3-4.] While Plaintiff's second set of written discovery requests are lengthy, Defendant has not shown that Plaintiff's requests are unduly burdensome or otherwise somehow violate the Federal Rules. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is

---

[1] Plaintiff also argues that Defendant violated Fed. R. Civ. P. 26 by not trying in good faith to meet and confer before filing the instant motion.  Plaintiff notes that while the Local Rules in this district exempt pro se parties from meeting and conferring on discovery disputes, there is no exception to this Rule 26 requirement.  [Filing No. 199, at ECF p. 2, n.1.]  Because the Court ultimately denies Defendant's motion, this argument does not need to be further addressed.

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Accordingly, Defendant's motion is denied.

### IV.   Conclusion

For reasons stated above, Defendant's motion to quash and for a protective order [Filing No. 198] is denied.

Date: 5/21/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JASPREET ATTARIWALA
1390 Kenyon St. N.W. Apt 323
Washington, DC 20010