UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01745-SEB-TAB |
| ) | |
| JASPREET ATTARIWALA, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT REMOTE DEPOSITIONS AND MOTION FOR LEAVE TO CONDUCT SECOND DEPOSITION OF DEFENDANT**

**I.    Introduction**

Plaintiff Bioconvergence, LLC, recently filed two discovery-related motions with the Court: (1) Plaintiff's motion for leave to conduct remote depositions of Defendant Jaspreet Attariwala and her husband, non-party Sim J. Singh [Filing No. 204], and (2) Plaintiff's motion for leave to conduct a second deposition of Defendant [Filing No. 206]. Plaintiff seeks to depose Singh and to take a second deposition of Defendant to determine their compliance with the Court's December 18, 2019, preliminary injunction. [Filing No. 204, at ECF p. 2; Filing No. 206, at ECF p. 2.] In addition, Plaintiff seeks leave to conduct the depositions of Defendant and Singh remotely due to the travel measures and social distancing measures currently in place in response to the COVID-19 pandemic and to minimize the costs and inconvenience to the parties and witnesses. [Filing No. 204.] Defendant opposes Plaintiff's motion to conduct a second deposition of her. [Filing No. 209.] For reasons explained below, Plaintiff's motions are granted.

**II.     Discussion**

Defendant opposes Plaintiff's request to depose her again, arguing that she already sat for a deposition in this case in July 2019, as well as a deposition in March 2020 in bankruptcy court, so this would technically be her third deposition, not second. [Filing No. 209, at ECF p. 1.] Plaintiff correctly asserts, however, that the deposition conducted in the bankruptcy proceeding was conducted by Plaintiff's bankruptcy counsel and related to issues raised in the bankruptcy proceedings. [Filing No. 211, at ECF p. 2-3.] It does not in any way preclude Plaintiff from seeking leave to conduct a second deposition in this litigation. The additional deposition Plaintiff now proposes to conduct would be limited to issues relating to this litigation, and Plaintiff has demonstrated the need for such deposition following the Court's December 18, 2019, preliminary injunction and additional evidence that forensic expert Rebecca Green has discovered in her investigation of Defendant's devices and accounts since the first deposition.

Defendant also argues that the deposition request should be denied because she is still formulating her response to Plaintiff's written discovery requests. [Filing No. 209, at ECF p. 2.] This alone is not reason to delay a deposition, which may provide additional and different evidence than Defendant's interrogatory answers, and which shall be limited in time and scope. The additional deposition of Defendant is limited to three hours, because Defendant has already been deposed and objects to the inconvenience of a second deposition. Additionally, the subject matter of this deposition is limited to determine Defendant and non-party Singh's compliance with the Court's December 18, 2019, preliminary injunction.

Finally, Plaintiff contends that she "would be in a highly vulnerable position for Plaintiff to conduct a deposition" because she presently does not have any legal representation and is proceeding *pro se*. [Filing No. 209, at ECF p. 2.] Plaintiff has voluntarily elected to proceed *pro*

*se* at this stage in this litigation, rather than securing new counsel, so this argument is also without merit.

Accordingly, Plaintiff's motion to conduct a second deposition of Defendant is granted. [Filing No. 206.] Defendant noted in her response that if the Court orders that a deposition be taken, she would be willing to be remotely deposed in Washington, D.C. [Filing No. 209, at ECF p. 2.] And no argument has been presented in opposition to Plaintiff's proposed remote deposition of non-party Singh. Thus, Plaintiff's motion to conduct these depositions remotely is also granted. [Filing No. 204.]

### III. Conclusion

For reasons stated above, Plaintiff's motions to conduct depositions of Defendant and non-party Singh remotely [Filing No. 204] and to conduct a second deposition of Defendant [Filing No. 206] are granted. The depositions of Defendant and Singh shall be conducted remotely and at an agreed time. Plaintiffs shall limit the second deposition of Defendant to no more than three hours in length. However, this 3-hour limit is as to Defendant's deposition only. The normal presumptive time limit shall apply to Singh's deposition.

Date: 6/25/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JASPREET ATTARIWALA
1390 Kenyon St. N.W. Apt 323
Washington, DC 20010

3

JASPREET ATTARIWALA
1390 Kenyon St. NW Apt 323
Washington, DC 20010