UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-01745-SEB-MG |
| ) | |
| JASPREET ATTARIWALA, ) | |
| SIMRANJIT JOHNNY SINGH, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| JASPREET ATTARIWALA, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| BIOCONVERGENCE LLC, ) | |
| ) | |
| Counter Defendant. ) | |

## ORDER DENYING DEFENDANT/COUNTER-CLAIMANT'S MOTION TO RECONSIDER

Now before the Court is Defendant/Counter-Plaintiff's Motion to Reconsider. For the reasons set forth herein, this motion is **denied.**

## Discussion

Plaintiff/Counter-Defendant BioConvergence, LLC d/b/a Singota Solutions ("Singota") initiated this lawsuit against its former employee, Defendant/Counter-Plaintiff Jaspreet Attariwala (Ms. Attariwala), on February 27, 2019, charging her with various claims related to her alleged theft and misappropriation of Singota's confidential information and trade secrets. On March 14, 2019, Ms. Attariwala filed her Counterclaim

alleging breach of contract, violations of the Indiana Wage Payment Statute, and tortious interference with business relationships.

Singota moved for summary judgment on the claims against it on January 9, 2020. Though Ms. Attariwala is now proceeding *pro se*, she was represented by counsel at that time. Her counsel withdrew from their representation of her shortly after the filing of the summary judgment motion and following their notice to her of the pending motion. Ms. Attariwala opposed Singota's motion but generally did not contest Singota's factual assertions, which undisputed facts we treated as true to the extent they were supported by admissible evidence. *See* Fed. R. Civ. P. 56(e); Local Rule 56-1(f).

Ultimately, we granted Singota's motion in its entirety, based largely on Ms. Attariwala's failure to submit any evidence which supported her claims against Singota. We noted:

> Ms. Attariwala attempts to blame her lack of contradictory evidence on Singota's alleged refusal to produce discovery responses. This allegation is entirely unfounded. Ms. Attariwala has never served on Singota any discovery requests related to her counterclaims. Her discovery requests attached to her submission in support of this averment obviously do not elicit any information relating to her counterclaims; limited as they are in scope to discovery regarding Singota's claims against Ms. Attariwala. Additionally, her former counsel, in defending against Singota's Motion for Sanctions, has expressly conceded that they never conducted any discovery with respect to the counterclaims. Finally, we note that Ms. Attariwala has not filed a motion pursuant to Federal Rule of Civil Procedure 56(d), which would authorize a delay in the Court's ruling on the summary judgment motion to allow her to conduct additional discovery. "Even *pro se* litigants" must so move if they desire such a delay. *Lobrow v. Vill. of Port Barrington*, 440 Fed. Appx. 513, 514 (7th Cir. 2011).

[Dkt. 226, n. 5]. Ms. Attariwala now requests that we reconsider our summary judgment ruling, contending that she did not understand that she was required to file a

motion pursuant to Rule 56(d) in order to delay a ruling on Singota's summary judgment motion so that she could conduct discovery.

A motion for reconsideration "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Thomas v. Johnston*, 215 F.3d 1330 (7th Cir. 2000). The Seventh Circuit has defined the proper role of motions for reconsideration as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (*quoted in Elder Care Providers of Indiana, Inc. v. Home Instead, Inc.*, No. 1:14-CV-01894-SEB-MJD, 2017 WL 4287540, at *1 (S.D. Ind. Sept. 26, 2017)). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." It is within the sound discretion of the district court whether to grant a motion for reconsideration. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).

Ms. Attariwala has not identified any manifest errors of law nor significant changes thereto that would warrant reconsideration of the summary judgment motion. In fact, we correctly applied the rule of the Seventh Circuit that parties (including *pro se* parties) wishing to delay a summary judgment ruling to conduct additional discovery must file a motion pursuant to Rule 56(d). Ms. Attariwala did not do so.

Moreover, Ms. Attariwala did not communicate her apparent need or desire to conduct discovery in her summary judgment briefing. Had she done so, perhaps leniencies (to the extent such leniencies would be permissible in the Seventh Circuit) could have been afforded to her for failing to perfectly conform with the procedural requirements of Rule 56(d), given her *pro se* status.[1] Instead, however, Ms. Attariwala falsely accused her adversary of failing to respond to her requests for discovery. She submitted with her briefing exhibits which purportedly offered proof of her attempts to serve discovery related to her counterclaims, though, as discussed in our summary judgment order, these evidentiary submissions were simply copies of interrogatories and requests for production related to Singota's claims against her. Now, in her Motion for Reconsideration, she backtracks on her unfounded accusations of discovery misconduct and asserts that she simply needs more time for discovery so that she may prove her counterclaims.

We will not afford Ms. Attariwala this opportunity, given her total failure to comply with Rule 56(d) and her lack of candor with the Court. For these reasons, Ms. Attariwala's Motion to Reconsider [Dkt. 228] is **denied.**

IT IS SO ORDERED.

Date:   8/4/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Singota likely would have objected to offering Ms. Attariwala such leniencies, given that her *pro se* filings have, at times, included sophisticated legal terminology and argumentation, thus raising concerns for Singota that Ms. Attariwala's husband, a licensed attorney, is "ghostwriting" for her. [*See* Dkt. 226, at 2].

Distribution:

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Offer Korin
KATZ  KORIN CUNNINGHAM, P.C.
okorin@kkclegal.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com

Brooke Smith
KATZ  KORIN CUNNINGHAM, P.C.
bsmith@kkclegal.com