UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-01745-SEB-MG |
| JASPREET ATTARIWALA, SIMRANJIT JOHNNY SINGH, | ) |
| Defendants. | ) |
| JASPREET ATTARIWALA, | ) |
| Counter Claimant, | ) |
| v. | ) |
| BIOCONVERGENCE LLC, | ) |
| Counter Defendant. | ) |

**ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR SANCTIONS**

Now before the Court is Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Singota") Amended Motion for Sanctions against Defendant Jaspreet Attariwala's former counsel. Singota requests an order requiring Ms. Attariwala's former counsel to reimburse Singota for the costs it has incurred in defending against Ms. Attariwala's allegedly frivolous counterclaims.[1] For the reasons set forth herein, this motion is **denied**.

---

[1] Throughout this litigation until February 11, 2020, Ms. Attariwala was represented by Paul L. Jefferson, Jody M. Butts, Erik C. Johnson, Cynthia A. Bedrick, and Jason D. Clark of the then-named law firm of McNeely Stephenson (now McNeelyLaw LLP). [See Doc. 147.] Ms. Attariwala's counsel moved for leave to withdraw their appearances on January 30, 2020. [Doc. 140]. Our Court granted this request on February 11, 2020. [Doc. 147.] On March 4, 2020, J. Lee McNeely of McNeelyLaw LLP filed a limited appearance to respond to Singota's pending Motion for Sanctions. [Doc. 157.]

## DISCUSSION

### I. Background

The history of this litigation has been recounted by the Court numerous times at this point. We review now only the procedural backdrop relevant to a determination of whether sanctions are warranted against Ms. Attariwala's former counsel for pursuing counterclaims that were purportedly "legally and factually groundless."

Singota initiated this lawsuit against Ms. Attariwala, its former employee, in the Monroe Circuit Court I (Indiana) on February 27, 2019. On March 14, 2019, Ms. Attariwala filed her Counterclaim alleging breach of contract, violations of the Indiana Wage Payment Statute, and tortious interference with contractual relationships. Ms. Attariwala's primary theory of relief was that Singota had made oral promises to her that it would be implementing an incentive plan which would entitle her to various bonuses; however, no plan was ever formalized, and Ms. Attariwala departed from the company feeling that she had been robbed of wages to which she was entitled. Following the removal of this case to our Court, Ms. Attariwala re-filed her Counterclaim on August 8, 2020.

Singota argues that, at the time of this re-filing, it was apparent that these counterclaims were "frivolous, groundless, unreasonable, and in bad faith," given that Ms. Attariwala had acknowledged in her deposition that no incentive plan had been finalized by Singota.

On December 10, 2019, Singota's counsel transmitted to Ms. Attariwala and her counsel a letter demanding the dismissal of Ms. Attariwala's counterclaims based on their

being legally and factually untenable. Consistent with Rule 11(c)(2), draft versions of Singota's motion and memorandum for sanctions were attached to Singota's letter. Seven days thereafter and prior to the expiration of the twenty-one day safe-harbor period mandated by Rule 11,[2] Ms. Attariwala filed a Voluntary Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court"). *In re Jaspreet Attariwala*, No. 19-00828–SMT (D.D.C.). Upon the filing of her petition, Ms. Attariwala's property, including her counterclaims, became property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). In addition, the filing of Ms. Attariwala's bankruptcy petition triggered the automatic bankruptcy stay, which is applicable to "any act to obtain possession of the property of the estate" and, important for our purposes here, any act "to exercise control over the property of the estate." 11 U.S.C. § 362(a)(3).

On December 31, 2019, defense counsel responded to Singota's warning-shot letter advising that they did not believe the counterclaims could be dismissed in light of their client's recent bankruptcy filing. Defense counsel also defended the reasonableness of the strategy to pursue the counterclaims. Singota did not respond.

---

[2] There is no dispute that under these rules a party seeking to impose sanctions must provide a twenty-one day "warning shot" to its adversary advising of its intent to seek sanctions unless some remedial action is performed. FED. R. CIV. P. 11(c)(2). If the party against whom sanctions are threatened fails or refuses to take the requested action within twenty-one days, then a motion for sanctions is permissible. Though section 1927 does not explicitly contain the "warning shot" requirement outlined in Rule 11(c)(2), an award of sanctions under section 1927 without a warning shot would effectively nullify the warning shot requirement of Rule 11 where, as here, the sanctions requests are intertwined, based on the same facts, and in pursuit of the same relief. *See Sanderson v. Indiana Soft Water Servs., Inc.*, 2004 WL 1784755, at *8 (S.D. Ind. July 23, 2004), *aff'd sub nom. Sanderson v. Culligan Int'l Co.*, 415 F.3d 620, 2005 WL 1618817 (7th Cir. 2005).

Instead, on January 29, 2020, Singota filed three motions: a Motion for Summary Judgment on Ms. Attariwala's Counterclaims,[3] the Motion for Sanctions, and a "Motion for Order Declaring that the Bankruptcy Automatic Stay Does Not Apply to the Motion for Summary Judgment or Motion for Rule 11 Sanctions" ("Motion for Declaration").

In its Motion for Declaration, Singota made clear that it was not pursuing sanctions against Ms. Attariwala; rather, only against her counsel. We thus agreed with Singota that its Motion for Sanctions did not "trigger[] the automatic stay in Section 362(a)(1) nor in Section 362(a)(3) as the motion is not framed 'against' Ms. Attariwala nor is it an attempt to control or possess any property of her bankruptcy estate."[4] Instead, the purported purpose of the Motion for Sanctions was to procure sanctions against counsel for "fil[ing], re-fil[ing], pursue[ing], (and continu[ing] to pursue)" the counterclaims which it knew to be legally and factually frivolous. [Dkt. 138, at 1].

The day after Singota filed this slew of motions, January 30, 2020, Ms. Attariwala's counsel moved to withdraw their appearances in this matter (with the exception of Mr. McNeely's limited appearance for purposes of litigating the Motion for Sanctions), which request we granted on February 11, 2020. In addition, on January 31, 2020, defense counsel transmitted a second letter to Singota, communicating, once again, their belief that the counterclaims were "property of the bankruptcy estate" and that "no

---

[3] We granted Singota's Motion for Summary Judgment on August 20, 2020, based largely on Ms. Attariwala's failure to submit any evidence to support her claims against Singota.

[4] As we had previously noted in our Order granting Singota's request for a declaration, an adversary who seeks dismissal of a debtor's claim or counterclaim does not violate Section 362(a)(3). [Dkt. 196-197].

action [could] be taken with respect to [the counterclaims] without the approval of the bankruptcy estate. To suggest that we can simply [] dismiss the claim[s] is legally and factually inaccurate." [Dkt 156-6]. Defense counsel further noted that Singota had omitted any mention of this issue in its Motion for Sanctions, nor did it respond to defense counsel's earlier communication. [*Id.*].

## II.     Our Denial of Singota's First Motion for Sanctions

As stated, on January 29, 2020, Singota filed its first Motion for Sanctions, specifically seeking payment of monetary sanctions from defense counsel pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.[5]

Federal Rule of Civil Procedure 11 provides that when an attorney signs a filing presented to the Court, the attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . ." that the filing:

> (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the . . . factual contentions have evidentiary support. . .

FED. R. CIV. P. 11(b).

---

[5] A district court also has an inherent power to sanction a party or its attorney who "has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401–02 (7th Cir. 2015) (*quoting Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). Though Singota cites this inherent authority as another grounds for sanctions, it presents no specific argument as to how defense counsel has "willfully abused the judicial process" or proceeded in "bad faith."

Rule 11(c) empowers the district court to impose sanctions if, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated. FED. R. CIV. P. 11(c)(1). If there are grounds for sanctions, the court has a duty to sanction the opposing party or its counsel. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The fine should focus on deterring repetition of the inappropriate conduct.

Under 28 U.S.C. § 1927,[6] the district court is vested with the authority to sanction an attorney or party "who so multiplies the proceedings in any case unreasonably and vexatiously." *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010). Sanctions are warranted under § 1927 "if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice. . . or where a claim [is] without a plausible legal or factual basis and lacking in justification." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (*citation and quotation marks omitted*); *Jolly Group, Ltd v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). Section 1927 is meant to deter abusive litigation practices by attorneys and to make them bear the unnecessary costs associated with their actions. *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005). It also imposes on attorneys a continuing obligation to dismiss claims that are no longer viable. *Edwards v. Equifax Info. Servs., LLC*, No. 117CV03096RLMMPB, 2018 WL 1748132, at *3 (S.D. Ind. Mar. 13, 2018), *report and recommendation adopted*, No. 1:17-CV-3096-RLM-MPB, 2018 WL 1745965 (S.D. Ind. Apr. 11, 2018).

---

[6] We note that while Singota repeatedly references Section 1927, it has tethered most of its legal analysis to Rule 11's prohibition on frivolous filings.

In its brief in opposition to Singota's first Motion for Sanctions, defense counsel reiterated their contention that they did not receive a meaningful opportunity to take advantage of Rule 11's safe-harbor provision given that the counterclaims indisputably merged into the bankruptcy estate as of December 17, 2019. Defense counsel acknowledged, as we had previously determined, that Ms. Attariwala, as a Chapter 13 debtor in possession, had concurrent standing with the bankruptcy trustee to prosecute claims on behalf of the estate. [Dkt. 196, at n. 8]. However, defense counsel noted that Ms. Attariwala's actions in resolution of the counterclaims must be taken for the benefit of the estate. *In re Smith*, 811 F.3d 228, 241 (7th Cir. 2016). Because the viability of her claims was still at issue when the warning-shot letter was transmitted, defense counsel argued that Ms. Attariwala "could not dismiss her claims against Singota any more than she could give away $30,000 in cash." Singota countered that "nothing in the bankruptcy code permits or requires a debtor to continue to pursue frivolous claims[.]"

On August 25, 2020, we denied Singota's Motion for Sanctions on the grounds that neither party had addressed a critical question: whether defense counsel could have unilaterally withdrawn Ms. Attariwala's counterclaims without running afoul of the bankruptcy code. We explained:

> Both parties' arguments are grounded in Ms. Attariwala's authority to pursue or not pursue her counterclaims following her bankruptcy filing. Of particular concern here, however, is the failure of either party (especially Singota as the movant, who bears the burden of persuasion) to address the question of what authority *defense counsel* possessed to unilaterally withdraw the counterclaims once they became the property of the bankruptcy estate. While both parties address what *Ms. Attariwala* could have (and allegedly should have) done as the Chapter 13 debtor in possession, Ms. Attariwala is *not* the target of Singota's sanctions motion. Neither party addresses whether *defense counsel*, regardless of Ms. Attariwala's

7

cooperation,[7] could have acted to withdraw the counterclaims without violating any provision of the bankruptcy code: see, for example, 11 U.S.C. § 362(a)(3) and its bar on attempts to exercise control over the property of the bankruptcy estate.[8] Without a more comprehensive discussion of these issues, we are unable to determine whether defense counsel possessed a meaningful opportunity to withdraw the counterclaims following the receipt of Singota's warning-shot communication but prior to the filing of Singota's Motion for Sanctions. *See Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1026 (7th Cir.1999) (holding that the twenty-one day safe harbor 'is not merely an empty formality.")

[Dkt. 227, at 8–9].

We thus denied Singota's Motion for Sanctions, though we afforded it the opportunity to file an amended motion addressing the aforementioned deficiencies in its original motion.

### III. Singota's Amended Motion for Sanctions Does Not Establish Its Entitlement to Attorneys' Fees

Singota has now filed its amended motion; however, this motion largely regurgitates the errors in the last motion. Singota fails to address the singular issue we permitted additional briefing on, instead, once again, devoting its briefing to a discussion of what *Ms. Attariwala* could have done as the debtor in possession of her own bankruptcy estate. We have never disputed Ms. Attariwala's powers as the debtor in

---

[7] Ms. Attariwala, now proceeding *pro se*, opposed Singota's Motion for Summary Judgment and filed a Motion to Reconsider our order granting summary judgment to Singota, insisting that her counterclaims are meritorious.

[8] We note that Singota's Motion for Declaration addressed simply whether a party could move for sanctions against a debtor's non-bankruptcy counsel without the movant violating the automatic bankruptcy stay; it did not address the issue now identified, that is, whether a debtor's non-bankruptcy counsel can unilaterally dismiss the debtor's counterclaim without violating the automatic bankruptcy stay.

possession, but those powers are ultimately irrelevant here. The question that remains unanswered is what authority her *counsel* had to unilaterally withdraw the counterclaims, that is, the remedial action requested in Singota's warning-shot letter. Singota proffers no argument as to counsel's authority to so act, nor does Singota direct us to any case law supportive of such authority. We will not conduct Singota's research nor craft arguments on its behalf.[9] Singota's failure to address this narrow issue provides sufficient grounds to deny the Amended Motion for Sanctions.

      Moreover, defense counsel has maintained that, to its knowledge, Ms. Attariwala's counterclaims for breach of contract, violations of the Indiana Wage Payment Statute, and tortious interference with contractual relationships were *not* legally or factually frivolous. As defense counsel explains, with respect to the first two claims, Ms. Attariwala represented to them that Singota had made various oral representations to her, promising certain incentives or bonuses for her work performed while in Singota's employment. However, Singota never fulfilled these promises, and Ms. Attariwala left her job believing she was entitled to additional payment. Defense counsel, following its various communications with Ms. Atttariwala, believes that discovery would have produced evidence in support of these assertions. Such discovery would have included

---

[9] Singota attempts to shift the burden to defense counsel to prove that it could not have withdrawn the claims without violating the bankruptcy code, but defense counsel is obviously not the movant here with the burden of persuasion. [Dkt. 237, at 29 ("Defendant's counsel did not cite authority for the proposition that they could no longer take action during the safe harbor period after Attariwala filed her bankruptcy petition; *id.*, at 31 ("Defendants' [*sic*] counsel failed to show that there was no corrective action they could take during the 21-day safe-harbor period.")].

9

deposing Singota's representatives and reviewing its internal communications and documents. However, defense counsel never conducted discovery on behalf of Ms. Attariwala, in part because of her inability to pay their fees associated therewith. According to defense counsel, Singota is attempting to use its sanctions motion as a vehicle to test the sufficiency of Ms. Attariwala's claims, but such disputes should be reserved for and resolved through dispositive motions.

We agree that Singota's Motion for Sanctions (both in its original and amended forms) reads as if it were a motion for summary judgment; it points to the lack of evidence that Ms. Attariwala mustered in support of counterclaims and directs the court to its supporting evidence, which simply exemplifies that there were no genuine issues of material fact which precluded summary judgment. However, we are also in agreement with defense counsel that Rule 11 is not the vehicle in which to test the legal and factual sufficiency of claims—other motions obviously fulfill that purpose. That Ms. Attariwala ultimately lost at summary judgment simply does not mean that her counsel are guilty of knowingly pursuing frivolous claims. *See LaSalle Nat'l Bank of Chicago v. County of DuPage*, 10 F.3d 1333, 1338 (7th Cir. 1993).

Indeed, as reflected in our summary judgment order, Ms. Attariwala did not lose at summary judgment because her legal theories for relief were untenable; she lost because she did not proffer evidence in support of her factual averments, and thus Singota's evidence carried the day.[10] [*See generally* Dkt. 226]. Had she proffered such evidence,

---

[10] Singota also argues that the counterclaim for tortious interference with contractual relationships fails to state a claim on which relief could be granted. [Dkt. 237, at 19 ("Attariwala

10

genuine issues of material facts would have resulted. Of significance to us here is that Singota has not cast into doubt the veracity of defense counsel's averments that they did, in fact, reasonably believe that discovery would have produced supporting evidence for Ms. Attariwala's claims. Without any legitimate basis on which to conclude that defense counsel did not reasonably and actually construe Ms. Attariwala's claims to be non-frivolous, we will not enter sanctions against them. [11]

Accordingly, for the reasons explicated above, Singota has not shown its entitlement to sanctions, nor has it shown that, even if sanctions were appropriate, that defense counsel had a meaningful opportunity to engage in Rule 11's safe-harbor provision.

## CONCLUSION

Singota's Amended Motion for Sanctions [Dkt. 236] is **denied.**

IT IS SO ORDERED.

Date: 8/4/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

did not plead facts giving rise to a plausible claim for tortious interference."). If this was Singota's interpretation of the counterclaim, a motion to dismiss would have been appropriate. We will not award Singota its attorneys' fees incurred in defending against this claim when it has contributed to the protracted nature of this litigation.

[11] Singota contends that defense counsel could have conducted discovery regardless of Ms. Attariwala's inability to pay because the Indiana Wage Payment Statute entitles the prevailing party to recover its fees. Even if defense counsel reasonably believed that Ms. Attariwala's claims were viable, however, there were no guarantees that they would ultimately prove successful. We do not believe that defense counsel were required to front the costs and invest the time and energy into discovery on behalf of a non-paying client in order to prove the veracity of their understanding of the counterclaims. We also note that, even accepting Singota's argument, defense counsel would have only recovered reimbursement for its fees incurred with litigating the wage payment claim; it would not have been entitled to fees for the remaining tort claims.

11

Case 1:19-cv-01745-SEB-MG   Document 291   Filed 08/04/21   Page 12 of 12 PageID #: 7392

12

Distribution:

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010

Justin A Allen
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
justin.allen@ogletree.com

Offer Korin
KATZ  KORIN CUNNINGHAM, P.C.
okorin@kkclegal.com

Christopher C. Murray
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C. (Indianapolis)
christopher.murray@ogletreedeakins.com

Brooke Smith
KATZ  KORIN CUNNINGHAM, P.C.
bsmith@kkclegal.com