UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | )   1:19-cv-1745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) ) |
| *Defendant*. | ) ) |

## ORDER

Pending before the Court in this breach-of-contract and trade secrets case brought by Plaintiff BioConvergence LLC, doing business as Singota Solutions ("Singota"), against its former employee, *pro se* Defendant Jaspreet Attariwala, are two related motions. First is a Motion to be Released as an Officer of the Court and for Distribution of Electronically Stored Information filed by the ESI Team and its proprietor, Rebecca Green. [Filing No. 271.] Second and related to the ESI Team's motion is Singota's Motion for Leave to File an *Ex Parte* and *In Camera* Response to the ESI Team's Motion. [Filing No. 277.]

### I.
### BACKGROUND

The Court does not need to repeat the tortured history of this case, as it is amply set forth in numerous prior orders, including most recently the Court's Order Denying Plaintiff's Motion to Amend Inspection Order. [Filing No. 292.] For purposes of addressing the current matters before the Court, it is worth noting the following timeline of events.

- Singota filed suit against Ms. Attariwala, its former employee, in Indiana state court on February 27, 2019 related to Ms. Attariwala's alleged theft of trade secrets and breach of

confidentiality obligations when she left Singota and started working for Emergent Biosolutions, Inc. ("Emergent").

- On March 4, 2019, the state court entered two orders. The first was a stipulated preliminary injunction which required, among other things, Ms. Attariwala to "within twenty-four (24) hours, make all computers, hard drives, storage media, email and cloud accounts, cell phones, and other devices available to Singota's [computer] forensic expert, Ms. Rebecca Green." [Filing No. 85-6.] The second order issued by the state court was an agreed "Order for Inspection of Computers and Electronic Storage Devices" (the "Inspection Order"). [Filing No. 85-7.] With the Inspection Order, the Court clarified that Ms. Green, "acting as an officer of the court, shall conduct an inspection of these devices, medica, accounts, and computers" in accordance with an extensive protocol set forth in the Inspection Order. [Filing No. 85-7.]

- On March 18, 2019, the state court entered an order reaffirming its prior oral order that Ms. Attariwala pay for "Phase I" of Ms. Green's costs. [Filing No. 85-8.] Ms. Attariwala provided a $5,000 deposit to Ms. Green. "Phase I" is defined as undertakings by Ms. Green to "identify, collect and review computers and other electronic storage devices and accounts from [Ms. Attariwala] for inspection and, if necessary remove or delete [Singota's] confidential information from those devices or accounts, in addition to other work incidental to these tasks." [Filing No. 85-8.]

- On April 30, 2019, Ms. Attariwala removed the case to this Court. [Filing No. 1.]

- On February 11, 2020, the Court granted counsel for Ms. Attariwala permission to withdraw from the case, leaving Ms. Attariwala to proceed *pro se*. [Filing No. 147.]

- On August 5, 2021, the Court denied Singota's Motion to Amend the Inspection Order in which Singota asked the Court to turn over all data collected from Ms. Attariwala to it. [Filing No. 292.]

## II.
### DISCUSSION

Ms. Green's company—the ESI Team—asks to be released from its appointment as an officer of the Court. In support, the ESI Team cites Ms. Attariwala's failure to deposit additional funds beyond the initial $5,000 deposit so that Ms. Green could complete her work, even though the state court had ordered her to deposit an additional $15,000. [Filing No. 271 at 2.] The ESI Team says that Singota has paid for Ms. Green to complete her work and issue reports that have been submitted to this Court, but Singota "has taken the position that it will not pay for any

2

additional or ongoing costs incurred by The ESI Team to maintain the materials [collected from Ms. Attariwala] it was provided or engage in any other activities." [Filing No. 271 at 3.] The ESI Team also notes that during Ms. Attariwala's bankruptcy proceedings, Ms. Attariwala initiated an adverse proceeding against it seeking an order for the return of Ms. Attariwala's electronic data and devices still in Ms. Green's possession. [Filing No. 271 at 3.] The ESI team says that it remains in possession of the following property of Ms. Attariwala: "two Smart Phones, two tablets, two laptops, two USB External Drives, nine USB Thumb drives, various email accounts, and passwords to some social medica accounts . . . in addition to the copies required by the Inspection Order." [Filing No. 271 at 3.] The ESI Team represents that "Singota has had an opportunity to obtain any information of interest." [Filing No. 271 at 3.] The ESI Team notes that since its appointment via the Inspection Order, "the landscape of the case has changed substantially and The ESI Team's services are no longer appropriate in this matter." [Filing No. 271 at 4.] It asks the Court to release it as an officer of the Court and make a determination about how the ESI Team should dispose of Ms. Attariwala's property still in its possession.

Singota opposes Ms. Green and the ESI Team's request. Instead of responding in substance, Singota asks the Court to grant it leave to submit a supplemental filing *ex parte* and *in camera* in which it "will propose . . . that ESI Team's and Green's withdrawal be conditioned upon certain terms consistent with the Inspection Order and other orders in this Court and upon certain other terms." [Filing No. 275 at 4.] Singota says that it needs to file its response *ex parte* and *in camera* because it contends that Ms. Green will serve as its testifying expert and therefore it needs to preserve the work-product privilege. [Filing No. 275 at 1.] Singota has filed a Motion for Leave to Submit a Supplemental Brief *Ex Parte* and *In Camera* to accomplish that request. [Filing No. 277.]

3

For her part, Ms. Attariwala responds that she does not object to releasing Ms. Green and the ESI Team as an officer of the Court. [Filing No. 276 at 1.] However, Ms. Attariwala faults Ms. Green for not raising this issue sooner, noting that Ms. Green has represented that Singota stopped paying her around November 2019, and Ms. Attariwala takes issue with Ms. Green and the ESI Team having had control of her property for more than two years. [Filing No. 276 at 1-2.] She objects to any of her data and devices being provided directly to Singota. [Filing No. 276 at 2.] As for Singota submitting a brief *ex parte* and *in camera* to the Court, Ms. Attariwala objects to that request and notes that Ms. Green is asking to be relieved of her duties as a duly appointed court officer, so she questions how Singota could assert work-product privileges over her work. She asks "Is Ms. Green a witness for Singota or is she an independent Officer of the Court?" [Filing No. 280 at 2.] She further argues that Ms. Green and Singota should explain why Singota's non-payment "was not presented to the Court any sooner than 18 months *after* she was no longer being paid and stopped work under the Inspection Order further delaying resolution of this case." [Filing No. 280 at 2.] She further contends that an *ex parte* proceeding would be prejudicial to her. [Filing No. 280 at 3.]

In reply to Singota and Ms. Attariwala's responses, the ESI Team says that "[w]hat neither party addresses is a plan to pay the outstanding balance due to The ESI Team or a plan to ensure future payment for its services" and says that it should not be required to carry ongoing storage costs without a plan for payment. [Filing No. 278 at 2.] Furthermore, the ESI Team does not object to Singota's request to exclude Ms. Attariwala from an *ex parte* supplemental filing but contends that it should be entitled to receive any such filing because it is an officer of the Court "and has complete access to all information which Singota alleges should be withheld from Attariwala." [Filing No. 279 at 1.]

Turning first to Singota's Motion for Leave to Submit a Supplemental Brief *Ex Parte* and *In Camera*, the Court finds Singota has not presented any compelling reason to grant the motion. The ESI Team's Motion concerns its release as an **officer of the Court** to complete the tasks identified in the Inspection Order.  The ESI Team's Motion does not concern its role as a potential expert witness on behalf of Singota.  Furthermore, Ms. Attariwala has an interest in the outcome of The ESI Team's Motion as it concerns the disposition of her devices, accounts, and data, which have been outside of her hands for more than two years while The ESI Team was to perform the tasks identified in the Inspection Order.  She would undoubtedly be prejudiced if Singota were permitted to have *ex parte* conversations with the Court about the Inspection Order.  Therefore, Singota's Motion for Leave, [Filing No. 277], is **DENIED**.

Turning to The ESI Team's Motion to be Released as an Officer of the Court, at the outset, as the Court noted in its prior Order denying Singota's Motion to Amend Inspection Order, the problems they are now encountering are largely attributable to the parties' inaction and delay in seeking Court intervention or approval.  [*See* Filing No. 292 at 16-20.]  Nevertheless, to fully evaluate the ESI Team's request and the potential disposition of the data, devices, and accounts, the Court needs more information from the ESI Team about the tasks that it has completed to date pursuant to the Inspection Order.  Therefore, the Court **ORDERS** the ESI Team to file a certification with this Court identifying (a) the tasks it completed pursuant to the Inspection Order, [*see* 85-7], (b) whether and what Singota information has been removed from Ms. Attariwala's accounts and devices, and (c) the copies of data and images of devices in its possession.

### III.
### CONCLUSION

Based on the foregoing, Singota's Motion for Leave to Submit Supplemental Brief *Ex Parte* and *In Camera*, [277], is **DENIED**.  The ESI Team is **ORDERED by no later than September**

**14, 2021** to file a certification identifying (a) the tasks it completed pursuant to the Inspection Order, [85-7], (b) whether and what Singota information has been removed from Ms. Attariwala's accounts and devices, and (c) the copies of data and images of devices in its possession.

Date: 8/27/2021

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010