UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| vs. | ) 1:19-cv-1745-SEB-MG<br>) |
| JASPREET ATTARIWALA, | )<br>)<br>) |
| *Defendant*. | )<br>)<br>) |

## ORDER

Pending before the Court is Plaintiff BioConvergence LLC's (doing business as Singota Solutions ("Singota")), Motion for Reconsideration, [Filing No. 317], in which it asks the Court to make various revisions to its November 30, 2021 Order (the "ESI Order"), [Filing No. 311], in which the Court released Singota's prior expert, Rebecca Green, as an officer of the Court and directed the disposition of certain devices, accounts, and electronically stored information owned by *pro se* Defendant Jaspreet Attariwala.  Also pending is Singota's Motion to Supplement its Motion for Reconsideration (the "Supplemental Motion"), [Filing No. 330], in which it makes a further modification request.  Between the two Motions, Singota requests the following revisions to the ESI Order: (1) that the Court authorize Jim Vaughn of iDiscovery to complete the tasks in the ESI Order and Inspection Order, [Filing No. 85-7], rather than Singota's counsel; (2) that the Court enlarge the timeframe to complete the tasks in the ESI Order; (3) that the Court permit Singota to search Ms. Attariwala's devices, accounts, and electronically stored information for other information that Singota wants beyond the Inspection Order; (4) that the Court strike language from its ESI Order referencing Ms. Attariwala's "apparent inability to finance a review

of the devices, accounts, and data collected to date" and Ms. Attariwala's "stated inability to fund third-party review of her devices, accounts, and data"; and (5) that the Court permit Mr. Vaughn, as Singota's new expert, to retrieve certain emails on a MacBook device and otherwise participate in a subpoena-enforcement proceeding[1] against Ms. Attariwala's husband pending in the District Court for the District of Columbia. Ms. Attariwala opposes Singota's Motions. [Filing No. 317; Filing No. 332.] Each request is addressed below.

## I.
### DISCUSSION

**A.    Utilizing Mr. Vaughn to Complete Tasks in the ESI Order and Inspection Order**

The ESI Order states that Singota's counsel is permitted access to Ms. Attariwala's accounts, devices, and data to complete the procedures set forth in the Inspection Order, and that Court approval is needed to permit anyone else access. [*See* Filing No. 311 at 12.] Singota represents that its counsel is incapable of completing these tasks and therefore asks that the Court permit Singota to have Mr. Vaughn, Singota's new testifying computer forensic expert, complete these tasks. [Filing No. 317 at 1-3.] The Court **GRANTS** this request insofar as Mr. Vaughn may assist counsel in completing the Inspection Order tasks as described in the ESI Order.[2]

**B.    Timeframe for Completing the ESI Order**

In a roundabout manner, Singota asks the Court to revise its timeline for Singota's counsel and Mr. Vaughn to complete the review of Ms. Attariwala's devices, accounts, and data. The ESI

---

[1] *BioConvergence LLC v. Attariwala*, 1:20-mc-101-R.C. (D.D.C.), (the "D.C. Court").

[2] Ms. Attariwala's Response, [Filing No. 323], asks the Court to "appoint an [i]ndependent expert or a mediator for the limited purposes of completing the [ESI Order] and to ensure that [Singota's counsel] complies with the Court's direction." [Filing No. 323 at 6.] This request, embedded as an aside in a response brief, is not properly before the Court. In any event, the Court **DENIES** such a request.

Order required Singota's counsel to provide Ms. Attariwala with a list of the data that Singota contends belongs to it and needs to be removed from Ms. Attariwala's devices and accounts within 28 days of after receipt of the devices and accounts from Ms. Green. [Filing No. 311 at 15.] Once Singota's counsel provides this list, Ms. Attariwala had 14 days to object to the removal of any data identified by Singota's counsel. [*Id.*] Then, within three business days following an order from this Court resolving any disputes, Singota was required to return the devices and accounts to Ms. Attariwala. [*Id.*]

In its Motion, Singota seeks to re-define the tasks that need to be completed and eliminate any timeline for the return of Ms. Attariwala's devices and accounts. In particular, Singota proposes that the following:

> Mr. Vaughn proposes that he (a) confirm the inventory of Devices and Accounts received by Singota from Ms. Green, including confirming which Devices and Accounts have been imaged and identifying any Devices and Accounts for which Singota did receive an image from Ms. Green; (b) determine if Singota has received from Ms. Green the login information needed for all of the Devices and Accounts; (c) determine whether he needs to create images for any Devices and Accounts that were not imaged by Ms. Green; (d) determine whether any of the Devices and Accounts need to be reprocessed with iDS's current software as Ms. Green recommended in her certification (ESI Certification [doc. 297 ¶ 17]); (e) determine the volume of the data on the Devices and Accounts, including the volume of email, files, and photographs contained; (f) determine whether he can pull email from the Devices and Accounts to allow Singota's counsel to review that email in Relativity; (g) determine whether he can run reports listing all files contained on the Devices and Accounts for review; (h) propose options for most efficiently reviewing the photographs and images contained on the devices; (i) propose any appropriate alternatives for reviewing the data on the Devices and Accounts most efficiently, economically, and promptly; (j) attempt to determine whether any of the collected Devices and Accounts have been backed up to or copied to other devices and accounts; and (k) make any other proposals or recommendations appropriate based on his initial review of the Devices and Accounts. (*Id.* ¶ 11.)

[Filing No. 317 at 3-4.] Singota ask that it and Mr. Vaughn be afforded four weeks to complete these assessments. [Filing No. 317 at 4.] Notably, most of these tasks involve checking or re-doing the work of Singota's prior expert and involve assessments rather than actually identifying

3

and removing Singota data. The proposal does not provide for the return of the devices, accounts, and data to Ms. Attariwala.

This case was filed nearly three years ago. Singota or its expert has been in possession of much of the devices, accounts, and data for *years* at this point. The Court will not permit Singota to delay discovery in this matter with an order that provides no deadline for Singota to complete its discovery. The Court reiterates its prior directive that, at this juncture of the litigation, Singota should "focus its efforts on devices and accounts which it reasonably believes contain Singota information, not every account that may have been accessed on a computer or device, or every device that may at some point have been connected to a computer." [Filing No. 311 at 14 (citing Fed. R. Civ. P. 1 (discussing objective of just, speedy, and inexpensive litigation); Fed. R. Civ. P. 26(b)(1) (noting that discovery is to be proportional)).]

Therefore, the Court **DENIES** Singota's request and further reinstitutes the timetable set forth in the ESI Order and **ORDERS** that within 28 days of this Order, Singota is to provide Ms. Attariwala with a list of the data on Ms. Attariwala's devices and accounts that Singota contends belongs to it; Ms. Attariwala will then have 14 days to object, and Singota will have three business days to return the accounts, devices, and data to Ms. Attariwala after the Court's ruling on any objections.

**C.    Searching Ms. Attariwala's Devices and Accounts for Other Information**

The purpose of the Inspection Order is to enable Singota to retrieve and delete its purported confidential information and trade secrets from Ms. Attariwala's accounts and devices. [*See* Filing No. 85-7 at 7 (specifying that Ms. Attariwala's devices, accounts, and data were to be analyzed for "a. The presence of Singota information. b. The access of Singota information. c. The transfer of Singota data … d. Forwarding of Singtoa information… e. Printing of Singota information… f.

4

The deletion of information" *** "If no Singota data is located, the computers and storage media will be returned to [Ms. Attariwala].")] Singota now asks that the Court expand the Inspection Order to enable Singota to engage in free-ranging searches for the collection of documents that it deems responsive to the 25 interrogatories and 63 requests for production that it has served on Ms. Attariwala. [Filing No. 317-3.] The reason given by Singota for deviating from the protocol set forth in the Federal Rules of Civil Procedure is that, unsurprisingly, Ms. Attariwala responded to certain discovery requests by stating that she could not produce documents because they were in the possession of Singota's prior expert. [Filing No. 317 at 4.] But, this is not a legitimate reason to set aside the Federal Rules of Civil Procedure and only supports the Court's finding that Ms. Attariwala's devices, accounts, and data (minus Singota's confidential and proprietary information) need to be returned to her with all due speed.

The Court **DENIES** Singota's Motion to search Ms. Attarwiala's devices, accounts, and data for information responsive to discovery requests. The sole purpose of Singota and Mr. Vaughn is to locate and remove Singota's proprietary and confidential information.

D.    **Striking Reference in the ESI Order Regarding Ms. Attariwala's Professed Financial Standing**

The Court **DENIES** Singota's request to strike references to Ms. Attariwala's stated inability to pay for a third-party to conduct a review of her devices, accounts, and data. The Court reiterates its ESI Order, including the language that "[n]othing in this [Order] prevents Singota from seeking [ESI expert] fees as damages in this Court or the bankruptcy proceedings." [Filing No. 311 at 13.]

E.    **The Subpoena Enforcement Matter in the District of Columbia**

In its Supplemental Motion, [Filing No. 330], Singota asks the Court to permit Mr. Vaughn to recover from a MacBook computer currently in the possession of Singota's counsel certain

emails deleted by Ms. Attariwala's husband and to permit Singota to provide copies of such emails (if they exist) to the D.C. Court. During a November 19, 2021 hearing before the D.C. Court, the Court requested as follows:

> [COURT:] In the meantime, I want [Singota's counsel] to try to get, again, at [Singota's] expense the three emails from Ms. Green and help me figure out what harm, if any, there is to this deletion of the emails.
> \*\*\*
> See if you [Singota's counsel] can locate through Ms. Green the emails. To the extent you have not nailed down what the three emails are, work together with [the counsel for Ms. Attariwala's husband] to – to do that, and then see if you can obtain it from Ms. Green and then get back to me on that.

[Filing No. 330-1 at 6-7.] The Court **GRANTS** Singota's request to allow Mr. Vaughn to search for the emails discussed during the D.C. Court's hearing and permits Singota to provide these emails to the D.C. Court.

> On January 14, 2022, the D.C. Court further ordered as follows:
>
> Upon the Indiana courts issuance of an order regarding the sharing of evidence and data with Bioconvergence's new expert (or sooner if Bioconvergence prefers), the parties shall meet and confer regarding a proposed protocol for the inspection of Bioconvergence's selected device. If no agreement, the parties shall file competing protocols and the Court will order a protocol. Third party defendant Singh shall submit the texts between he and his counsel during the deposition for in camera ex parte review by 1/21/2022. Defendant Singh shall determine whether or not he can identify the three deleted emails. If he maintains that he cannot, the Court shall hold an evidentiary hearing at which defendant Singh will testify regarding the emails and the spoliation issue.

*BioConvergence, LLC v. Attariwala, et al.*, Case No. 1:20-mc-101-RC (D.D.C., Jan. 14, 2022 Minute Entry). The Court further **GRANTS** Singota's Supplemental Motion to the extent the Court **ORDERS and CLARIFIES** that nothing in this Order or the ESI Order precludes the parties from engaging in the process ordered by the D.C. Court in its January 14, 2022 entry.

## II.
### CONCLUSION

Based on the foregoing, Singota's Motion for Reconsideration, [317], of the ESI Order is **GRANTED IN PART and DENIED IN PART** as follows:

- Mr. James Vaughn with iDiscovery Solutions, Inc. is permitted access under the ESI Order, [311], to the Devices and Accounts belonging to Ms. Attariwala.

- Within 28 days after receipt of this Order, Singota's counsel or Mr. Vaughn is to provide Ms. Attariwala and the Court with a list of the data on Ms. Attariwala's Devices and Accounts that Singota contends belongs to it and needs to be removed from Ms. Attariwala's Devices and Accounts.

- Once Ms. Attariwala receives the list, she has 14 days to object to the removal of any of the data identified by Singota's counsel and/or Mr. Vaughn.

- Within 3 business days following an order by this Court resolving any disputes about the removal of alleged Singota data, Singota's counsel will ensure Ms. Attariwala's Devices and Accounts are returned to her. Singota shall maintain a copy of the removed Singota data until the conclusion of this litigation, including any appeals, or until further order of the Court.

- For purposes of completing the Inspection Order, Ms. Attariwala and her husband are not waiving and will not be deemed to have waived or diminished, any of its attorney work-product protections, attorney-client privileges or similar protections and privileges.

The Motion for Reconsideration is **DENIED** in all other respects.

Singota's Supplemental Motion, [Filing No. 330], is **GRANTED to the extent that** Mr. Vaughn is permitted to search for and provide the emails identified by the D.C. Court. The Supplemental Motion is further **GRANTED to the extent that** the Court **ORDERS and CLARIFIES** that nothing in this Order or the ESI Order precludes the parties from engaging in the process ordered by the D.C. Court in its January 14, 2022 entry.

The parties are further **ORDERED** to meet and confer about the remaining discovery needed to litigate this case to its conclusion and submit a joint proposed case schedule for the remaining of this case **on or before March 3, 2022**.

Date: 2/1/2022

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010