UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | ) 1:19-cv-1745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) |
| *Defendant*. | ) ) ) |

**ORDER**

Pending before the Court is Plaintiff BioConvergence LLC's (doing business as Singota Solutions ("Singota")), Motion for "Declaration that Plaintiff May Properly File in Defendant's Bankruptcy Case Documents Relating to Defendant that Rebecca Green Produced in this Litigation" (the "Bankruptcy Discovery Motion"). [Filing No. 320.] Ms. Attariwala has filed a response,[1] [Filing No. 329], and Singota has filed a reply, [Filing No. 336].

In short verse, *pro se* Defendant Jaspreet Attariwala filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of Columbia in December 2019. *In re Jaspreet Attariwala*, Case No. 19-00828-ELG (Bankr. D.D.C.). Singota has appeared in the bankruptcy proceeding and filed a claim and adversary proceeding, in addition to numerous motions and

---

[1] Ms. Attariwala's response, [Filing No. 329], is styled as a "Motion for Reconsideration" of the Court's prior Order, [Filing No. 328], granting Singota permission to file Ms. Attariwala's personal documents under seal rather than publicly. However, a review of that Motion reveals that Ms. Attariwala mistakenly thought that the Court's Order sealing the documents granted Singota's Bankruptcy Discovery Motion. [*See* Filing No. 329.] Therefore, the Court **DENIES** Ms. Attariwala's Motion to the extent it seeks reconsideration of permission to seal documents and instead construes the filing as a response to Singota's Bankruptcy Discovery Motion because the sum and substance of Ms. Attariwala's filing addresses that motion.

objections.  In the Bankruptcy Discovery Motion, Singota asks that it be permitted to file a 2015 engagement-ring appraisal and a 2017 statement related to a brokerage account held by Ms. Attariwala with the Bankruptcy Court.[2]  Singota says that it came into possession of these documents in *this* litigation because they were provided to Singota by its prior expert, Rebecca Green, under the Inspection Order, [Filing No. 85-7], even though under the Inspection Order, Ms. Green was only to provide to Singota data containing Singota's confidential and proprietary information, which these documents clearly do not.  [*See* Filing No. 85-7.]  Singota does not argue that the personal documents are relevant to *this* litigation.  Singota argues that Ms. Attariwala waived any objection to Singota possessing her personal financial documents because Ms. Attariwala's former counsel in this litigation did not object to Ms. Green's proposal to give these documents to Singota in November 2019.  [*See* Filing No. 320 at 1-3.]

Ms. Attariwala objects to Singota's request.  She correctly notes that that the Inspection Order was meant as a vehicle to identify and recovery Singota's confidential and proprietary information, not as a tool for Singota to access Ms. Attariwala's personal documents.  [Filing No. 329 at 2.]

Under the Inspection Order, Ms. Green was to "provide a list of files identified as *potentially responsive* to both parties' counsel, including file name, harvest location, created, modified and accessed dates, as well as common metadata field."  [Filing No. 85-7 at 8 (emphasis added).]  Apparently, Ms. Green simply identified all files within the "Jessie Docs" folder rather than identifying only those files that potentially contained Singota information.

---

[2] Singota says it needs to file the appraisal and account statement with the Bankruptcy Court to show that Ms. Attariwala allegedly concealed assets (notwithstanding that these documents were apparently in the possession of Ms. Green and/or Singota at the time of Ms. Attariwala's Chapter 13 petition) in furtherance of Singota's efforts to have Ms. Attariwala's Chapter 13 petition dismissed as filed in bad faith.  [Filing No. 320 at 4.]

Regardless of any waiver issue, the Court is putting Singota on notice that it will not permit it to litigate Ms. Attariwala's bankruptcy case through proceedings in this Court.[3]  Instead, Singota should focus on removing its information pursuant to the Inspection Order, [Filing No. 85-7], and the Court's ESI Orders, [Filing No. 311 and the order addressing Singota's Motion for Reconsideration that is being filed concurrently with this order], so that Ms. Attariwala's devices, accounts, and data are promptly returned to her.  The return of Ms. Attariwala's property to her would enable her to produce relevant documents in the bankruptcy proceedings.

However, this Court is sensitive to the Bankruptcy Court's need to promptly resolve Ms. Attariwala's bankruptcy petition.  The Court further notes that Ms. Attariwala does not contend that this information is irrelevant to the Bankruptcy Court proceedings.  Therefore, Singota's Motion, [320], is **GRANTED** to the extent the Court's permits Singota leave in this limited instance to file the 2015 appraisal and the 2017 account statement with the Bankruptcy Court.  Singota should not expect leave to be granted in the future as the Court expects Ms. Attwariwala's devices, accounts, and data to be promptly returned to her as set forth in the Court's ESI Orders.

Ms. Attariwala's Motion for Reconsideration, [329], of the Court's order permitting certain documents to be filed under seal in this case is **DENIED**.

Date: 2/1/2022

_Mario Garcia_
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

---

[3] Indeed, Singota's counsel has objected to Ms. Attariwala's bankruptcy counsel using any discovery provided in this litigation in the bankruptcy case. [*See* Filing No. 250-2 at 141.]

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010