**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| BIOCONVERGENCE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:19-cv-01745-SEB-MG |
| | ) |
| JASPREET ATTARIWALA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S SUBMISSION OF FILE LISTINGS**

Pursuant to this Court's orders, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Singota"), respectfully submits lists of files contained on or in certain of Defendant Jaspreet Attariwala's ("Defendant's") devices and accounts that Singota contends are potentially Singota's electronically stored information ("ESI") and would need to be removed from those devices and account before they can be returned to Defendant. Specifically, Singota submits:

- An unredacted copy of a file listing (the "First List") filed under seal at Filing No. 374;

- A redacted copy of the First List attached hereto as Exhibit 1 – 10; and

- A second, longer file listing (the "MD5 List") contained in a spreadsheet that Singota's counsel is emailing directly to the Magistrate Judge's Chambers pursuant to the Court's order dated May 5, 2022.

**BACKGROUND**

The Court ordered Singota's counsel's "to provide Ms. Attariwala and the Court with a list of the data on Ms. Attariwala's devices and accounts that Singota contends belongs to it and needs to be removed from Ms. Attariwala's Devices and Accounts." (Order dated Nov. 30, 2021

("11/30/21 Order") [Doc. 311] at 15.)  On February 1, 2021, the Court granted Singota's counsel leave to utilize the assistance of computer forensics and electronic discovery experts Jim Vaughn and iDiscovery Solutions, Inc. ("iDS") in performing this task. (Order dated Feb. 1, 2022 ("2/1/22 Order"), Doc. 339, at 2.)

Pursuant to the Court's orders, iDS and Sigota's counsel have conducted an extensive review of various devices and accounts belonging to Defendant that Singota's counsel received from Rebecca Green. Specifically, iDS and Singota's counsel have searched and reviewed over 4 million files from approximately two dozen devices and accounts received from Ms. Green using automated key-word searching, additional data analysis, and manual review. Based on this review, iDS and Singota have prepared two lists. The First List identifies approximately 47,715 files that iDS and Singota's counsel have identified as potential Singota ESI based on the results of iDS's and Singota's counsel's key word searching, data analysis, and/or manual review. The second list, the MD5 List, identifies approximately 300,000 files that may include Singota ESI but require forensic analysis.

With respect to these two lists, Singota respectfully notes the following:

- The key for identifying the devices and accounts addressed in the First List and MD5 List is as follows:

| iDS EID | Data Source | Custodian/GeneralNotes | Type (Desktop/Laptop/USB) | SourceComputer Make |
|---------|-------------|------------------------|---------------------------|---------------------|
| A0002 | USB Drive | Label: Punjab! Songs 2015 | USB Drive | |
| A0003 | USB Drive | Label: BioSpectra | USB Drive | |
| A0004 | Ext. HD | | USB Drive | |
| A0005 | Mobile Device | Pink Case | Mobile Device | Apple |
| A0006 | Mobile Device | White iPhone | Mobile Device | Apple |
| A0007 | Mobile Device | | Mobile Device | Apple |

| A0008 | USB Drive | Small 64GB Thumb drive | USB Drive | |
| A0009 | Laptop | D:\Surface\Attariwala_Surface: | Laptop | Microsoft |
| A0010 | USB Drive | BioC_A | USB Drive | |
| A0011 | USB Drive | BioC_B | USB Drive | |
| A0012 | USB Drive | Kingston | USB Drive | |
| A0013 | USB Drive | LifeSciences | USB Drive | |
| A0014 | USB Drive | SanDisk_A | USB Drive | |
| A0015 | USB Drive | SanDisk_B | USB Drive | |
| A0016 | USB Drive | SanDisk_C | USB Drive | |
| A0017 | USB Drive | Singota | USB Drive | |
| A0018 | Laptop | Attariwala Sony Vaio | Laptop | |
| A0019 | Laptop | Singota Surface Used by Attariwala | Laptop | Microsoft |
| A0020 | Laptop | Macbook | Laptop | Apple |
| A0021 | Laptop | Attariwala Seagate E01 Image | Ext. HD | |

| iDS EID | Type | Source | Source Account |
| --- | --- | --- | --- |
| S0001 | Cloud - Data | Google Takeout | info@honeyjl.com |
| S0002 | Cloud - Data | Google Takeout | jsaini1@gmail.com |
| S0003 | Cloud - Data | iCloud Collection | jsaini1@gmail.com |
| S0004 | Cloud - Data | Google Takeout | simandjessie@gmail.com |

- iDS and Singota have exercised their best efforts to identify Singota ESI and to exclude Defendant's personal files, but iDS and Singota acknowledge that their lists are imperfect. iDS and Singota have worked diligently within the time frame allowed by the Court to review a vast amount of data using the tools and resources available to them. Significantly, Defendant failed to provide any assistance in these efforts. Defendant has never during the course of this litigation disclosed to Singota (or the Courts) what Singota ESI she copied or where she copied it to.  Singota, Ms. Green, and iDS have been left to search for and try to discover the Singota ESI that Defendant took, and where she transferred it, without any assistance from her. In these circumstances, Singota's counsel and iDS respectfully reserve the right to identify

additional Singota ESI on the devices and accounts so far collected and to supplement the First List and MD5 List, if appropriate. Singota's counsel and iDS also may continue to refine the two lists to remove files if they are determined upon further review not to contain or constitute Singota ESI.

- iDS and Singota's Counsel have determined that Ms. Green did not collect all of the accounts that Defendant made available to Ms. Green. The First List and the MD5 List do not cover those accounts that Ms. Green did not collect. By separate motion, Singota will move the Court to grant iDS leave to collect certain accounts that Defendant made available to Ms. Green but which she did not collect so that iDS and Singota's counsel may search them for Singota ESI and clear them as appropriate for return/release to Defendant.

- iDS was unable to access two of the accounts that Ms. Green collected because the software program used by Ms. Green is now outdated. By separate motion, Singota will ask the Court for further guidance to address this issue.

- The MD5 hash value should be a unique digital fingerprint for each electronic file. However, the MD5 List contains nearly 400,000 files that all have the same MD5 hash value. A few of these files appear to relate to Singota, and many of the files appear not to relate to Singota. iDS must do further forensic analysis to determine why all of these files have the same MD5 hash value. For the time being, iDS has included all of these files with the same MD5 hash value on the MD5 List.

- It is unclear to Singota and iDS the amount of forensic analysis of the above-referenced devices and accounts that iDS is permitted to conduct pursuant to the Court's recent orders. (*See, e.g.*, 11/30/21 Order at 12 ("Counsel is not permitted to engage in open-

ended discovery as to the Devices and Accounts.").) By separate motion, Singota will ask the Court to grant iDS leave to conduct forensic analysis necessary to address certain outstanding matters, including to refine the MD5 List, to identify additional activities by users to try to determine what was done with the Singota ESI that Defendant took, and to address various related questions.

- Singota recognizes that the redactions to the attached Exhibits will make it difficult for Defendant to review the First List in detail. However, these redactions to the First List are necessary because that list contains extensive amounts of confidential Singota information. For example, the First List contains nearly 30,000 Singota emails that Defendant copied from Singota's computer systems. The First List identifies the senders, recipients, subject lines, and attachments of those emails. Many of those emails were exchanged between Singota personnel and Singota's clients and prospective clients. As a result, many of the emails contained on the First List disclose the identity of Singota's clients and prospective clients (including their key contact personnel and those individuals' email addresses), what projects those clients and prospective client were working on at certain times, and the interactions between those clients and prospective clients and Singota. In addition, other file listings contained on the First List identify Singota's clients and prospective clients, for example, in the names of the file listings. Accordingly, pursuant to the Protective Order in this case, Singota has designated the First List as "Confidential – Attorneys' Eyes Only."  By separate motion, Singota will propose alternative means for Defendant to review the First List that will, at the same time, protect Singota's confidential information that is disclosed in the First List.

Respectfully submitted,

/s/  Christopher C. Murray
Christopher C. Murray, Atty. No. 26221-49
Justin A. Allen, Atty. No. 31204-49
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
111 Monument Circle, Suite 4600
Indianapolis, Indiana  46204
Telephone:  317.916.1300
Facsimile:  317.916.9076
christopher.murray@ogletree.com
justin.allen@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to any parties registered for receipt of electronic filings by operation of the Court's CM/ECF system.

In addition, I hereby certify that on May 9, 2022, a copy of the foregoing will be sent by email:

Jaspreet Attariwala
jattariwala6@gmail.com

/s/ Christopher C. Murray