UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) 1:19-cv-1745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) ) |
| *Defendant*. | ) ) |

**REPORT AND RECOMMENDATION**
and
**ORDER TO SHOW CAUSE**

Pending before the Court is *pro se* Defendant Jaspreet Attariwala's filing entitled "Objection to Plaintiff's Submission of File Listings and Motion to Hold Singota and [its Counsel] in Contempt," (the "Motion"). [Filing No. 379.]

**A. Background**

The genesis of Ms. Attariwala's Motion is this Court's orders requiring Singota to (1) complete its review of the devices and accounts that it previously seized from Ms. Attariwala; (2) identify the data that it believes in good faith is confidential and proprietary to it in a list for Ms. Attariwala's review; (3) delete the data to which Ms. Attariwala does not object; and (4) return the devices and accounts to Ms. Attariwala, minus the removed data that belongs to Singota. [Filing No. 311; Filing No. 339; Filing No. 351; Filing No. 361; Filing No. 369; Filing No. 372.] Although parties in trade-secrets disputes in this Court and across the country are able to complete such tasks without issue, the parties to this mine-run trade secrets case are apparently incapable of doing so (or at least have been incapable of doing so thus far during the 3-½ years this case has

been pending). To be sure, Ms. Attariwala's *pro se* status complicates these tasks, but the absence of counsel does not render the tasks impossible.

The problems identified by Ms. Attariwala in her Motion are at steps 2 and 3 of the process described above. First, the list provided by Singota to Ms. Attariwala at step 2 is heavily redacted such that, for most files, Ms. Attariwala cannot discern what files Singota proposes to remove. (Singota represents that it will at some later date provided a "refined" list, but it is not clear what this means, and the Court has not granted Singota leave to proceed in such fashion.) [Filing No. 379 at 2.] Second, the files that are discernible include files that, based on the files' names, clearly do not contain Singota's proprietary and confidential information, such as Ms. Attariwala's engagement photos and personal income tax documents, putting into question whether Singota compiled the list in good faith. [Filing No. 379 at 2.] She says that as result of these failures, Singota and its counsel have not complied with the Court's orders to complete steps 1-4 described above and should therefore be held in contempt.

In its response, Singota acknowledges that its search terms generated hits on many irrelevant documents. [Filing No. 383 at 6.] As for the redactions, Singota also acknowledges that they are problematic but states that it will "[b]y separate motion," (that has not been filed to date) it will provide "Proposed alternative means for [Ms. Attariwala] to review" the unredacted list. [Filing No. 383 at 8.] Singota also notes that on May 26, 2022 (*i.e.*, after Ms. Attariwala filed her Motion), it returned five devices to Ms. Attariwala. [Filing No. 383 at 10.]

**B.  Report and Recommendation to Deny Ms. Attariwala's Motion**

Ms. Attariwala does not cite a rule or caselaw in support of her Motion. She does, however, seek a smorgasbord of relief from the Court, including, (1) ordering Singota and its counsel "to pay $10,000 per day until it fully complies with the Court's Orders and returns [her] accounts and

devices"; (2) requiring Singota "to state why each of the files it has identified contain Singota ESI"; (3) requiring Singota to provide its "keyword search terms and how they are used to identify files"; (4) requiring Singota to provide "unredacted files so that [Ms. Attariwala] can review the files that Singota alleges are its 'confidential information'"; (5) dissolving the preliminary injunction entered against Ms. Attariwala; and (6) entering an order that "expenses created in completing forensic work should not be recoverable against any party." [Filing No. 379 at 5-7.]

Procedurally speaking, so long as a district court has subject-matter jurisdiction, it has "the fully panoply of powers necessary to bring that suit to resolution," including "the power to punish contempt of court." *Autotech Techs. LP v. Integrated Research & Dev. Corp.*, 499 F.3d 737, 744 (7th Cir. 2007). "In order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order." *Id.* at 751 (internal quotation marks and emphasis omitted). In other words, the moving party "must show that (1) the Order [at issue] sets forth an unambiguous command; (2) [the non-moving party] violated that command; (3) [the] violation was significant, meaning it did not substantially comply with the Order; and (4) [the non-moving party] failed to take steps to reasonabl[y] and diligently comply with the Order." *FTC v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (quoting *Prima Tek II, LLC v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008)). "Before holding a person in civil contempt, a district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Trade Well Int'l v. United Cent. Bank*, 778 F.3d 620, 626 (7th Cir. 2015) (internal quotation marks omitted).

Ms. Attariwala fails to meet her hefty burden in the Motion. The Court finds that Ms. Attariwala has not made a clear and convincing showing that Singota has failed to substantially

3

comply with the Court's orders.  Nor has she established that Singota did not take reasonable steps and effort to comply with the Court's orders.  To be sure, the Court questions, without deciding, whether Singota's efforts to complete the tasks identified in the Court's order were done in the most efficient and commonsense manner.[1]  But these shortcomings fall short of standard for contempt.

Therefore, the undersigned **RECOMMENDS** that the Court **DENY** Ms. Attariwala's Motion to the extent it seeks to hold Singota and its counsel in contempt and seeks other sanctions.[2]

### C. Order to Show Cause Regarding Completing the Inspection of Ms. Attariwala's Devices And Accounts

The questions raised by Ms. Attariwala's Motion are not so much legal questions as they are practical ones on how to complete the tasks for Singota's recoupment of its data and confidential information and the return of Ms. Attariwala's devices and accounts. Declining to award Ms. Attariwala sanctions does not address the underlying problems raised by the Motion and how to complete this long overdue process.  In her brief, Ms. Attariwala concedes that the following data should be deleted from her devices and accounts (the "Conceded Data") without further review by her:

---

[1] For example, from the undersigned's *in camera* review, the vast majority of the redactions on the file listings are inappropriate and do not reflect Singota customer information or Singota proprietary information.  The redactions include the dates emails were sent and the identity of all senders and receivers, even for emails exchanged only among Singota personnel.  Singota also redacted mundane personal calendar entries for flights and reminders for physician appointments.  Furthermore, even an extremely cursory review of the "Internal Remediation List" Excel file and the sealed filed listings provided to the Court describes a plethora of files that obviously do not belong to Singota, including a PDF entitled "Wedding Photos SA Show Final," numerous LinkedIN emails from jobs-listings@linkedin.com and news@linkedin.com, and documents that appear to be filings in this and related litigation.

[2] Absent consent, resolution of contempt motions are matters reserved for district judges.  *See* 28 U.S.C. § 636(e)(4) (specifying that magistrate judges have civil contempt authority in instances where the parties have consented to the jurisdiction of the magistrate judge).  The parties have not consented to the jurisdiction of the undersigned magistrate judge, therefore the undersigned may only recommend the resolution of the sanctions and contempt aspects of Ms. Attariwala's Motion.

1. All email, attachments, and data contained in the Singota email Outlook PST files that she copied to any location;

2. Any BioTech Industry lead sheets "and files that were acquired through a paid subscription services [sic] or put together from searching LinkedIn";

3. "Any manufacturing questionnaires"; and

4. Singota emails "stored on the MacBook Pro from the Jessie account."

[Filing No. 379 at 1-2.] In other words, wherever Singota locates this data, Ms. Attariwala concedes it should be removed. To the undersigned, it seems as though these concessions should address a substantial sum of the trade secrets and confidential data at issue in this case.[3] Singota should be able to quickly identify the data beyond the Conceded Data for which it has a ***good faith*** belief belongs to it and provide a listing of such files to Ms. Attariwala for her review.

In an effort to finally achieve completion of the task of removing Singota's confidential or proprietary information, the Court proposes it enter the Order below but would like the parties' input on the feasibility. THEREFORE, the Court **ORDERS** the parties to **SHOW CAUSE** within **14 days** why the Court should not enter the following order.

    1. Singota shall identify what files, if any, outside of the Conceded Data it in good faith believes contain its trade secret or confidential information (the "Good Faith List") that needs to be removed from Ms. Attariwala's devices and accounts. A good faith belief does not include files solely on the list because they returned from Singota's admittedly overly broad and overly inclusive key words search.

    2. Singota shall provide the Good Faith List to Ms. Attariwala within 28 days of this Order. If a customer name needs to be redacted, Singota shall redact the name only and mark the redaction "CUSTOMER NAME."

---

[3] For example, it appears as though the majority of the files on Singota's lists filed with the Court, [Filing No. 376; Filing No. 377], are from the .PST files copied by Ms. Attariwala and located at the following file paths:
    E\Users\Jessie\Desktop\Jessie Docs>inbox backup.pst
    E\Users\Jessie\Desktop\Jessie Docs>sent backup.pst
    20220317\A0021\Seagate Backup Plus\Jessie Docs>inbox backup.pst
    20220317\A0021\Seagate Backup Plus\Jessie Docs>sent backup.pst

      3. Once Ms. Attariwala receives the Good Faith List, she has 14 days to object to the removal of files identified on the Good Faith List.

      4. Within 3 business days following an order by this Court resolving any disputes about the removal of alleged Singota data, Singota's counsel will ensure Ms. Attariwala's devices and accounts are returned to her. Singota shall maintain a copy of the removed Singota data until the conclusion of this litigation, including any appeals, or until further order of the Court.

      5. For purposes of completing the tasks identified in this Order and the Court's prior Orders, Ms. Attariwala and her husband are not waiving and will not be deemed to have waived or diminished, any of its attorney work-product protections, attorney-client privileges or similar protections and privileges.

The responses to the Order to Show Cause **may not exceed ten pages** in length.

### D. Conclusion

The undersigned **RECOMMENDS** that the Court **DENY** Ms. Attariwala's Motion, [379], to the extent it seeks to hold Singota and its counsel in contempt and seeks other sanctions. Any objections to the Magistrate Judge's Report and Recommendation on the disposition of Ms. Attariwala's Motion shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file timely objections within fourteen (14) days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

The Court further **ORDERS** the parties to respond to the **ORDER TO SHOW CAUSE** contained in subsection C of this Order within 14 days of entry of this Order.

Date: 9/12/2022

                                                   Mario Garcia
                                                   United States Magistrate Judge
                                                   Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010