UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | ) 1:19-cv-1745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) ) |
| *Defendant*. | ) ) ) |

### ORDER

Pending before the Court is *pro se* Defendant Jaspreet Attariwala's Motion to Appoint Counsel (the "Motion"), [Filing No. 392; Filing No. 393],[1] in which she seeks Court assistance in recruiting counsel to represent her in this long-running trade secrets case filed against Ms. Attariwala by her former employer.

**A. Legal Standard**

As a civil litigant, Ms. Attariwala has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). Rather, whether to appoint counsel in a particular case is left to the district court's discretion. *Id.* Under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel" on a volunteer basis. *Id.*; *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). If a party establishes the inability to afford counsel, the district court then considers whether the party (1) "has made a reasonable attempt to obtain counsel," and (2) "appears competent to litigate the case [her]self,

---

[1] While two entries appear on the docket, the undersigned interprets the two filings as a single motion seeking Court assistance recruiting counsel.

given the difficulty of the particular case at hand." *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018). "The components of the second inquiry—competency and complexity are 'necessarily intertwined.'" *Id.* at 1032 (internal quotation marks omitted). But the relevant question is "whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury [her]self." *James*, 889 F.3d at 327 (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Against the backdrop of these party-specific evaluations is the practical reality that there are not enough lawyers willing and qualified to accept a *pro bono* assignment for every *pro se* litigant. *See Olson*, 750 F.3d at 711 ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."); *Nevil v. Click*, 2019 WL 7598148, at *1 (S.D. Ind. Apr. 10, 2019). As a result, "[d]istrict courts are thus inevitably in the business of rationing a limited supply of free lawyer time." *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("*McCaa II*").

## B. Discussion

In support of her Motion, Ms. Attariwala cites the request by Plaintiff BioConvergence LLC, *dba Singota Solutions* ("Singota") to take a second limited deposition previously authorized by the Court and says that she is "extremely concerned that, without counsel, she would not know how and when to assert her privileges in this complex litigation." [Filing No. 392 at 1.] She also says that she does not have the expertise to complete certain tasks set forth in the Court's case management plan, and, further, Singota continues to mark documents "Attorneys' Eyes Only" under the Protective Order entered in this case,[2] hampering her ability to access necessary

---

[2] The Protective Order was entered when Ms. Attariwala was still represented by counsel.

2

documents to litigate this case.  [Filing No. 392 at 2.]  Ms. Attariwala submits a sworn statement that she has reached out to at least 50 attorneys to represent her without payment.  [Filing No. 393 at 2.]  She says the attorneys have rejected her requests because of the complexity of this litigation and because Ms. Attariwala also has a petition pending in the U.S. Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").  [Filing No. 393 at 2.]  She also indicates that attorneys are refusing her requests for a limited representation for only certain tasks (such as a deposition) because of ethical concerns.  [Filing No. 393 at 2.]  She also notes that she is the primary caretaker of an infant and suffers from anxiety and depression, all of which make continuing to represent herself unmanageable.  [Filing No. 393 at 3.]  She states that she is seeking appointment of counsel "limited in scope to the [second] deposition and other matters [that] would help this case complete resolution more quickly."  [Filing No. 392 at 2.]

Singota has filed a response.  [Filing No. 398.]  It says that it "does not take a position" on Ms. Attariwala's request but states that it "would oppose any order that would prejudice [Singota's] ability to complete its discovery with respect to [Ms. Attariwala] or prosecute its claims."  [Filing No. 398 at 1.]  It blames Ms. Attariwala for the complexity of this litigation.  [Filing No. 398 at 1-2.]  Singota then provides financial information about Ms. Attariwala that it has gleaned from proceedings in the Bankruptcy Court, including that she has untapped retirement funds and that her bankruptcy counsel continues to be paid.  [Filing No. 398 at 2-7.]  In its response, Singota says that Ms. Attariwala "has paid her attorney in [her bankruptcy] case $67,467.00.  [Filing No. 398 at 2.]  However, in a subsequent filing, Singota acknowledges that this amount was actually paid, at least in part, by others on her behalf.  [Filing No. 399.]

This is not the first time that Ms. Attariwala has sought the Court's assistance in recruiting counsel.  In February 2020, the Court denied Ms. Attariwala's first Motion to Appoint Counsel

following the withdrawal of her retained attorneys. [Filing No. 152.] Although Ms. Attariwala did not submit an *in forma pauperis* application identifying her financial resources, the Court took judicial notice of Ms. Attariwala's petition with the Bankruptcy Court but observed that "when assessing [Ms Attariwala's] ability to afford counsel, the Court will consider the income and assets of her spouse, who has not joined her bankruptcy petition. If, in the future Ms. Attariwala again moves to appoint counsel, she must submit the attached *in forma pauperis* application." [Filing No. 152 at 3.] Turning to the two-factor analysis identified by the Seventh Circuit, the Court first found that Ms. Attariwala had failed to submit evidence of sufficient efforts to obtain *pro bono* counsel. [Filing No. 152 at 2.] The Court also found that Ms. Attariwala was competent and capable of litigating the claims against her at that time.

> Ms. Attariwala appears sufficiently competent to litigate the claims against her on her own. She is well-educated, having earned both undergraduate and graduate degrees. Based on her recent filing with respect to our Preliminary Injunction Order, Ms. Attariwala fully comprehends the legal claims against her as well as the factual underpinnings of those claims. She expresses herself intelligibly and understands directions from the Court. *** We remain mindful of Ms. Attariwala's claimed anxiety and depression; however, at this time, we do not believe these conditions will prevent Ms. Attariwala from continuing to represent herself *pro se*.

[Filing No. 152 at 2-3.] In denying her request, however, the Court did so without prejudice for Ms. Attariwala to make a future request for the appointment of counsel in the event circumstances changed. [Filing No. 152 at 3.]

Ms. Attariwala filed a second Motion to Appoint Counsel, [Filing No. 216], which the Court also denied on July 16, 2020, [Filing No. 217]. In support of her second motion, Ms. Attariwala cited Singota's intention to take a second deposition of Ms. Attariwala, arguing that "if [she] is deposed without counsel present, [she] would be at further risk and highly vulnerable," [Filing No. 216 at 1], and cited concerns about privileges and objections, [Filing No. 216 at 2]. Ms. Attariwala listed the law firms from which she had sought but was denied assistance. [Filing

4

No. 216 at 2.] She included financial information in an *in forma pauperis* application attached to her second motion. [Filing No. 216-8.]

In its Order denying Ms. Attariwala's second motion, the Court observed Ms. Attariwala's attempts to secure counsel and deemed them "reasonable." [Filing No. 217 at 2.] Turning to the question of Ms. Attariwala's abilities to represent herself, the Court found as follows:

> In her renewed motion, she expresses concerns about proceeding unrepresented at her upcoming deposition, particularly if she is inquired of regarding matters that are confidential or subject to privileges. Though we acknowledge that a competent attorney would generally provide valuable assistance to any deponent, we continue to regard Ms. Attariwala as competent to litigate this matter. ***
>
> Our prior observations and conclusions hold true today. This is not a case where we are faced with a pro se party manifesting the mental deficiencies equaling a sixth grader, *Pruitt*, 503 F.3d at 651, nor is it a case where a party is incapable of engaging in a "reasonably coherent" discussion of the legal and factual issues presented. *James v. Eli*, 889 F.3d 320, 329 (7th Cir. 2018). The quality of Ms. Attariwala's pro se filings is well beyond reasonably coherent; they are well-written, comprehensive, and reflect a sophisticated grasp of legal concepts for a layperson. For example, her renewed request for counsel, accompanied by an excerpt of her recent discovery responses, reflects a basic understanding of doctrines such as "privilege" as well as her ability to assert privilege when she feels it is necessary.
>
> Of course, Ms. Attariwala will likely not perform at the level of skill of a seasoned attorney; however, we harbor no concerns with her ability to competently understand and respond to the deposition questions posed, especially in light of the limited scope of the deposition's subject matter. If "her privileges and objections [] become an issue at [the] deposition," as she anticipates, there are procedural mechanisms available to aid in the resolution of such disputes. See Local Rule 37-1(a) ("When [a discovery] dispute involves an objection raised during a deposition that threatens to prevent completion of the deposition, any party may recess the deposition to contact the Magistrate Judge's chambers.")

[Filing No. 217 at 2-4.] Although the Court denied Ms. Attariwala's second motion, it again did so without prejudice to seek assistance recruiting counsel in the future as circumstances may change. [Filing No. 217 at 4.]

The Court readopts the reasoning set forth in its July 16, 2020 Order denying Ms. Attariwala's second motion and finds that Ms. Attariwala is sufficiently competent to continue to represent herself at this juncture of the litigation. The circumstances and complexities present at the time of the July 16, 2020 Order are largely the same as those present in the litigation today. The second deposition at issue in the July 16, 2020 Order was never taken and is thus the same deposition at issue in Ms. Attariwala's instant Motion. Ms. Attariwala has not presented sufficient evidence that her depression and anxiety preclude her from coherently presenting her defense to the Court. And the limited time now available to her as the primary caretaker of an infant does not undermine her competency either. Finally, while the Court agrees with Ms. Attariwala that counsel would certainly benefit this litigation and its resolution, the Court, unfortunately, is in the business of "rationing a limited supply of free lawyer time." *McCaa II*, 959 F.3d at 845. *See also James*, 889 F.3d at 327 ("Ultimately, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant.") (internal quotation marks and alterations omitted)

### C. Conclusion

For the foregoing reasons, the Court **DENIES** Ms. Attariwala's Motion to Appoint Counsel [392], [393]. Like prior orders, the denial is without prejudice for Ms. Attariwala to seek the Court's assistance recruiting at future junctions of the litigation where Ms. Attariwala's *pro se* status jeopardizes her ability to litigate this case

Date: 9/12/2022

*[signature]*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010