UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) |
| vs. | ) 1:19-cv-1745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) ) |
| *Defendant*. | ) ) |

**ORDER**

*Pro se* Defendant Jaspreet Attariwala has filed a Motion to Compel. [Filing No. 428.] Plaintiff BioConvergence LLC, *dba Singota Solutions* ("Singota"), has filed a response, [Filing No. 435], and Ms. Attariwala's time for filing a reply has passed. The matter is now ripe for the Court's decision.

**I.**
**LEGAL STANDARD**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). "The Court has broad discretion when deciding whether to compel discovery." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002). "The party moving to compel discovery carries the initial burden of establishing that the requested discovery is relevant." *Geng v. del Toro*, 2021 WL 5768441, at *1 (S.D. Ind. Dec. 3, 2021). "If that burden is met, the burden then shifts to the non-movant to show the impropriety of the request." *Id.*

Before all of that, though, the parties have an obligation to confer in good faith (or at least attempt to do so) in an effort to resolve the matter short seeking court intervention via a motion to

compel. Fed. R. Civ. P. 37(a)(1) requires a moving party to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." The same obligation attaches to a motion for discovery sanctions under Fed. R. Civ. P. 37(d)(1)(B).

## II.
### DISCUSSION

In the Motion, Ms. Attariwala asks the Court to compel responses to five sets of Fed. R. Civ. P. 34 document requests and five sets of Fed. R. Civ. P. 33 interrogatories served on August 10, 2020 and directed to Singota and four individuals (Alisa Kilgas, Melanie Lewis, William Powers, Laura Englander) who work for Singota but are not parties to this lawsuit. Ms. Attariwala attaches the discovery requests that she served on Singota and these four individuals but not the responses and objections that followed. [*See* Filing No. 428-1.] She does not provide any arguments about any particular requests, and instead alleges conclusively that "Singota and their [sic] employees failed to produce documents" and "failed to provide [her] with their promised discovery responses owed." [Filing No. 428 at 1.] Ms. Attariwala says that "[t]o date," she "has not received any email or mail from Singota's attorneys regarding the discovery." [Filing No. 428 at 2.] She also alleges that Singota has not provided a privilege log. [Filing No. 428 at 3.] She asks the Court to deem any privileges waived and to order Singota and its four employees "to produce discovery to Ms. Attariwala immediately." [Filing No. 428 at 3.]

In its response, Singota first argues that Ms. Attariwala failed to meet and confer with Singota's attorneys before she filed her Motion, in violation of Fed. R. Civ. P. 37(a)(1). Next, Singota correctly notes that the document requests and interrogatories served upon the four individuals are improper because Fed. R. Civ. P. 33 and 34 only apply to parties; discovery from non-parties must be pursued under the subpoena powers found in Fed. R. Civ. P. 45. Third, Singota

2

argues that it has "[a]nswered [Ms.] Attariwala's Discovery Requests in [f]ull" and "[t]imely [r]esponded to [d]iscovery." In support of this contention, Singota notes that on October 7, 2020, it served responses and objections to the documents requests and interrogatory requests directed to it (and attaches the same to its response brief) and "identified categories of relevant documents that it would search for and produce at a mutually convenient time." [Filing No. 435 at 5-6.] Singota says that Ms. Attariwala has never challenged any of its objections until recently. [Filing No. 435 at 6.] And, in any event, says Singota, many of the documents responsive to Ms. Attariwala's requests have been filed as exhibits to the plethora of filings in this case or were previously provided to Ms. Attariwala's counsel (back when she had counsel) under an attorneys-eyes-only designation. [Filing No. 435 at 6.] It also contends that to the extent that Ms. Attariwala is challenging any of its responses and objections, such a challenge is untimely because it was filed after the time period for discovery expired. [Filing No. 435 at 7.] Finally, on page 7 of its brief, Singota gets to the most pertinent information and acknowledges that is only now (*i.e.*, the same day it filed its response to Ms. Attariwala's Motion) producing documents to Ms. Attariwala that are responsive to the requests at issue (which, again, were served back in August 2020):

> Singota's counsel has informed [Ms.] Attariwala that Singota is working on preparing document productions, including both documents identified in its discovery responses and any additional documents that Singota has obtained or learned of since serving those responses. Following discovery, Singota is working to comply with Fed. R. Civ. P. 26(E), including with respect to its initial disclosures. Singota has also informed [Ms.] Attariwala that it is redacting some documents that otherwise would be withheld because they are Attorneys-Eyes'-Only. Singota made a document production today [*i.e.*, November 4, 2022] and produced 863 pages of documents to [Ms.] Attariwala. Singota will supplement this production further over the coming days as it completes its redactions of documents that otherwise would be Attorneys'-Eyes-Only.

[Filing No. 435 at 7-8 (internal citations omitted).] As for the privilege log, Singota says that Ms. Attariwala "has failed to identify any of her requests that she contends require such a log in light

3

of Singota's other objections." [Filing No. 435 at 8.]  Singota concludes its brief by asking the Court to award it fees for responding to Ms. Attariwala's Motion.  [Filing No. 435 at 8.]

### A. Requests Directed to the Four Individuals

The Court can easily dispose of Ms. Attariwala's complaints regarding her Fed. R. Civ. P. 33 and 34 requests to the four individuals.  They are not parties to this lawsuit and are therefore not subject to these two discovery rules.  Instead, Ms. Attariwala should have pursued discovery from these individuals via Fed. R. Civ. P. 45 subpoenas.  Therefore, Ms. Attariwala's Motion with respect to these four individuals is **DENIED.**

### B. Requests Directed to Singota

Having disposed of the requests to the individuals, the Court now turns to the requests directed to Singota.  Notably, Ms. Attariwala does not raise particularized issues with specific interrogatories or requests for production.  [*See* Filing No. 428.]  Rather, her Motion is a blanket complaint that Singota failed to (1) produce documents responsive to her requests after multiple representations by Singota's counsel that it would do so, and (2) identify documents that it was withholding on the basis of privilege.  The Court thus limits its review to these two issues.

#### 1. Meet and Confer Obligations

Under S.D. Ind. L.R. 37-1(c), "[d]iscovery disputes involving *pro se* parties are not subject to S.D. Ind. L.R. 37-1 [the Court's meet-and-confer and certification requirements].  However, the Court has found that certain aspects of L.R. 37-1(c) exempting *pro se* parties of meet-and-confer obligations is effectively a nullity.  More specifically, that "Federal Rule of Civil Procedure 37 … does not have an exemption for pro se litigants and the federal rules control when there is an inconsistency between the Federal Rules of Civil Procedure and the Local Rules." *Alerding Castor Hewitt LLP v. Fletcher*, 2019 WL 1746284, at *3 (S.D. Ind. Apr. 18, 2019).  *See also Geng v.*

4

*Spencer*, 2020 WL 4557752, at *4 (S.D. Ind. Aug. 6, 2020) ("Even though Local Rule 37-1 exempts pro se litigants from the conferral requirement, the Federal Rules of Civil Procedure do not.").

Turning to Fed. R. Civ. P. 37(a)(1), that rule requires a party moving to compel discovery to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." A certification is likewise required from a movant seeking sanctions for failing to respond to discovery. Fed. R. Civ. P. 37(d)(1)(B). Records submitted to the court of meet and confer efforts may suffice. *See Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2014 WL 667830, at *3 (N.D. Ind. Feb. 20, 2014). "What matters is that there is a true back-and-forth dialogue." *Id.*

Ms. Attariwala and counsel for Singota began exchanging emails about Singota's missing discovery on September 14, 2022, with Ms. Attariwala asking Singota's counsel "When do you plan to provide the outstanding discovery responses to me?" [Filing No. 428-2 at 11.] Singota's counsel responded by asking her to clarify what discovery she was referring to, to which Ms. Attariwala responded that she was seeking responses to the discovery she served on August 10, 2020. [Filing No. 428-2 at 10.] Counsel responded that he would look into whether Singota had "additional documents to be produced." [Filing No. 428-2 at 9.]

On September 21, 2022, Ms. Attariwala emailed counsel and asked when she could expect to receive the responses. [Filing No. 428-2 at 9.] Counsel for Singota responded the same day stating that "we are working to supplement Singota's prior discovery responses, which were served nearly two years ago" and that "supplemental discovery responses will be served by or before October 14." [Filing No. 428-2 at 8.]

Also on September 21, 2022, Ms. Attariwala emailed counsel asking him to "let [her] know by tomorrow 5pm if you intend to refuse to provide me any documents on the basis of 'attorneys eyes only' or refuse to respond." [Filing No. 428-2 at 7.] Receiving no response, Ms. Attariwala emailed Singota's counsel on September 28, 2022 asking if Singota "intend[s] to provide all the documents as part of the discovery responses?" [Filing No. 428-2 at 7.] Singota's counsel responded on September 29, 2022 with a lengthy email setting forth Singota's position that Ms. Attariwala should not have access to attorneys' eyes only documents. [Filing No. 428-2 at 5-7.] Ms. Attariwala responded that she wanted the discovery and explained that she had not sought Court intervention previously "[d]ue to Singota filing numerous extensions and [counsel's] promises to provide the discovery, I believed you would do so." [Filing No. 428-2 at 4.] Singota responded on the same day alleging that Ms. Attariwala was "attempt[ing] to re-write history" and reiterating that Singota would supplement its discovery responses by October 14, 2022. [Filing No. 428-2 at 3.] On September 30, 2022, counsel for Singota once again confirmed that "we will provide supplemental discovery responses by October 14, 2022." [Filing No. 428-2 at 2.] On October 17, 2022, Ms. Attariwala emailed Singota's counsel to ask why she had not received the promised discovery on October 14. [Filing No. 428-2 at 2.]

Receiving no response, she emailed counsel again the following day and proceeded to file her Motion to Compel on October 20, 2022. [Filing No. 428-2 at 2.] The next day—October 21, 2022—Singota's counsel finally responded that it was "still working on a supplemental discovery response and document production" and that "[i]t will likely be another week or so until they are ready." [Filing No. 435-14.] Singota finally provided supplemental discovery on November 4, 2022 (*i.e.*, the same day it filed its response to the instant Motion).

In sum, Ms. Attariwala emailed counsel numerous times asking when she would receive documents. Counsel continually told her documents would arrive on October 14, 2022. When they did not arrive on the promised date, Ms. Attariwala emailed Singota's counsel, who appears to have ignored her until after the filing of her Motion to Compel. On this record, it's not clear what more Ms. Attariwala should have done. *See Davis v. Ind. Packers Corp.*, 2022 WL 15739240, at *2 (N.D. Ind. Oct. 28, 2022).

But, Singota says her efforts are not good enough. It says she had an obligation to "set up a time to discuss her purported concerns, send correspondence outlining any purported issues, or respond substantively to any of the objections or points raised in defense counsel's communications." [Filing No. 435 at 3.] But, based on the record before the Court, including the parties' various emails, Ms. Attariwala attempted to resolve the dispute—which was to get Singota to produce documents and supplement its responses—prior to seeking Court involvement. Therefore, the Court finds that Ms. Attariwala satisfied the meet-and-confer requirement of Fed. R. Civ. P. 37(a)(1).[1]

### 2. Failure to Produce Documents

Under Fed. R. Civ. P. 34(b)(2)(B), a document "production must then be completed no later than the time for inspection specified in the request or another reasonable time *specified in the response*." (emphasis added). The Advisory Committee Notes to Fed. R. Civ. P. 34 state that "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34(b)(2)(B), Advisory Cmte. Notes, 2015

---

[1] Singota also contends that Ms. Attariwala had an obligation to contact the undersigned Magistrate Judge to schedule a conference before filing her Motion to Compel. However, that obligation does not arise under Fed. R. Civ. P. 37 but rather under Local Rule 37-1, which, as discussed above, does not apply to *pro se* litigants.

amends.  "Thus, Rule 34 plainly requires [the responding party] to specify the end date by which [it] will complete [its] production of documents."  *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 433 (D.N.M. 2022).  See also *Mass. Mut. Life Ins. Co. v. Reingold*, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020) ("Responding parties must include deadlines for production…. Rule 26(e) provides no safe harbor to responding parties for belated productions that they could have made sooner with due diligence."); *Maiorano v. Home Depot USA, Inc.*, 2017 WL 4792380, at *3 (S.D. Cal. Oct. 24, 2017) ("Home Depot's responses that it will be producing additional documents is insufficient under Rule 34(b)(2)(B)."); *CapRate Events, LLC v. Knobloch*, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) ("[T]o the extent that CapRate intends to produce documents it was required either to produce them on the date it served responses or provide a date on which it would make a production, and the form that production would take.")

Here, Singota's responses and objections served on October 7, 2020 indicated that Singota would "produce copies of responsive, discoverable documents … at a mutually convenient time." [Filing No. 435-3 at 3.]  This unilateral open-ended response does not cut it.  Such a delay falls well short of meeting even the most basic discovery expectations imposed by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 34(b)(2)(B).  This type of gamesmanship leaves the requesting party in a state of uncertainty, not knowing when a production is forthcoming or when it is complete.  That is the predicament Ms. Attariwala faced when Singota said it would produce documents but did not say when it would do so, then provided a deadline which it failed to meet without explanation to Ms. Attariwala.

Ms. Attariwala's Motion is **GRANTED** to the extent that Singota is **ORDERED** to produce any documents responsive to Ms. Attariwala's August 10, 2020 requests and not previously produced within 14 days of this Order.

### *3. Privileged Documents*

When parties are withholding a responsive document "they are obligated to either identify the documents on a privilege log (if privilege or work product) or to state that responsive documents are being withheld on the basis of an objection as required by Rule 34(b)(2)(C)." *Crabtree v. Angie's List, Inc.*, 2017 WL 413242, at *4 (S.D. Ind. Jan. 31, 2017). Under Fed. R. Civ. P. 26(b)(5) a party "withhold[ing] information otherwise discoverable by claiming that the information is privileged or subject protection as trial-preparation material… must (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." A "claim of privilege must be made and sustained on a question-by question or document-by-document basis; a blanket claim is unacceptable." *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983). Singota has not provided a log of documents it is withholding from Ms. Attariwala on the basis of privilege.

Ms. Attariwala's Motion to Compel is **GRANTED** to the extent that if Singota has withheld any otherwise responsive documents on the basis of privilege, it must produce a privilege log of such documents within 14 days of this Order.

### III.
### CONCLUSION

For the foregoing reasons, Ms. Attariwala's Motion to Compel [428] is **GRANTED IN PART AND DENIED IN PART**. The Court **ORDERS** Singota to: (1) produce any documents responsive to Ms. Attariwala's August 10, 2020 requests and not previously produced **within 14 days** of this Order, and (2) provide Ms. Attariwala with a privilege log that satisfies Fed. R. Civ. P. 26(b)(5) for any otherwise responsive documents that it has withheld on the basis of privilege.

All other relief sought by Ms. Attariwala is **DENIED**.

Singota's request for attorneys' fees is **DENIED**.

Date: 2/8/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010