UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC<br>  d/b/a SINGOTA SOLUTIONS,<br><br>         Plaintiff,<br><br>    v.<br><br>JASPREET ATTARIWALA,<br><br>         Defendant.<br>_____<br><br>JASPREET ATTARIWALA,<br><br>         Counter Claimant,<br><br>    v.<br><br>BIOCONVERGENCE LLC,<br><br>         Counter Defendant.<br>_____<br><br>J. LEE MCNEELY,<br>THE ESI TEAM,<br>DAVID LYNN,<br><br>         Interested Parties. | No. 1:19-cv-01745-SEB-MG |

**ORDER OVERRULING DEFENDANT'S OBJECTION TO
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE:
DOCKET NO. 379, DEFENDANT'S MOTION TO HOLD PLAINTIFF IN
CONTEMPT**

Plaintiff BioConvergence, LLC d/b/a Singota Solutions ("Singota") initiated this

lawsuit against its former employee, Defendant Jaspreet Attariwala, on February 27,

2019, charging her with various claims related to her alleged theft and misappropriation

1

of Singota's confidential information and trade secrets. As we have previously noted, "[t]his matter has a prolix and labyrinthine factual and procedural history." Docket No. 226, at 2. Fortunately, the matters currently pending before the court do not require us to "delve again into the complexities of Singota's claims against Ms. Attariwala, or her defenses, which have been at the forefront of this litigation to date." *Id.* Before us for decision is a motion by Ms. Attariwala objecting to Singota's proposed deletions from her electronic files and requesting that we hold Singota and its counsel in contempt. The motion for contempt was referred to Magistrate Judge Garcia and he has issued his Report and Recommendation that the motion be denied, to which she also objects.[1] For the reasons explicated below, we deny Ms. Attariwala's motion for contempt, and adopt Magistrate Judge Garcia's Report and Recommendation.

## I.    STANDARD OF REVIEW

A *de novo* review is required by the district court judge of any portion of a Magistrate Judge's Report and Recommendation that has been properly objected to, meaning that the objecting party has filed within fourteen days its "specific written objections" to the proposed findings and recommendations. Fed. R. Civ. P. 72(b). *De novo* review entails a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). If, however, "no

---

[1] Singota has filed a motion to submit additional evidence in support of its opposition to the instant motion as well as in support of Singota's own motion for a contempt finding filed recently against Ms. Attariwala. *See* Docket No. 460. Because this additional proposed evidence is unnecessary to our ruling on the instant motion, Singota's motion seeking to file additional evidence is taken under advisement.

objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995); *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Following such review, the district court judge is empowered to adopt, reject, or modify the recommendations and/or findings by the Magistrate Judge. *See* Fed. R. Civ. P. 72(b). The record here reflects that Ms. Attariwala's objections have been timely interposed.

## II. DISCUSSION AND DECISION

"Once a court is entitled to exercise subject matter jurisdiction over the suit, it has the full panoply of powers necessary to bring that suit to resolution and to enforce whatever judgments it has entered." *Autotech Techs. LP v. Integrated Research & Dev. Corp.*, 499 F.3d 737, 744 (7th Cir. 2007). "From our common-law ancestors forward, one of the most important of those powers is the power to punish contempt of court." *Id.*; *see also Spallone v. United States*, 493 U.S. 265, 276 (1990) (reaffirming "axiom that 'courts have inherent power to enforce compliance with their lawful orders through civil contempt'") (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 794 (1987) ("[I]t is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders . . . ").

"In order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a court order." *Autotech*, 499 F.3d at 751 (quoting *D. Patrick,*

3

*Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993)). Specifically, the complaining party must demonstrate that: "(1) the order set forth an unambiguous command; (2) the nonmovant violated that command; (3) the violation was significant; and (4) the nonmovant failed to take reasonable and diligent steps to comply with the order." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014). Accordingly, we now turn to the Report and Recommendation and Ms. Attariwala's objections to it.

### A. REPORT AND RECOMMENDATION

As explained by Magistrate Judge Garcia, "[t]he genesis of Ms. Attariwala's Motion is this Court's orders requiring Singota to (1) complete its review of the devices and accounts that it previously seized from Ms. Attariwala; (2) identify the data that it believes in good faith is confidential and proprietary to it in a list for Ms. Attariwala's review; (3) delete the data to which Ms. Attariwala does not object; and (4) return the devices and accounts to Ms. Attariwala, minus the removed data that belongs to Singota." Docket No. 401, at 1. "Although parties in trade-secrets disputes in this Court and across the country are able to complete such tasks without issue, the parties to this mine-run trade secrets case are apparently incapable of doing so (or at least have been incapable of doing so thus far during the 3-½ years this case has been pending)." *Id.* at 1−2. "The problems identified by Ms. Attariwala in her Motion [arise] at steps 2 and 3 of the process described above." *Id.* "First, the list provided by Singota to Ms. Attariwala at step 2 is heavily redacted such that, for most files, Ms. Attariwala cannot discern what files Singota proposes to remove." *Id.* Second, Ms. Attariwala argues that "the files that are

4

discernible include files that, based on the files' names, clearly do not contain Singota's proprietary and confidential information, such as Ms. Attariwala's engagement photos and personal income tax documents, putting into question whether Singota compiled the list in good faith." *Id.* As a result, Ms. Attariwala argues that Singota and its counsel have not complied with the Court's orders to complete steps 1 through 4 as described above and should therefore be held in contempt.

Magistrate Judge Garcia noted that Ms. Attariwala cites no rule or caselaw in support of her Motion. "She does, however, seek a smorgasbord of relief from the Court, including, (1) ordering Singota and its counsel 'to pay $10,000 per day until it fully complies with the Court's Orders and returns [her] accounts and 3 devices'; (2) requiring Singota 'to state why each of the files it has identified contain Singota ESI'; (3) requiring Singota to provide its 'keyword search terms and how they are used to identify files'; (4) requiring Singota to provide 'unredacted files so that [Ms. Attariwala] can review the files that Singota alleges are its '"confidential information"'; (5) dissolving the preliminary injunction entered against Ms. Attariwala; and (6) entering an order that 'expenses created in completing forensic work should not be recoverable against any party.'" *Id.* at 2−3.

Based on his careful review, Magistrate Judge Garcia concluded that "Ms. Attariwala [has] fail[ed] to meet her hefty burden in the Motion" in that she has failed to make a clear and convincing showing that Singota has failed to substantially comply with the Court's orders. *Id.* at 3−4. "Nor has she established that Singota did not take reasonable steps and effort to comply with the Court's orders." *Id.* at 4. "To be sure, the Court questions, without deciding, whether Singota's efforts to complete the tasks identified in

5

the Court's order were done in the most efficient and commonsense manner." *Id.* at 4. "But these shortcomings fall short of the standard for contempt." *Id.* On this basis, Magistrate Judge Garcia recommended that the Court deny her motion for contempt and other sanctions.

Magistrate Judge Garcia included, along with his Report and Recommendation, a proposed discovery order aimed at hopefully, finally achieving the completion of the removal of Singota's confidential and/or proprietary information from the electronic devices, explaining that the issues raised in Ms. Attariwala's contempt motion are "not so much legal questions as they are practical ones on how to complete the tasks for Singota's recoupment of its data and confidential information and the return of Ms. Attariwala's devices and accounts." Docket No. 401, at 4. "Declining to award Ms. Attariwala sanctions does not address the underlying problems raised by the Motion and how to complete this long overdue process." *Id.* Thus, Magistrate Judge Garcia provided a proposed timeline and a process for the completion of this undertaking and ordered the parties to show cause why the Court should not issue the proposed discovery order.

### B.  MS. ATTARIWALA'S OBJECTION

Ms. Attariwala's "objection" responds to both Magistrate Judge Garcia's Report and Recommendation and his Show Cause Order, conflating them in a way that significantly impedes our review. Despite designating an "objection" section, Ms. Attariwala fails to interpose any objections to any of Magistrate Judge Garcia's findings or recommendations. Instead, Ms. Attariwala requests the following: (1) that an evidentiary

6

hearing occur at which Singota and Mr. Murray will answer questions because she "has no other way of obtaining any evidence other than to reference[] the Docket or without this Court's intervention to accurately determine whether she met the burden as written in the Magistrate's Recommendation," and (2) "Singota and Mr. Murray's continued vexatious conduct . . . not be ignored by the Court and should be reviewed." Docket No. 411, at 1. Sidestepping the fact that no objections as such have been raised, we address these two requests in turn below.

Ms. Attariwala has not filed a separate motion seeking an evidentiary hearing, nor did she mention such a request in her contempt motion. Accordingly, she has failed to comply with the requirements imposed by Local Rule 7-1(a). Moreover, Ms. Attariwala's claim that she cannot properly object to the Report and Recommendation without our intervention and without an ability to question Singota and its counsel is meritless and inapposite.

In the Seventh Circuit, a party objecting to a Report and Recommendation is "require[d] only to specify each issue for which review is sought and not the factual or legal basis of the objection." *Johnson*, 170 F.3d at 741. Magistrate Judge Garcia specifically explained the showing Ms. Attariwala was required to make in order to prevail on her contempt motion. Her motion is based on the alleged non-compliance by Singota of a previous court order, one to which Ms. Attariwala had full access, yet inexplicably it has been entirely omitted in her "objection" section and to any finding(s) or recommendation(s) with which she has taken issue. "Even if we afford defendant the flexibility given to non-attorney *pro se* litigants, she still must provide some semblance of

7

an argument for us to address." *White v. Richert*, 2019 WL 4062539, at *9 (N.D. Ill. Aug. 28, 2019); *see also Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001) (explaining that the court cannot craft arguments and perform legal research for a pro se litigant); *Ward v. Kelly,* 599 F. App'x 587, 588 (7th Cir. 2015) ("[A]lthough we construe pro se filings liberally, pro se litigants must give some reason to disturb the district court's decision"); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe pro se pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him"). (We pause to say that it remains unclear to us in any event the extent to which Ms. Attariwala is or has actually been appearing *pro se* during this litigation.)

Ms. Attariwala's only "objection"—namely, that Singota should be sanctioned for its vexatious litigation, and that "the Court [should] put an end to Singota's harassment of Defendant, her prior Indiana counsel, her bankruptcy counsel, her dessert business, her husband, and Emergent"—is ultimately unavailing. Docket No. 411, at 5. Ms. Attariwala has not included this request in her contempt motion, and under no analysis can it be fairly construed as an objection to Magistrate Judge Garcia's Report and Recommendation. Furthermore, we have previously denied a similar motion by Ms. Attariwala, namely, her request that we enjoin Singota from litigating other lawsuits in other jurisdictions against these individuals and entities associated with Ms. Attariwala. *See* Docket No. 406. As explained there, we do not possess the authority to control Singota's litigation activities conducted in other jurisdictions; indeed, Ms. Attariwala "identifies no such authority for this extraordinary request." *Id.* at 6.

8

In Ms. Attariwala's filing here, she has included a section entitled "Review the Other Allegations in Defendant's Motion for Sanctions." Docket No. 411, at 3−4. Ms. Attariwala claims that Magistrate Judge Garcia failed to address three of her contempt allegations, specifically: (1) her "request for sanctions regarding Singota's interference with Ms. Green's role as a Court appointed forensic expert," (2) Singota's counsel's harassment of Ms. Attariwala during her pregnancy and post-partum which she believes "should be viewed as gender discrimination," and (3) Singota's counsel's purported provision of legal advice to Ms. Green when the attorney was not (yet) licensed to practice law in Washington, D.C. *Id.* Construing these three allegations as "objections" to Magistrate Judge Garcia's Report and Recommendation, we address them below.

We concur in Magistrate Judge Garcia's finding that Ms. Attariwala has failed to satisfy her "hefty burden" by failing to muster a clear and convincing showing that Singota has failed to substantially comply with the Court's orders. Docket No. 401 at 3−4. In her contempt motion, Ms. Attariwala claims that Singota went unpunished for misleading the Court, despite the Court's finding that Singota had gone around the Court and interfered with Ms. Green's forensic work. This argument misstates the Court's previous order in which we allowed Ms. Green to be relieved of her responsibilities as a court-appointed forensic officer because she was not being paid by Ms. Attariwala as required, and also because Ms. Green's dual roles as an officer of the court and an expert witness for Singota had become problematic for her. Docket No. 311, at 8−9. However, we never ruled that Singota had interfered with Ms. Green's court-appointed responsibilities, nor that Singota had misled the Court. Ms. Attariwala's

9

mischaracterizations of our rulings regarding Singota's request to recoup fees that it "advanced" to Ms. Green on Ms. Attariwala's behalf undermine her current claims as asserted here. As we explained in our order:

> This request is not well-taken. Rather than seeking to enforce the Expenses Order, Singota decided to go around the Court and pay Ms. Green directly and dictate what work she completed outside of Court supervision. That was a decision Singota made, and the Court is not going to now ask Ms. Green to disentangle the work she was performing as Singota's testifying expert versus the work she was performing as an officer of the Court. Nothing in this prevents Singota from seeking such fees as damages in this Court or the bankruptcy proceedings.

*Id.* at 13. This holding does not provide a legitimate basis for contempt sanctions. *See Lightspeed Media Corp.*, 761 F.3d at 711 (explaining that the complaining party must demonstrate that: "(1) the order set forth an unambiguous command; (2) the nonmovant violated that command; (3) the violation was significant; and (4) the nonmovant failed to take reasonable and diligent steps to comply with the order."). We therefore overrule this "objection" by Ms. Attariwala and deny this request and fully adopt Magistrate Judge Garcia's findings and conclusions on this issue.

As for Ms. Attariwala's remaining two allegations, neither has been properly advanced as an objection to the Report and Recommendation. Ms. Attariwala has alleged in her contempt motion that "[r]ather than 'urgently' recover and remove Singota ESI as it has said it would under the preliminary injunction, Singota and Mr. Murray filed a flurry of motions to continue harassing and bullying[4] the Defendant to continue discovery." Docket No. 379, at 4. Footnote 4, found in the quoted excerpt, references her allegation of "bullying" and includes a paragraph averring that Singota's counsel, Mr. Murray, knew

10

that she was pregnant at the time. However, she stopped short of connecting these two ideas as a basis for imposing sanctions. Ms. Attariwala also failed to identify any unambiguous court order requiring Singota and its counsel to conduct discovery, which they violated. Even if Ms. Attariwala had properly included this allegation as a basis for her contempt request, Magistrate Judge Garcia's findings and conclusions appropriately address and dispose of this issue. Again, we adopt these findings and conclusions here.

Lastly, Ms. Attariwala maintains (in a footnote reference in her contempt motion) that Singota's counsel provided legal advice to Ms. Green with regard to how best to proceed in Ms. Attariwala's bankruptcy case, despite counsel's being unlicensed to practice in that jurisdiction. Assuming such a footnote reference constitutes a properly advanced request for sanctions, Ms. Attariwala once again failed to identify any court order issued by this or any other Court that Singota's counsel violated; further, she failed to identify any legal authority for the issuance of sanctions to address or punish conduct occurring in another jurisdiction. Thus, we once again agree in full with Magistrate Judge Garcia's findings and conclusions on these issues.

## III. CONCLUSION

Accordingly, we **OVERRULE** Defendant's Objections to the Magistrate Judge's Report and Recommendation [Docket No. 401], **ADOPT** his recommended rulings in full, and **DENY** Defendant's Motion to Hold Plaintiff and its Counsel in Contempt [Docket No. 379].

IT IS SO ORDERED.

Date: 3/1/2023

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010

Justin A Allen
Ogletree Deakins Nash Smoak & Stewart, P.C.
justin.allen@ogletree.com

J. Lee McNeely
McNeely Law LLP
LMcNeely@McNeelyLaw.com

Christopher C. Murray
Ogletree Deakins
christopher.murray@ogletree.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com