UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:19-cv-01745-SEB-MG |
| | ) | |
| JASPREET ATTARIWALA, | ) | |
| | ) | |
| *Defendant*. | ) | |

**ORDER**

Plaintiff BioConvergence LLC, *dba Singota Solutions* ("Singota"), has filed two motions asking the Court to take judicial notice of other related litigation and court orders. [Filing No. 473; Filing No. 481.]

Judicial notice is a tool found in the Federal Rules of Evidence, which permits a court to "judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts do not take judicial notice in the abstract (just as courts do not fill their dockets with evidence unrelated to a particular purpose). Furthermore, the party asking the Court to take judicial notice must identify the "fact" it is asking the Court to recognize and admit as "adjudicative" evidence. *See id.*; *see also Physicians Healthsource, Inc. v. Allscripts Health Sols.*, 244 F. Supp. 3d 716, 718 (N.D. Ill. Mar. 23, 2017) ("[A]ll evidence—including that governed by Rule 201, Federal Rules of Evidence—must bear a relationship to some consequential fact in the case. In other words, the information sought to be noticed must be relevant within the meaning of Rule 401, Federal Rules of Evidence."); *Dragonwood Conservancy, Inc. v. Felician*, 2021 WL

1016373, at *2 (E.D. Wis. Mar. 17, 2021) ("[A]ll evidence, including evidence admitted pursuant to Rule 201, must be relevant under Rule 401.").

Here, Singota's requests for judicial notice do not identify particular adjudicative facts which are relevant to a pending motion or fact at issue in this lawsuit and instead ask the Court to notice the docket of other cases and decisions generally. [*See, e.g.*, Filing No. 474 at 1 (asking the Court to take notice of "the docket," a "decision," and orders in a subpoena-enforcement action), Filing No. 482 at 5 (asking the Court to take notice of the dockets of "[r]elated [l]itigation and filings therein").] Singota says the dockets, decisions, and "filings therein" are relevant to show discovery efforts to date. While it is true that the fact of filings and litigation in other courts are often properly subjects for judicial notice under Fed. R. Evid. 201, Singota fails to identify specific adjudicative facts that it is asking the Court to accept as established evidence and instead gestures vaguely at entire dockets and orders. Again, the evidence Singota seeks to ask this Court to recognize as adjudicative fact must be specifically articulated and must be relevant to an issue before the Court.

For these reasons, Singota's Motions [473] and [481] are **DENIED WITHOUT PREJUDICE**. Singota may ask the Court to take judicial notice of evidence of a particular adjudicative fact in a proper court filing or at the trial or hearing in this matter.

Date: 5/19/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C. 20010