UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC, *d/b/a Singota Solutions*, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| vs. | ) 1:19-cv-01745-SEB-MG ) |
| JASPREET ATTARIWALA, | ) ) ) |
| *Defendant*. | ) ) |

**ORDER**

Plaintiff BioConvergence LLC, *dba* Singota Solutions ("Singota"), has filed a "Motion for Reconsideration and Stay of Order." [Filing No. 477.] Singota asks the Court to reconsider its prior order, [Filing No. 472], ruling on Defendant Jaspreet Attariwala's objections to Singota's proposed list of files to be removed from Ms. Attariwala's devices and accounts (the "Prior Order"). Ms. Attariwala has filed a response, [Filing No. 485; Filing No. 486],[1] to which Singota has replied, [Filing No. 487]. The matter is now ripe for the Court's decision.

**I.**
**LEGAL STANDARD**

Singota's Motion is properly classified as a motion for reconsideration under Fed. R. Civ. P. 54(b) because the Prior Order is interlocutory in nature and no final judgment has been entered in this case. In this scenario, the Court applies "a similar standard as applied to motion to alter or amend a judgment under Rule 59(e)." *Quality Leasing Co., Inc. v. Int'l Metals LLC*, 2021 WL 663516, at *1 (S.D. Ind. Feb. 19, 2021). "Motions to reconsider filed pursuant to Rule 54(b) …

---

[1] Ms. Attariwala's response was filed twice on the docket for some reason.

are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing." *Id.* A Fed. R. Civ. P. 54(b) motion is appropriate "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Finally, a motion for reconsideration under Fed. R. Civ. P. 54(b) "also may be appropriate where there has been 'a controlling or significant change in the law or facts since the submission of the issue to the Court.'" *Id.* (quoting *Bank of Waunakee*, 906 F.2d at 1191).

Of note, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted). Nor is a motion for reconsideration an appropriate venue to make new arguments. *See Arnold v. Keris*, 2018 WL 8803446, at *1 (S.D. Ind. Dec. 10, 2018). "Relief pursuant to a motion to reconsider is an 'extraordinary remedy reserved for the exceptional case.'" *Quality Leasing Co.*, 2021 WL 663516, at *2 (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)) (alteration omitted).

## II.
### DISCUSSION

Singota's brief in support of its Motion reads as though the Prior Order were the only order entered in this case addressing the inspection and return of the devices and accounts. Singota's brief ignores prior Court orders and the extensive (and unfortunate) level of Court involvement in this ***years-long*** process. Moreover, Singota makes no attempt to address or explain how relief is warranted under the stringent standard for doing so under Fed. R. Civ. P. 54(b) and largely reargues issues decided long ago or raises new requests not previously presented to the Court. Singota's

2

failure to apply the law to the facts is reason alone to deny its Motion outright. Nevertheless, the Court very briefly addresses each modification or relief sought by Singota in its Motion.

First, Singota says it's not clear from the Court's Prior Order whether it has to delete data Ms. Attariwala previously agreed and the Court ordered to be deleted. [Filing No. 478 at 2-3.] The undersigned believes no clarification is necessary because Ms. Attariwala has already conceded the data is to be removed before returning the devices and accounts to her. [Filing No. 379 at 1-2.] The Court's Prior Order ruled on Ms. Attariwala's objections, and the Court need not restate all its prior rulings and the parties' concessions. To the extent any question exists—yes, the conceded data is to be removed.

Second, Singota says that since the Court ruled on Ms. Attariwala's objections in the Prior Order, it has found three more files that it wants to remove before returning Ms. Attariwala's MacBook and iPhone 7 to her. [Filing No. 478 at 4.] The deadline set by the Court for Singota to submit its Good Faith List passed many months ago, [See Filing No. 421], and the Court will not permit Singota to continually revise its list.[2]

Third, Singota asks the Court to modify its Prior Order to require Ms. Attariwala to pay for the deletion of the files from her devices and accounts. [See Filing No. 478 at 5-8.] The Court declines to do so. Singota principally relies on the Expenses Order, issued by the state court years ago prior to the removal of this case to federal court, prior to Ms. Attariwala's bankruptcy, and prior to orders from this Court modifying the inspection process following the withdrawal of Ms. Attariwala's counsel.

---

[2] Furthermore, even if this request were timely, Singota does not clearly articulate what damaging proprietary information could be contained in PLIST files—which are files that store user preferences for a device—from Ms. Attariwala's Mac devices, rather than a vague reference to "email headers, including names, email addresses, and other information."

Fourth, Singota notes that its Motion to Hold Defendant in Contempt of the Expenses Order,³ [Filing No. 419], remains pending. In that motion, Singota asks, among other things, for the Court to relieve it of its obligation to perform remediation work and deem Ms. Attariwala's right to the return of her devices and accounts to be waived. [Filing No. 478 at 9.] The Court finds that the pendency of this Motion for Sanctions does not warrant staying or reconsidering the Prior Order, especially in view of the upcoming August 2023 trial.

Fifth, Singota cites ongoing bankruptcy proceedings as a reason to stay or reconsider the Prior Order. [Filing No. 478 at 9-11.] However, the Court does not view the pendency of the bankruptcy proceedings (an argument which is raised for the first time in the instant Motion) as a reason to reconsider the Prior Order.

Sixth, Singota says that Ms. Attariwala "should be required to decide whether the value of the devices, accounts, and data she wants returned is worth the cost required to remediate them" and focuses on the present fair market value of certain devices (with no consideration of the *content* within the devices and accounts). This is not a proper basis for reconsideration and the request is denied.

Seventh, Singota argues that it should not be required to return Ms. Attariwala's devices and accounts "until Ms. Attariwala has accounted for and produced *all* devices and accounts [previously] identified by [its expert] Ms. Green." [Filing No. 478 at 14.] At this point, Singota has received extensive discovery and has deposed Ms. Attariwala numerous times in this case and other related litigation. The litigation surrounding Ms. Attariwala's departure has been extensive and consumed the parties (and numerous courts) for more than four years. The Court cannot and

---

³ The Court recently referred this Motion for Contempt to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Filing No. 492.]

4

will not hold the Prior Order and the completion of the inspection process (and this case for that matter) open until some unknown time when Singota has satisfied itself with the information provided by Ms. Attariwala.

Eighth, Singota asks that the Court permit it to retain Ms. Attariwala's MacBook until it is provided access to other email accounts it says are controlled by Ms. Attariwala and/or her husband and provided access to her husband's MacBook. [Filing No. 478 at 17-18.] This request is denied. It's untethered to the removal of data from the accounts and devices already produced.

Ninth, Singota says it needs the Court to order Ms. Attariwala, her husband, and Honey Ji's Corp. (Ms. Attariwala's home dessert business) to consent to the removal of Singota's files. In support, it cites the original Inspection Order entered by the state court. [Filing No. 478 at 19.] Of course, the original Inspection Order has been modified by this Court multiple times after the parties proved unable to complete the inspection process on their own. Singota says it is also worried about Ms. Attariwala, her husband, and Honey Ji's suing it, which is a particularly specious argument given Singota's litigation against these parties across multiple courts. [Filing No. 478 at 20.] This also does not provide a basis for the Court to reconsider the Prior Order.

Finally, Singota asks that it be provided 21 days instead of 14 days to delete the files and return the devices and accounts to Ms. Attariwala. Singota has not met the stringent standard required by Fed. R. Civ. P. 54(b) for this modification either. Furthermore, the Court is mindful of the upcoming August 2023 trial.

### III.
#### CONCLUSION

For all the reasons above, Singota's Motion for Reconsideration and Stay of Order [477] is **DENIED**.

Date: 5/19/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via U.S. Mail to:**

Ms. Jaspreet Attariwala
1390 Kenyon St., NW, Apt. 323
Washington, D.C.  20010