UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC<br>d/b/a SINGOTA SOLUTIONS,<br><br>Plaintiff,<br><br>v.<br><br>JASPREET ATTARIWALA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 1:19-cv-01745-SEB-MG<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Now before the Court are *pro se* Defendant Jaspreet Attariwala's Motion to Appoint Counsel [Dkt. 489] and Expedited Motion to Modify Preliminary Injunction and Seek Court Intervention [Dkt. 510] in this long-running trade secrets case filed against Ms. Attariwala by her former employer, Plaintiff BioConvergence LLC d/b/a Singota Solutions ("Singota"). We address these motions in turn below.

**Motion to Appoint Counsel**

This is Ms. Attariwala's fourth request for appointment of counsel in this case. As we have previously advised her, as a civil litigant, she does "not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1988). "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or

1

been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

Regarding Ms. Attariwala's attempts to secure counsel, she represents that since her most recent request for the Court's assistance, she has continued her efforts to seek counsel but has been unable to find anyone willing to represent her in this litigation.[1] Ms. Attariwala also represents to the Court that her and her husband's financial circumstances have gotten worse since her last request for counsel as her living expenses increased following the recent birth of her child and she has been unable to earn a living in either the real estate business due to a decline in the market in Washington D.C. or through her dessert business because of Singota's actions in this and related litigation.

Even assuming that Ms. Attariwala has continued to make a reasonable attempt to obtain counsel since she last sought assistance from the Court, we will not recruit counsel to represent her at this time. As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every *pro se* case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases."). To decide the second question, the Court considers "whether the difficulty of the case—factually

---

[1] We note that Ms. Attariwala has, however, been able to secure counsel for her dessert company, Honey Ji's, in a related case pending before the undersigned judge. *See Bioconvergence LLC v. Honey Ji's, Corp.*, 1:21-cv-02174-SEB-MG.

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury [herself]." *Id.* at 712 (quotation marks and citation omitted).

The Court has previously addressed Ms. Attariwala's competence to represent herself at various stages in the litigation, each time finding her sufficiently competent to litigate this matter herself.  As we noted in a prior order denying Ms. Attariwala's request for assistance in securing counsel, she "is well-educated, having earned both undergraduate and graduate degrees" and has consistently demonstrated her ability to "express[] herself intelligibly and understand[] directions from the Court." Dkt. 152 at 2.  Although the trade secret claims against Ms. Attariwala involve a fair level of complexity, her *pro se* filings throughout this litigation have been "well-written, comprehensive, and [have] reflect[ed] a sophisticated grasp of legal concepts for a layperson." Dkt. 217 at 3.

Ms. Attariwala argues that the contentiousness of the litigation has reached a level where she can no longer manage it and that she lacks the knowledge required to adequately represent herself at the upcoming bench trial set to commence on August 14, 2023.  We are mindful, of course, that "complexity increases and competence decreases as a case proceeds to the advanced phases of litigation." *James v. Eli*, 889 F.3d 320, 327 (7th Cir. 2018).  The level of competence she has demonstrated thus far in litigating this matter persuades us that she is able to handle these increased complexities, however.  We are convinced based on the quality of her many filings in this lengthy litigation as well as her participation in telephonic hearings and conferences with the Magistrate Judge that

she has a full comprehension of the legal claims against her as well as the factual underpinnings of those claims and is sufficiently equipped to present her defense to the Court at the bench trial.

While Ms. Attariwala is of course unlikely to perform at the same level of expertise as a trained attorney, "[u]ltimately, the question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent lawyer." *Id.* at 329. Here, Ms. Attariwala has consistently demonstrated her ability to understand and respond to the legal issues presented in this case, and she has adduced no evidence in support of the instant motion demonstrating that her personal circumstances have changed in such a way that would jeopardize her ability to defend herself at the August 2023 bench trial or otherwise render her incapable of handling the complexities of advanced-stage litigation.

For these reasons, Defendant's Motion to Appoint Counsel is <u>DENIED</u>.

**<u>Expedited Motion to Modify Preliminary Injunction and Seek Court Intervention</u>**

On June 6, 2023, Ms. Attariwala filed an Expedited Motion to Modify Preliminary Injunction and Seek Court Intervention, requesting clarification from the Court regarding her ability to access the devices and accounts involved in this litigation. Defendant has since clarified that she did not intend for her "expedited" motion to be considered an "emergency." Dkt. 512 at 1. Thus, because she has not identified any particular exigency justifying the Court setting an expedited briefing schedule, the response and reply

deadlines set forth in Local Rule 7-1(c)(3) apply. Defendant's motion will be considered in due course once fully briefed.

IT IS SO ORDERED.

Date: 6/20/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010

Justin A Allen
Ogletree Deakins Nash Smoak & Stewart, P.C.
justin.allen@ogletree.com

Jason Donald Clark
MCNEELY LAW LLP
JClark@McNeelyLaw.com

Phillip J. Jones
Ogletree Deakins
phillip.jones@ogletree.com

J. Lee McNeely
McNeely Law LLP
LMcNeely@McNeelyLaw.com

Christopher C. Murray
Ogletree Deakins
christopher.murray@ogletree.com

Meghan Eileen Ruesch
LEWIS WAGNER, LLP
mruesch@lewiswagner.com