UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BIOCONVERGENCE LLC<br>  d/b/a SINGOTA SOLUTIONS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 1:19-cv-01745-SEB-MG<br>) |
| JASPREET ATTARIWALA, | )<br>) |
| Defendant. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO PERMIT LIVE TESTIMONY VIA CONTEMPORANEOUS VIDEO TRANSMISSION AND DEFENDANT'S MOTION TO APPEAR REMOTELY FOR TRIAL**

Now before the Court are Plaintiff's Motion to Permit Live Testimony Via Contemporaneous Video Transmission [Dkt. 483] and Defendant's Motion to Allow Defendant to Appear Remotely for Trial [Dkt. 517]. For the reasons detailed below, both motions are <u>DENIED</u>.[1]

**Plaintiff's Motion to Permit Live Testimony Via Contemporaneous Video Transmission**

Plaintiff Bioconvergence LLC d/b/a/ Singota Solutions ("Singota") requests, pursuant to Federal Rules of Civil Procedure 43(a) and 45, that the Court authorize live video testimony of non-party witness Simranjit Johnny Singh at the bench trial scheduled to begin on August 14, 2023, in Indianapolis, Indiana. Singota claims that Mr. Singh,

---

[1] We have sought to issue this Order expeditiously to allow the parties time to plan in advance of the bench trial scheduled to commence on August 14, 2023.

1

who is Defendant Jaspreet Attariwala's husband, has knowledge that is essential to this case, but that Ms. Attariwala refuses to produce him at trial for Singota's case-in-chief "in an attempt to gain a tactical advantage over Singota." Dkt. 484 at 1. Singota has filed the instant motion seeking the Court's intervention.

Under Rule 45, compliance with a subpoena for a trial, hearing or deposition is restricted to "within 100 miles of where the person resides, is employed, or regularly conducts business in person …." Fed. R. Civ. P. 45(c)(1)(A). It is undisputed that Mr. Singh resides and is employed in Washington D.C., which is more than 100 miles from Indianapolis, and that Mr. Singh does not regularly conduct business within 100 miles of Indiana. Singota concedes that the Court therefore cannot order Mr. Singh to appear in person at the August 14, 2023 bench trial in Indianapolis.

Singota argues, however, that under Rule 43(a), which authorizes testimony in open court from a remote location "[f]or good cause in compelling circumstances and with appropriate safeguards," the Court is permitted to authorize Mr. Singh to provide virtual testimony by contemporaneous transmission from a location within 100 miles of his residence or place of employment. Thus, Singota seeks to have the Court order Mr. Singh to provide live video testimony at the bench trial from either Singota's law firm's Washington D.C. offices or from the D.C. District Court, both of which locations are within 100 miles of Mr. Singh's residence and place of employment.[2]

---

[2] Prior to filing the instant motion, Singota's counsel emailed Ms. Attariwala and Mr. Singh informing them of Singota's plans to call Mr. Singh as a witness and asking whether Ms. Attariwala would agree to Singota's request to permit Mr. Singh to testify remotely from a

2

To our knowledge, neither our court nor the Seventh Circuit has taken a position on whether Rule 43(a) may be used to require witnesses who are outside the Court's Rule 45 subpoena power to provide testimony remotely via contemporaneous transmission. Courts in other districts that have had occasion to address the issue have reached differing conclusions.  Some district courts have read Rule 43 and Rule 45 in tandem "to allow the court to serve a subpoena on a witness located anywhere in the United States and order the person to testify via remote transmission." *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *2 (D. Wyo. Dec. 2, 2020) (citing *In re Xarelto (Rivaroxaban) Prod. Liab. Litig.*, No. MDL 2592, 2017 WL 2311719, at *2 (E.D. La. May 26, 2017); *Mullins v. Ethicon, Inc.*, No. 2:12-cv-02952, 2015 WL 8275744, at *2 (S.D.W. Va. Dec. 7, 2015)); *see also, e.g.*, *United States v. $110,000 in United States Currency*, No. 21 C 981, 2021 WL 2376019, at *3 (N.D. Ill. June 10, 2021) (concluding that "Rule 45(c) does not limit the reach of a subpoena to only those residing within 100 miles of the pending litigation" but "[i]nstead Rule 45(c)'s geographic limits were crafted to protect third parties from the undue burden of traveling more than 100 miles to provide testimony or produce documents in a proceeding to which they are not a party").  In other words, courts adopting this interpretation have held "that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)" because "the 100-mile

---

location in Washington D.C. or whether Mr. Singh would agree to accept a subpoena for his remote testimony.  Neither Ms. Attariwala nor Mr. Singh responded.

3

limitation now found in Rule 45(c) has to do with the place of *compliance*; not the location of the court from which the subpoena issued …." *In re: 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19-md-2885, 2021 WL 2605957, at *4 (N.D. Fla. May 28, 2021) (citation and internal quotation marks omitted) (emphasis in original).

Other district courts, however, have held "based on a full reading of Rule 43 and the committee notes" that "subpoenas for live video testimony under Rule 43 are subject to the same geographic limits as a trial subpoena under Rule 45." *Black Card*, 2020 WL 9812009, at *3; *see also, e.g.*, *Rochester Drug Cooperative, Inc. v. Campanelli*, No. 23 Misc. 89 (KPF), 2023 WL 2945879, at *2 (S.D.N.Y. Apr. 14, 2023) (holding that "[w]hile a Rule 43(a) order authorizes testimony from a remote location, the witness can be commanded to testify only from a place described in Rule 45(c)(1)"); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Prac. and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2021 WL 2822535, at *3 (D. Kan. July 7, 2021) (collecting cases). Under this interpretation, "application of Rule 43 requires the witness to either be compelled to testify at trial via Rule 45, or willing to testify at trial." *Black Card*, 2020 WL 9812009, at *3.

We find the reasoning in this latter line of cases to be persuasive. Interpreting Rules 43 and 45 as Singota urges would requires us "to conclude that testimony via teleconference somehow moves a trial to the physical location of the testifying person." *Broumand v. Joseph*, 522 F. Supp. 3d 8, 10 (S.D.N.Y. Feb. 27, 2021) (quotation marks and citation omitted). As the District Court for the Southern District of New York recently reasoned, such an "approach is inconsistent with the text of Rule 45(c) which

4

speaks, not of how far a person would have to travel, but simply the location of the proceeding at which a person would be required to attend" and "any other reading would render Rule 45(c)'s geographical limitations a nullity and bestow upon any [court] sitting anywhere in the country the unbounded power to compel remote testimony from any person residing anywhere in the country." *Id.* Additionally, such a reading would conflict with Rule 43's advisory committee note, which states: "Ordinarily, depositions, including video depositions, provide a superior means of securing the testimony of a witness *who is beyond the reach of a trial subpoena*, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." Fed. R. Civ. P. 43, 1996 advisory committee notes (emphasis added). While the advisory committee notes are not binding authority, we find a reading that is consistent with, rather than in conflict with, those notes to be both logical and convincing.

Because the Court cannot compel Mr. Singh to testify under Rule 45, nor has he indicated his willingness to appear in person to testify at the August bench trial, we need not "consider whether [his] testimony … merits the use of video transmission of testimony through the good cause in compelling circumstances standard articulated in Rule 43."[3] *Black Card LLC*, 2020 WL 9812009, at *4. For these reasons, we DENY Plaintiff's Motion to Permit Live Testimony Via Contemporaneous Video Testimony.

---

[3] In any event, Singota has not demonstrated "good cause" and "compelling circumstances" for authorizing Mr. Singh's remote testimony. The Rule 43 Advisory Committee Notes provide that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." Fed. R. Civ. P. 43, 1996 advisory committee notes. Here, Singota has long been aware that Mr. Singh works and resides in Washington D.C.,

**Defendant's Motion to Allow Defendant to Appear Remotely for Trial**

On June 20, 2023, Ms. Attariwala filed her Motion to Allow Defendant to Appear Remotely for Trial, seeking leave to appear remotely both for the final pretrial conference scheduled for August 1, 2023 in Indianapolis, Indiana, as well as the five-day bench trial scheduled to begin on August 14, 2023, also set in Indianapolis. Ms. Attariwala contends that she is unable to appear in person for these proceedings because she cannot afford flights from Washington D.C. to Indianapolis, multiple-day hotel stays, and the associated travel costs. Additionally, she states that she is the primary caregiver for her young child and is unable to secure and pay for childcare.

As discussed above, Rule 43 allows for witness "testimony in open court by contemporaneous transmission from a different location" only after a showing of "good cause in compelling circumstances and with appropriate safeguards." Fed. R. Civ. R. 43(a). The Advisory Committee notes to Rule 43(a) provide guidance as to what may constitute "good cause in compelling circumstances with appropriate safeguards," stating that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place," while "[o]ther possible justifications for remote transmission must be approached cautiously." Fed. R.

---

more than 100 miles from Indianapolis, Indiana, and is thus outside the Court's trial subpoena power. Due to Mr. Singh's judicially noticed recalcitrance, Singota has had the opportunity to depose him twice. Thus, Singota can use Singh's deposition testimony at the bench trial, which, as the Advisory Committee Notes to Rule 43 suggest, is the superior and preferred way to secure testimony of witnesses beyond the subpoena power of the Court. *Id.*

Civ. P. 43, 1996 advisory committee notes.  The Advisory Committee notes also state that "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." Fed. R. Civ. P. 43, 1996 advisory committee notes.

Here, Ms. Attariwala has failed to establish any good cause or compelling circumstances justifying her need to remotely appear at the trial.  Her reasons, including the expense of travel and childcare needs, are far from unexpected circumstances, instead reflecting the entirely foreseeable inconvenience associated with having to adjust her schedule and other responsibilities to attend the trial in person.  This action has been pending on the Court's docket since late April 2019, when Ms. Attariwala removed the case from state court.  On February 16, 2023, a bench trial was scheduled to commence on August 14, 2023.  The fact that the trial would require her appearance at the federal courthouse in Indianapolis has therefore been an obligation of which Ms. Attariwala has long been aware, including the trial date.  She has been on notice of the specific need to travel and make childcare arrangements in order to appear in person at the bench trial for a significant amount of time.[4]

Moreover, Ms. Attariwala is not just a witness, she is the defendant in this case and has chosen to represent herself at the bench trial.  Thus, in addition to testifying personally, she will be proffering evidence and interposing objections to opposing

---

[4] We note also that Ms. Attariwala would need to arrange and pay for childcare regardless of whether she appeared remotely or in person, though we do not know the ages of the children.

proffers, questioning witnesses, and presenting opening and closing statements, all of which require her in-person participation and attendance. While Ms. Attariwala references her inability to bear the financial load of travel to Indianapolis and the costs of childcare, as Singota pointed out in its response in opposition to her motion, Ms. Attariwala recently demonstrated her ability to finance out-of-state travel when she attended her October 5, 2022 deposition remotely *from* Illinois. Accordingly, Ms. Attariwala has failed to make the requisite showing under Rule 43(a) to warrant permission to appear remotely for the August 14, 2023 bench trial.

Although Rule 43(a) applies only to the transmission of trial testimony, and therefore does not govern Ms. Attariwala's request to appear remotely for the August 1, 2023 final pretrial conference, we also deny this request. The Court routinely requires parties and those with settlement authority to appear in-person at settlement and final pretrial conferences. Ms. Attariwala has provided no compelling reasons for the Court to deviate from this requirement in this case, particularly giving the contentious nature of this protracted litigation.

For these reasons, we <u>DENY</u> Defendant's motion to appear remotely at the final pretrial conference and bench trial.

IT IS SO ORDERED.

Date: 6/29/2023

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF

JASPREET ATTARIWALA
1390 Kenyon St., NW Apt. 323
Washington, DC 20010